PAUL F. READY, ESQ.
State Bar #107469
FARMER & READY
1254 Marsh Street
Post Office Box 1443
San Luis Obispo, CA 93406
Telephone: (805) 541-1626
Facsimile: (805) 541-0769
Email: pfready@farmerandready.com

Attorney for Movants,
Ron and Vickie Mullins

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>ESPERANZA HANSEN GONZALEZ<br><br>Debtor. | Case No. 21-11034<br>DC No: PFR-1<br>Chapter 7<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 (WITH SUPPORTING DECLARATIONS)**<br><br>Date: August 11, 2021<br>Time: 1:30 p.m.<br>Dept: 2500 Tulare Street<br>      Courtroom 11, 5th Floor<br>      Fresno, CA 93721 |

MOTION FOR RELIEF FROM STAY

TO THE HONORABLE JENNIFER E. NIEMANN, BANKRUPTCY JUDGE:

Ron and Vickie Mullins (hereinafter "Movants"), hereby move this court for an order relieving them from the automatic stay in support of that motion alleges as follows:

1. This court has jurisdiction over this contested matter pursuant to 28 U.S.C. Section 1334 and 157(b)(2)(g) and 11 U.S.C. Section 362.

2. Esperanza Hansen Gonzalez, (hereinafter "Debtor") filed her petition under Chapter 7 of the Bankruptcy Code (U.S.C. Section 101, et seq.) on April 23, 2021. James

Edward Salven has been appointed trustee in the Debtor's Chapter 7 case.

3. Movants were and at all times herein mentioned are residents of the State of California

4. Movants are the Plaintiffs in a lawsuit now pending in the State of California Superior Court, County of San Luis Obispo, Case No. 17CV-0030 (consolidated with 18CVP-0323), entitled <u>Ron and Vickie Mullins vs. Esperanza Hansen</u> (the "State Court Action").

5. Pursuant to an order entered in the State Court Action on September 25, 2019, a true and correct copy of which is attached to the Request for Judicial Notice filed herewith as Exhibit "A", Movant's were granted a prejudgment writ of attachment on various real properties owned by the Debtor in Visalia and Tulare, California.

6. Movant's prejudgment attachment lien was duly recorded and perfected on January 20, 2020, by a Notice of Attachment recorded in the official records of Tulare County, California as document no. 2020-0002517, a true and correct copy of which is attached to the Request for Judicial Notice filed herewith as Exhibit "B."

7. On March 19, 2021, the Honorable Linda Hurst entered her Final Statement of Decision in the State Court Action, awarding Movants, at page 16, lines 14 and 15, damages in the amount of $106,484.96 together with attorneys fees and costs, a true and correct copy of which is attached to the Request for Judicial Notice filed herewith as Exhibit "C."

8. No judgment was entered in the State Court Action as a result of the Debtor filing this bankruptcy proceeding on April 23, 2021.

9. Movants now seek relief from stay in order to, under applicable non-bankruptcy law, to proceed to final judgment. More specifically, Movants seek the entry of judgment pursuant to the Final Statement of Decision, including damages in the amount of $106,484.96 and the determination and award of their attorneys fees and costs, and to perfect their prejudgment attachment lien (See: Diamant v. Kasparian (9th Cir C.A.1998) 165 F.3d. 1243). Movants do not seek relief to enforce their judgment lien against the Debtor or the Debtor's estate.

8.　This motion is brought pursuant to 11 U.S.C. Section 362(d)(1) and Local Rules 4001-1 and 9014-1(f)(1). This motion is based on the Relief from Stay Summary Sheet, the Notice, Memorandum of Points and Authorities, the Request for Judicial Notice, and the Exhibit List, all of which have been filed and served herewith, as well as the papers, pleadings, files and records of this Court, and upon such oral and documentary evidence as may be put forth at the time of the hearing, if any.

9.　Good cause exists for modification of the automatic stay of 11 U.S.C. Section 362(d)(1) of the Bankruptcy Code in order to allow Movants to proceed against the Debtor in the State Court Action in order to obtain a final judgment and to perfect their prejudgment lien.

10.　The imposition of the automatic stay has prevented Movants from proceeding against the Debtor in the State Court Action and thereby obtaining the benefits of the being awarded a final judgment for damages and their attorney fees and costs.

11.　By reason of the foregoing, good cause exists to modify the automatic stay under 11 U.S.C. Section 372(d)(1) of the Bankruptcy Code in order to permit Movant to proceed against the Debtor in the State Court Action and limiting Movant's rights to obtaining a final judgment and taking any further appropriate actions to perfect their judgment lien.

WHEREFORE, Movant prays for:

1.　Modify the automatic stay as to the Debtor to permit Movants to proceed against Debtor in the State Court Action to the extent needed to proceed to enter judgment against Debtor and to perfect and maintain their prepetition liens; and

2.　Grant Movant such other and further relief as is just and proper.

Dated: July 6, 2021　　　　　　　　　　　　FARMER & READY

By: _____
Paul F. Ready, Esq.
Attorney for Movants