3

**Justin D. Harris #199112**
**HARRIS LAW FIRM, PC**
7110 N. Fresno Street, Suite 400
Fresno, California 93720
Telephone (559) 272-5700
Facsimile (559) 554-9989
E-mail: jdh@harrislawfirm.net

Attorneys for Debtor Esperanza Hansen Gonzalez

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>ESPERANZA HANSEN GONZALEZ,<br><br><br>Debtor. | Case No.: 21-11034<br><br>Chapter 7<br><br>DC No. PFR-1<br><br>**DECLARATION OF ESPERANZA HANSEN GONZALEZ IN OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362**<br><br>Date: August 11, 2021<br>Time: 1:30 p.m.<br>Place: Dept. A, 5th Floor, Courtroom 11,<br>          2500 Tulare Street,<br>          Fresno, California 93721<br><br>Judge: Hon. Jennifer E. Niemann |

I, Esperanza Gonzalez Hansen, declare:

    1.    I am an individual over the age of 18 years. I have personal knowledge of the matters contained in this declaration. If called as a witness herein, I could and would testify as set forth in this declaration. As to any matter stated on information and belief, I believe them

i

---

DECLARATION OF ESPERANZA HANSEN GONZALEZ IN OPPOSITION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362

to be true. I am providing this declaration in opposition to the Motion for Relief from the Automatic Stay under 11 U.S.C. §362 (the "**Motion**").

2. I filed a voluntary chapter 7 bankruptcy case on April 23, 2021. James Salven was appointed as the chapter 7 trustee for my bankruptcy case and continues in that capacity today.

3. I am a party to an action pending in San Luis Obispo Superior Court out of the Paso Robles division. There are many actions and parties to that consolidated action bearing consolidated case no. 17CV-0030. I note that the only parties seeking relief from the automatic stay are Ron and Vickie Mullins ("**Movants**") as it relates to their portion of the consolidated action styled *Ron and Vickie Mullins v. Esperanza Hansen* and related cross-action (the "**State Court Action**"). Notably, this Motion does not deal with the related action by Second Press, Inc. which is consolidated with the State Court Action. Second Press, Inc. is represented by separate counsel and did not join Movants in their Motion. Second Press, Inc. and their counsel were provided notice of my bankruptcy.

4. In December 2020, following trial of the State Court Action, I filed a complaint with the Commission on Judicial Performance against the Honorable Linda Hurst, Superior Court Judge. This was the judge who presided over and issued a Final Statement of Decision in the State Court Action and related actions. This judicial complaint was done without the knowledge of my legal counsel. Among the relief requested was a retrial of the State Court Action and related actions consolidated with it. I am informed that an investigation is ongoing but have not received a final determination.

5. On February 8, 2021, the court in the State Court Action issued a proposed Statement of Decision and gave the parties 10 days to comment on that proposed Statement of Decision. As I was without legal counsel at that time, my husband, Arnulfo Gonzalez, and I jointly filed a document styled Objections to Statement of Decision (the "**Objection**") dated February 17, 2021. A true and correct copy of the Objection is filed as Exhibit "A" to my declaration. Though it appears on the court docket as filed, it is stamped "ELECTRONICALLY Received 2/18/2021 4:59 p.m."

2

DECLARATION OF ESPERANZA HANSEN GONZALEZ IN OPPOSITION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362

6. Notwithstanding the Objection, on March 19, 2021, the Honorable Linda Hurst entered her Final Statement of Decision. A true and correct copy of that Final Statement of Decision is provided as Exhibit "C" to Movant's Request for Judicial Notice.

7. The Objection highlighted several problems with the court's ruling. Among these was clear error in the award of attorneys' fees to Movants. This award was made by the Court notwithstanding the absence of a signed contract by me which provided for an award of attorneys' fees to Movants. A determination of attorneys' fees is among the reasons for which Movants request relief from the automatic stay by their Motion.

8. At trial, we were not permitted to introduce any exhibits. As part of this, we were required to exchange our impeachment exhibits with opposing counsel prior to trial. The court provided no authority for this action. We were then prevented from introducing at trial those same impeachment exhibits that the court made us exchange with opposing counsel.

9. The Objection contains 16 points of objection to the proposed Statement of Decision. None of our objections appear to have been considered by the court. At a minimum, these will serve as a basis for an appeal.

10. I believe it would be premature for the Court to grant relief at this time. I would like the opportunity to have my judicial complaint considered and determined before Movants are permitted to take actions which will not only harm me, but my creditors as well. I am unaware of any prejudice to be suffered by Movants while we await a determination on my judicial complaint.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this declaration was executed on July 28, 2021, at Visalia, California.

*Esperanza Hansen Gonzalez*

3

DECLARATION OF ESPERANZA HANSEN GONZALEZ IN OPPOSITION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362