**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Esperanza Hansen Gonzalez

**Case No.:** 21-11034 - A - 7

**Docket Control No.** PFR-1

**Date:** 08/11/2021
**Time:** 1:30 PM

**Matter:** [22] - Motion for Relief from Automatic Stay [PFR-1] Filed by Creditors Vickie Mullins, Ron Mullins (Fee Paid $188) (eFilingID: 6992575) (pdes)

**Judge:** Jennifer E. Niemann
**Courtroom Deputy:** Rosalia Estrada
**Reporter:** Electronic Record
**Department:** A

---

**APPEARANCES for:**
**Movant(s):**
(by phone) Creditor's Attorney - Paul F. Ready
**Respondent(s):**
(by phone) Creditor's Attorney - Don J. Pool;
Debtor's Attorney - Justin D. Harris

---

**CIVIL MINUTES**

Motion Granted

The Moving Party shall submit a proposed order after the hearing.

This motion was set for hearing on 28 days' notice as required by Local Rule of Practice ("LBR") 9014-1(f)(1). Debtor Esperanza Hansen Gonzalez ("Debtor") timely filed written opposition on July 28, 2021. Doc. #36. The movants Ron Mullins and Vickie Mullins (collectively, "Movants") replied to the opposition on July 30, 2021. Doc. #40. The failure of creditors, the U.S. Trustee, or any other party in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9014-1(f)(1)(B) may be deemed a waiver of any opposition to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Therefore, the defaults of the non-responding parties in interest were entered.

The court has considered the motion and supporting pleadings, opposition and supporting pleadings, and reply and supporting

pleadings. After due consideration, this motion was GRANTED for cause shown to permit Movants to take the necessary actions to proceed to entry of final judgment in the state court action proceeding under the auspices of <u>Ron and Vickie Mullins v. Esperanza Hansen</u>, Case No. 17CV0030 (consolidated with 18CVP-0323), Superior Court of California, County of San Luis Obispo ("State Court Action") and to perfect Movants' prepetition attachment lien. Movants do not seek to take steps to enforce the judgment but will await the bankruptcy claims process. Doc. #25.

Factual Background

Movants commenced an unlawful detainer action against Debtor on September 26, 2018. Decl. of Martin P. Moroski ¶ 4, Doc. #26. After Debtor vacated the premises, Movants filed their operative first amended complaint for breach of contract on October 23, 2018. Moroski Decl. ¶ 4, Doc. #26. Concurrently, a separate civil case was pending against Debtor in the Superior Court of San Luis Obispo. Moroski Decl. ¶ 5, Doc. #26. On motion of Debtor, both cases were consolidated into the State Court Action in March 2019. Moroski Decl. ¶ 5, Doc. #26. No other party to the State Court Action has requested relief from the automatic stay. Decl. of Debtor ¶ 3, Doc. #37.

Prior to the trial of the State Court Action, Movants obtained and recorded a prejudgment writ of attachment against Debtor's Tulare County properties. Moroski Decl. ¶ 6, Doc. #26. Movants recorded the notice of attachment in Tulare County on January 15, 2020. Moroski Decl. ¶ 8, Doc. #26; Ex. B, Doc. #27.

Trial in the State Court Action began on December 17, 2019. Moroski Decl. ¶ 9, Doc. #26. In December 2020, Debtor filed a complaint with the Commission on Judicial Performance against Linda Hurst, the presiding judge in the State Court Action. Decl. of Debtor ¶ 4, Doc. #37. An investigation stemming from that complaint is ongoing. <u>Id.</u> After a full trial, the state court presented a proposed statement of decision to the parties of the State Court Action on February 8, 2021, giving the parties to the State Court Action ten days to comment. Decl. of Debtor ¶ 5, Doc. #37. On February 18, 2021, Debtor objected to the proposed statement of decision. <u>Id.</u> The state court considered Debtor's objection but made no changes to the proposed statement of decision, and on March 19, 2021, the Final Statement of Decision was entered in the State Court Action. Decl. of Debtor ¶ 6, Doc. #37; Moroski Decl. ¶¶ 9-10, Doc. #26; Ex. C, Doc. #27. The Final Statement of Decision, specifically addressing Movants' action against Debtor, awarded Movants $106,484.96 plus attorney fees and costs. Ex. C, Doc. #27; Moroski Decl. ¶ 9, Doc. #26. Movants filed a motion for attorney's fees to be heard in the State Court Action on April 27, 2021, but the hearing on that motion was stayed by the filing of Debtor's bankruptcy petition on April 23, 2021. Moroski Decl. ¶ 11, Doc. #26.

