**D. MAX GARDNER, ESQ.** (CSB No. 132489)
**930 Truxtun Ave., Suite 203**
**Bakersfield, CA 93301**
**661-864-7373 tel.**
**661-864-7366 fax**
**dmgardner@dmaxlaw.com**

Attorney for Chapter 7 Trustee James E. Salven

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE:<br><br>ESPERANZA HANSEN GONZALEZ<br><br>　　　　　　　　DEBTOR. | Bankruptcy Case No.: 2021-11034<br><br>Chapter 7<br><br>DC No. DMG-2<br><br><br>Date:  December 15, 2021<br>Time: 1:30 p.m.<br> Place: Ctrm 11, 5th Floor<br>　　　　2500  Tulare St.<br>　　　　Fresno, CA<br> Judge: Hon. Jennifer E. Niemann |

## MOTION TO COMPROMISE CLAIM AND  INTEREST IN REAL PROPERTY
[Bankruptcy Rule 9019]

TO THE HONORABLE JENNIFER E. NIEMANN, UNITED STATES
BANKRUPTCY JUDGE:

Chapter 7 Trustee James E. Salven ("Trustee") represents as follows:

1. Debtors filed a voluntary petition under Chapter 7 of the United States Bankruptcy

Code on April 23, 2021  James E. Salven is the acting Chapter 7 Trustee in this case.

2.  Among the assets of the estate is the Debtor's interest in the real property located at

MOTION TO COMPROMISE CLAIMS AND INTEREST IN REAL PROPERTY 1

15046 Avenue 224, Tulare, CA, ("the subject property"). The Debtor scheduled the value of this asset, and the Trustee has confirmed that the value of the property was $590,000 at the time the Debtor filed her Chapter 7 case. The subject property is encumbered by a first trust deed in favor of Mr. Cooper, in the amount of $317,277.00. Further, the subject property is subject to a tax lien in the amount of $20,430 in favor of the Internal Revenue Service.

3. The Trustee believes that he is able to utilize an avoidance power consistent with the provisions of 1 U.S.C. Sec. 724, and that he would be able to avoid in excess of $16,000.00 of tax claims rendering them as unsecured tax claims. Because the estate would avoid the tax lien, the amount avoided is preserved for the benefit of the estate. Pursuant to 11 U.S.C. Section 522 (c), property exempted under Section 522 is liable for a tax lien, notice of which is properly filed. Therefore, the debtor's claim of exemption does not impair the tax lien and the avoided lien is preserved for the benefit of the estate, but only as to the amount avoided. The Trustee's position is that he will seek to avoid the tax liens to the extent allowed, and step into the shoes of the lien creditor thereby giving the estate a favored position for sale after marketing the property and paying off the priority liens and encumbrances.

4. Debtor has offered, and the Trustee has accepted, the sum of $20,000 to compromise the claims of the estate's interest in the subject property. Debtor has tendered a $5,000 deposit and the balance will be paid before or at the date of hearing, assuming Court approval of this motion.

5. Jurisdiction for this motion exists under 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. § 1408. The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. § 157(a) and United States District Court, Eastern District of California General Orders 182 and 223. This is a core proceeding within the meaning of 28

MOTION TO COMPROMISE CLAIMS AND INTEREST IN REAL PROPERTY 2

U.S.C. § 157(b)(2)(A)(N)&(O).  This is a Motion brought pursuant to 11 U.S.C. §363(b).  This is a contested matter under F.R.B.P. Rule 9014 and a Motion brought pursuant to Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California, LBR Rule 9014-1.

  6. On behalf of the estate, the Trustee seeks to step into the position of the tax lien claimant by the avoidance and by the preservation of the amount avoided.  The legal issues are complex.. The Trustee has litigated a similar fact pattern wherein the Trustee did sell the debtor's property and issues had been raised regarding the application of the proceeds to payment of liens and exemptions. Issues remain on appeal as of this date (See In re Hutchinson E.D. 17-12272 and related cases). The parties in this matter are well aware of the risks, delays and costs of litigation, the effect on the estate and the resulting interests of the creditors when analyzing the compromised proposed in this matter. The parties have reached a settlement in this matter that the Trustee believes is fair and equitable to the Debtor and the estate. creditors. The parties elect not to pursue litigation of the matter due to the uncertainty of the outcome and the costs associated with a result.

  7. This motion is brought under Federal Rule of Bankruptcy Procedure 9019, which states in relevant part as follows:

  (a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indentured trustees, as provided in Rule 2002 and to any other entity as the court may direct.

  8. Although the court has great discretion in approving a compromise, "it is clear that there must be more than a mere good faith negotiation of settlement by the trustee in order for the Bankruptcy Court to affirm a compromise agreement. The court must also find that the compromise is fair and equitable." In re A & C Properties, 784F. 2d 1377, 1381 (9th Cir 1986).

9.   The following A&C Properties factors are listed in bold with the Trustee's position as follows:

A. **Probability of success in litigation.** The Trustee believes the probability of success for the estate is uncertain given the existing litigation the Trustee has experienced. If the estate were to prevail, the property would need to be listed and sold on the real estate market. In this respect, the Trustee believes the estate could net a higher amount of recovery, but market conditions would affect any ultimate recovery and as such the amount is contingent.

B. **Difficulties, if any, to be encountered in matter of collection**. Due to the fact that the bankruptcy estate would bear the burden of proof in the litigation, ordinary litigation costs to the estate are likely to greatly impact any ultimate recovery. Litigation costs are administrative in nature and ultimately deprive the pre-petition creditors of funds otherwise available for distribution to them. In this matter litigation costs for the estate in the adversary proceedings to remove the lien interests and litigate the debtor's claims would exceed the amount of the proposed settlement.

C. **Complexity involved, and expense inconvenience, and delay necessarily attending it.** The litigation is complex evidenced by the Trustee's prior experiences in these matters. proposed

D. **Paramount interests of creditors and proper deference to their reasonable views in premises.** The proposed settlement is in the best interests of the creditors of the estate since there is a recovery by the estate for distribution to creditors as permitted under 11 U.S.C. Section 726, and the lien creditor rights remain unaffected by the compromise.

/  /  /  /

MOTION TO COMPROMISE CLAIMS AND INTEREST IN REAL PROPERTY 4

WHEREFORE, THE CHAPTER 7 TRUSTEE PRAYS AS FOLLOWS:

1.   That this Motion to Compromise Claims and Interest in Real Property be granted;

2.   That the Court authorize the settlement presented herein; and

3.   For such other and further relief appropriate under the circumstances of this case.

Dated: November ___, 2021

D. Max Gardner, Attorney for Chapter
7 Trustee James E. Salven