## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

**Case Title:** Esperanza Hansen Gonzalez

**Case No.:** 21-11034 - A - 7

**Docket Control No.** DMG-2
**Date:** 12/15/2021
**Time:** 1:30 PM

**Matter:** [73] - Motion/Application to Compromise Controversy/Approve Settlement Agreement with Esperanza Hansen Gonzalez [DMG-2] Filed by Trustee James Edward Salven (pdes)

**Judge:** Jennifer E. Niemann
**Courtroom Deputy:** Rosalia Estrada
**Reporter:** Not Recorded
**Department:** A

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

### CIVIL MINUTES

Motion Granted, Resolved without Oral Argument

The Moving Party shall submit a proposed order in conformance with the ruling below.

This motion was set for hearing on at least 28 days' notice pursuant to Local Rule of Practice ("LBR") 9014-1(f)(1). The failure of creditors, the U.S. Trustee, or any other party in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9014-1(f)(1)(B) may be deemed a waiver of any opposition to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the above-mentioned parties in interest were entered and the matter was resolved without oral argument. Upon default, factual allegations will be taken as true (except those relating to amount of damages). Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Constitutional due process requires a moving

party make a *prima facie* showing that they are entitled to the relief sought, which the movant has done here.

James E. Salven ("Trustee"), the chapter 7 trustee of the bankruptcy estate of Esperanza Hansen Gonzalez ("Debtor"), moves the court for an order pursuant to Federal Rule of Bankruptcy Procedure 9019, approving the compromise of all claims and disputes between Debtor and Trustee relating to Trustee's avoidance power and the potential sale of Debtor's real property located at 15046 Avenue 224, Tulare, CA (the "Property"). Doc. #73.

Among the assets of the estate is Debtor's interest in the Property. Debtor and Trustee agree that the value of the Property at the time of filing the bankruptcy petition was $590,000. Decl. of Trustee, Doc. #75. The Property is encumbered by a first deed of trust in the amount of $317,277 and a tax lien in the amount of $20,430 in favor of the Internal Revenue Service. Id. Trustee believes that the Bankruptcy Code will enable Trustee to avoid in excess of $16,000 of tax claims, step into the shoes of the lien creditor, and thereby give the estate a favored position for sale of the Property after paying off priority liens and encumbrances. Id. Rather than pursue this action, Debtor has offered, and Trustee has accepted, the sum of $20,000 to compromise the claims of the estate in the Property. Id. Debtor has tendered a $5,000 deposit and the balance will be paid at or before the date of hearing, pending court approval. Id.

On a motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Fed. R. Bankr. P. 9019. Approval of a compromise must be based upon considerations of fairness and equity. Martin v. Kane (In re A & C Props.), 784 F.2d 1377, 1381 (9th Cir. 1986). The court must consider and balance four factors: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors with a proper deference to their reasonable views. Woodson v. Fireman's Fund Ins. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1988).

It appears from the moving papers that Trustee has considered the standards of A & C Properties and Woodson. Doc. #73. Based on Trustee's experience litigating similar disputes, Trustee believes the probability of success is uncertain. Doc. #75. If Trustee were to prevail in litigation, the Property would need to be listed and sold on the real estate market which would have an unknown impact on the ultimate recovery. Id. Trustee would bear the burden of proof in litigation, and Trustee believes litigation costs to the estate would exceed the amount of the proposed settlement. Id. Based on Trustee's experience with similar disputes, Trustee believes that the settlement is fair, reasonable, and obtains an economically advantageous result for the estate. Doc. #75. The court concludes that the Woodson factors

balance in favor of approving the compromise, and the compromise is in the best interests of the creditors and the estate.

Accordingly, it appears that the compromise pursuant to Federal Rule of Bankruptcy Procedure 9019 is a reasonable exercise of Trustee's business judgment. The court may give weight to the opinions of the trustee, the parties, and their attorneys. In re Blair, 538 F.2d 849, 851 (9th Cir. 1976). No opposition has been filed. Furthermore, the law favors compromise and not litigation for its own sake. Id.

Accordingly, the motion was GRANTED, and the settlement between Trustee and Debtor was approved.

This ruling is not authorizing the payment of any fees or costs associated with the litigation.