<u>Debtor's Opposition</u>

Debtor opposes granting Movants relief from the automatic stay. Doc. #36. Debtor alleges that granting relief from the automatic stay would create a "procedural quagmire" because the state court would essentially have to bifurcate its judgment in the State Court Action to deal only with Movants' action against Debtor. Debtor's Opp'n 2:15, Doc. #36. Debtor acknowledges that the Final Statement of Decision provided as Exhibit C to Movants' request for judicial notice is a true and correct copy of the decision. Decl. of Debtor ¶ 6, Doc. #37. The court takes judicial notice of the Final Statement of Decision pursuant to Federal Rule of Evidence 201.

The Final Statement of Decision entered by the court in the State Court Action addresses Movants' action against Debtor as separate and distinct from any other action against Debtor. Ex. C, Doc. #27. Accordingly, the court finds that granting relief from the automatic stay would not cause a procedural quagmire or unnecessarily complicate the State Court Action.

Debtor also opposes granting relief from the automatic stay because a retrial of the State Court Action could be forthcoming once the judicial complaint investigation is resolved in Debtor's favor. Debtor's Opp'n 3:1, Doc. #36. Additionally, Debtor argues that the errors raised by Debtor's objection to the state court's proposed statement of decision have not been resolved and the entry of the Final Statement of Decision was in error. Debtor's Opp'n 3:14, Doc. #36; Decl. of Debtor ¶¶ 6-10, Doc. #37. Debtor also takes issue with the state court's handling of exhibits during the trial in the State Court Action. <u>Id.</u> Debtor argues that these errors are appealable and will be appealed, and therefore relief from the automatic stay should not be granted. The court finds, however, that the bankruptcy court is not the appropriate forum for Debtor to raise or resolve challenges to the proceedings of the ongoing State Court Action. In the words of the Supreme Court of California, "[f]or our justice system to function, it is necessary that litigants assume responsibility for the complete litigation of their cause during the proceedings." <u>Silberg v. Anderson</u>, 50 Cal. 3d 205, 214 (1990).

Finally, Debtor opposes granting relief from the automatic stay because the bankruptcy court can more efficiently adjudicate Movants' claims. Debtor's Opp'n 4:6, Doc. #36. As more fully discussed below, the state court has already conducted a full trial in the State Court Action. It simply would not be more efficient for the bankruptcy court to adjudicate Movants' state court claims.

The points raised by Debtor in opposition to this motion do not weigh against granting relief from the automatic stay.

<u>Cause Exists to Lift the Stay</u>

Movants request relief from the automatic stay under 11 U.S.C. § 362(d)(1). Doc. #22. Section 362(d)(1) allows the court to grant relief from the stay for cause. Movants seek relief from the automatic stay to enter a final judgment in the State Court Action and to perfect a pre-petition attachment lien. The court will first address relief from stay to allow the State Court Action to enter final judgment and award costs and fees. "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." <u>In re Mac Donald</u>, 755 F.2d 715, 717 (9th Cir. 1985).

Movants seek relief from stay for cause based on permissive abstention pursuant to 28 U.S.C. § 1334(c)(1). "Where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial." <u>Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)</u>, 912 F.2d 1162, 1166 (9th Cir. 1990). Moreover, the legislative history of § 362(d)(1) states that "a desire to permit an action to proceed to completion in another tribunal may provide [] cause" for relief from a stay. H.R. No. 595, 95th Cong., 1st Sess. 343, 1977 U.S. Code Cong. & Admin. News 5787, 630.

In <u>Tucson Estates</u>, the Ninth Circuit set forth the following factors for a bankruptcy court to consider when deciding whether to abstain from exercising jurisdiction:

- (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;

- (2) the extent to which state law issues predominate over bankruptcy issues;

- (3) the difficulty or unsettled nature of the applicable law;

- (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;

- (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

- (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

- (7) the substance rather than form of an asserted "core" proceeding;

   (8)   the feasibility of severing state law claims from core
         bankruptcy matters to allow judgments to be entered in
         state court with enforcement left to the bankruptcy
         court;

   (9)   the burden of [the bankruptcy court's] docket;

   (10)  the likelihood that the commencement of the proceeding
         in bankruptcy court involves forum shopping by one of
         the parties;

   (11)  the existence of a right to a jury trial; and

   (12)  the presence in the proceeding of nondebtor parties.

Tucson Estates, 912 F.2d at 1166-67 (quoting In re Republic Reader's Serv., Inc., 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987)). Applying the Tucson Estates factors, the court finds these factors support permissive abstention, and therefore relief from the automatic stay, as follows:

   1.  Effect on Administration of the Estate if Court Abstains:
       Granting relief from stay to permit the state court to enter
       final judgment, including the determination of attorney's fees
       and costs, in the State Court Action will permit final
       resolution of Movants' claims against Debtor. The State Court
       Action has proceeded beyond the trial stage and the state ccan
       quickly enter a final judgment. Withholding relief from the
       automatic stay would burden the administration of Debtor's
       bankruptcy estate. Abstention therefore would facilitate the
       administration of the estate. This factor weighs in favor of
       permissive abstention.

   2.  Extent to Which State Law Issues Predominate: The State Court
       Action sounds in contract and state law issues predominate over
       bankruptcy issues. This factor weighs in favor of permissive
       abstention.

   3.  Difficulty or Unsettled Nature of Applicable Law: The State
       Court Action does not include difficult or unsettled questions
       of law. However, Debtor has indicated a desire to appeal the
       decision in the State Court Action. This factor weighs in favor
       of permissive abstention.

   4.  Presence of Pending Related Proceeding: The State Court Action
       is pending in the California state court and could be finally
       resolved if the automatic stay is lifted. The State Court
       Action has conducted a full trial on the issues. This factor
       weighs in favor of permissive abstention.

5. <u>The Jurisdictional Basis Other than 28 U.S.C. § 1334</u>: The only basis for jurisdiction appears to be 28 U.S.C. § 1334. This factor weighs in favor of permissive abstention.

6. <u>Degree of Relatedness or Remoteness of the Proceeding to the Bankruptcy Case</u>: While the determination of Debtor's liability to Movants is directly related to the administration of Debtor's bankruptcy case by liquidating Movants' claim against Debtor, the causes of action to be resolved in the State Court Action are not otherwise connected to the bankruptcy estate or Debtor's bankruptcy-related conduct. Determination of Movants' claim against Debtor would be greatly facilitated by the issuance of a final award in the State Court Action, which has already progressed past trial. This factor weighs in favor of permissive abstention.

7. <u>Substance of the Asserted Core Proceeding</u>: The State Court Action does not involve a core proceeding. This factor weighs in favor of permissive abstention.

8. <u>Feasibility of Severing State Law Claims from Core Bankruptcy Matters</u>: The State Court Action involves only non-core state law claims. This factor weighs in favor of permissive abstention.

9. <u>Burden of Bankruptcy Court's Docket</u>: The State Court Action has already progressed beyond trial and is in the final stages. Lifting the automatic stay to permit the state court to enter a final judgment would ease the burden on this court's docket. This factor weighs in favor of permissive abstention.

10. <u>Likelihood of Forum Shopping</u>: Because Debtor filed a bankruptcy case on the eve of the state court finalizing the award and hearing Movants' motion for attorney's fees in the State Court Action, it appears Debtor may be forum shopping to have this court try anew the evidence already presented in the trial of the State Court Action. This factor weighs in favor of permissive abstention.

11. <u>Existence of Right to Jury Trial</u>: The right to a jury trial is not implicated with respect to the State Court Action because the State Court Action has already held a trial and a Final Statement of Decision has been filed by the state court. This factor is neutral with respect to permissive abstention.

12. <u>Presence of Non-Debtor Parties in Related Proceeding</u>: While the State Court Action was tried as a consolidated at the request of Debtor and involves non-debtor parties, Movants' claims are solely against Debtor and Movants are named as cross-defendants solely by Debtor. Ex. C at 12:19 – 16:15, Doc. #27 This factor weighs against permissive abstention.

Given that most of the Tucson Estates factors weigh in favor of this court abstaining from exercising its jurisdiction over the claims between Movants and Debtor that are already the subject of the State Court Action, the court finds that cause exists to lift the automatic stay to permit Movants to take the necessary actions to finalize the State Court Action and enter any award in the State Court Action.

In addition to the analysis under Tucson Estates, when a movant seeks relief from the automatic stay to initiate or continue non-bankruptcy court proceedings, a bankruptcy court may consider the "Curtis factors" in making its decision. In re Kronemyer, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009). "[T]he Curtis factors are appropriate, nonexclusive, factors to consider in determining whether to grant relief from the automatic stay" to allow litigation in another forum. Id. The relevant Curtis factors include: (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the non-bankruptcy forum has the expertise to hear such cases; (4) whether litigation in another forum would prejudice the interests of other creditors; (5) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (6) whether the litigation in the other forum has progressed to the point where the parties are prepared for trial; and (7) the impact of the automatic stay and the "balance of hurt." In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). Here, the Curtis factors support finding cause to grant relief from stay as requested in the motion.

Granting relief from stay to permit the state court to finalize the award in the State Court Action will finally resolve Movants' claims against Debtor. When that award is finalized, Movants can participate in the bankruptcy claims process. Moreover, the State Court Action has progressed past trial and the state court has the expertise to hear motions to finalize an award and determine attorney's fees and costs. The state court can readily finalize any award. It is in the interests of judicial economy and more expeditious and economical to lift the automatic stay to permit the state court to finalize the award in the State Court Action before this court has to try anew all of the matters previously litigated. Because there are minimal additional proceedings that need to be undertaken in the State Court Action to finalize the award, lifting the automatic stay would benefit all parties by permitting the state court to determine fees and costs, enter a final judgment, and liquidate Movants' claims against the bankruptcy estate.

Cause also exists to lift the automatic stay to permit Movants to perfect their pre-petition attachment lien. "The lien created by exercise of the remedy of attachment continues to exist only to the extent authorized by statutory enactment." Arcturus Mfg. Corp. v. Superior Court of Los Angeles County, 223 Cal. App. 2d 187, 191 (1963). An attachment lien "is only a *potential* right or *contingent*

lien that must be perfected by means of a judgment within the statutory period." Id. at 191-92 (emphasis in original). The attachment lien becomes "a judgment lien upon judgment for the creditor. The priority of the judgment lien relates back to the date of the attachment lien. Thus, an attachment lien acts as a placemaker, ensuring the creditor's spot in the priority line until the creditor can obtain judgment." Diamant v. Kasparian (In re Southern Cal. Plastics, Inc.), 165 F.3d 1243, 1246 (9th Cir. 1999).

In this case, Movants hold a valid attachment lien but have been prevented from entering a final judgment in the State Court Action by the automatic stay initiated when Debtor filed the bankruptcy petition on April 23, 2021. There is little uncertainty as to whether Movants can obtain judgment in their favor. After conducting a trial, the state court entered a Final Statement of Decision awarding damages and attorney's fees to Movants. This court is granting relief from the automatic stay to permit Movants to determine attorney's fees and costs and to enter a final judgment in the State Court Action. Because Movants have already obtained the potential right to the judgment lien that will relate back to the date of the attachment lien, it follows that, should Movants succeed in obtaining and entering a final judgment, Movants also should be allowed to perfect their attachment lien. Granting relief from the automatic stay to allow Movants to perfect their attachment lien will not adversely impact other creditors or the bankruptcy estate because Movants' pre-petition attachment lien, recorded in January 2020, is the placeholder of the judgment lien.

Accordingly, the court finds that cause exists to lift the stay and this motion was GRANTED pursuant to 11 U.S.C. § 362(d)(1) to permit Movants to take the necessary actions to enter any award in the State Court Action and perfect Movants' prepetition attachment lien. No other relief was awarded.

In the request for relief as part of the motion, Movants request waiver of the 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3). However, Movants have provided no factual basis or legal analysis to support the requested waiver, and so the 14-day stay was not waived.