1

**D. MAX GARDNER, ESQ. (CSB No. 132489)**
**930 Truxtun Ave., Suite 203**

2

**Bakersfield, CA 93301**
**661-864-7373 tel.**

3

**661-864-7366 fax**

4

**dmgardner@dmaxlaw.com**

5

Attorney for Chapter 7 Trustee James E. Salven

6

7

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

</div>

8

Bankruptcy Case No.: 2021-11034

9

IN RE:                                           Chapter 7

10

ESPERANZA HANSEN GONZALEZ          DC No. DMG-3

11

12

                          DEBTOR.          Date:  March 30, 2022

13

Time: 1:30 p.m.
Place: Ctrm 11, 5th Floor

14

     2500  Tulare St.
     Fresno, CA

15

 Judge: Hon. Jennifer E. Niemann

16

17

18

<div align="center">

**CHAPTER 7 TRUSTEE'S MOTION TO:**
**1. COMPROMISE CLAIMS AND  INTEREST IN PROPERTY**

19

**(STATE COURT CIVIL LITIGATION);**

20

**2. APPROVE SALE OF ESTATE'S INTEREST IN PROPERTY; and**
**3. APPROVE CORPORATE DISSOLUTIONS**

21

[Bankruptcy Rule 9019]
[11 U.S.C Section 363]

</div>

22

23

     TO THE HONORABLE JENNIFER E. NIEMANN, UNITED STATES BANKRUPTCY
JUDGE:

24

25

     /  /  /  /

26

27

1

1.   Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on April 23, 2021.   James E. Salven is the acting Chapter 7 Trustee in this case.

2.    This Motion to Compromise Claims and Interest in Property, to Approve Sale of Estate's  Interest in Property and to Approve Corporate Dissolutions seeks Court approval of a settlement of State Court litigation involving the Debtor, and two of Debtor's corporations in which she is the 100% shareholder.   As set forth below, a settlement agreement in which claims asserted by the Debtor will be "sold" consistent with 11 U.S.C. Section 363.   The settlement agreement also provides for the payment of funds to the Chapter 7 estate to compromise claims made against the Debtor in  which the Trustee seeks approval for in the form of a "9019 motion". Finally, in order to obtain the settlement payment described herein, a disposition of Debtor's two corporations are necessary. In connection with the sought-for Court approval of the settlement, the Trustee also requests an order authorizing the use of "property" consistent with the provisions of 11 U.S.C. Section 363, as discussed below. This use consists of standing in the place and stead of the Debtor's sole shareholder status, executing the settlement agreement on behalf of two corporations, and filing notices of dissolution of said corporations in their appropriate states of incorporation.

3. Debtor's Schedule B, under section 19, describes two corporations in which she is the 100% shareholder.  Those corporations are The Magnolia Group, Inc. a Delaware corporation, ("Magnolia Group" )and Magnolia Park LLC, a Nevada Limited Liability company ("Magnolia Park").  The values are stated by the Debtor in her Schedule B as $0.00.  A true and correct copy of this portion of Debtor's Schedule "B" is filed concurrently with this Motion as Exhibit "A". The Trustee, after review of the matter, agrees that Magnolia Park and Magnolia Group have no value except for the Trustee's participation in the settlement of the Superior Court litigation

2

discussed herein.

4. Debtor's Schedule B, under Section 34, describes as follows:

"Lawsuit against Asset-Backed Lending Partners, REIT aka ABLP REIT, LLC, ABLP Properties Visalia, LLC, Jerry Sanada, Michael Minder, Bruce Sanders, Jamie Burrows, Ted Jacobson, & Iris Jacobson for breach or (sic) contract, wrongful foreclosure, fraud, etc. Pending in Tulare County Superior Court as case no. VCU284145."

The value of this asset is scheduled by the Debtor in the amount of $5,000,000.00. A true and correct copy of this portion of Debtor's Schedule "B" is filed concurrently with this Motion as Exhibit "B". Both Magnolia Park and Magnolia Group are co-plaintiffs in the matter. This lawsuit was filed on September 9, 2020.

5. The lawsuit is not exempted by the Debtor and the Trustee does not believe the claims therein are able to be exempted by the Debtor.

6. ABLP Properties, Visalia, LLC is scheduled as a non-priority general unsecured claim in the amount of $0.00 in Debtor's Schedule "F". ABLP REIT LLC is scheduled as having a non-priority unsecured claim against the Debtor in the amount of $3,200,000. Ted and Iris Jacobsen are scheduled as having a non-priority claim against the Debtor arising from the lawsuit in the amount of $379,890.16. A true and correct copy of these portions of Debtor's Schedule "F" is filed concurrently herewith as Exhibit "C".

7. The Debtor's Chapter 7 counsel represents the Debtor in the above-described lawsuit. The Trustee believes that counsel for the Debtor is not disinterested and therefore cannot represent the estate in the lawsuit. The estate does not have sufficient funds to hire and pay an attorney on an hourly basis and the Trustee cannot locate an attorney willing to represent the estate on a contingency basis.

8. The settlement for which Court approval is sought involves the Debtor's lawsuit

3

identified in paragraph 4 above and the Cross Complaint filed against the Debtor, Magnolia Group, Magnolia Park and the Debtor's husband, Arnulfo Gonzalez[1]. ABLP Properties Visalia and ABLP REIT LLC have filed a cross complaint for Breach of Guaranty, Intentional Misrepresentation, Negligent Misrepresentation, Violation of Business and Professions Code, Unjust Enrichment, Defamation, Tresspass, Ejectment, Breach of Contract, Specific Performance, Injunctive Relief, Appointment of Receiver and UCC Foreclosure.

9. The business of Magnolia Group was the ownership of real property located at 2948 and 2950 East Douglas Ave., Visalia, CA, and 1331 Lewis Lane, Tulare CA. The East Douglas property was foreclosed on in November of 2019. The Lewis Lane property was foreclosed upon on June 30, 2020.

10. Magnolia Park filed a Chapter 11 case on December 19, 2019 in the United States Bankruptcy Court for the Eastern District of California, under case number 2019-15279 and the case was dismissed on September 18, 2020. The Magnolia Group, Inc. filed a Chapter 11 in the United States Bankruptcy Court, Eastern District of California December 19, 2019 and the case was dismissed on July 20, 2020.

11. The business operation of Magnolia Park, which consists of a nursing home, is under receivership after a receiver was appointed on September 30, 2021. A true and correct copy of the Notice of Entry of Order Appointing Receiver is filed concurrently herewith as Exhibit "D". The effect of executing and performing under the Settlement Agreement will result in the receiver conducting a UCC sale to dispose of the personal property assets in the nursing home, which are assets of Magnolia Park. This would occur after judgment is obtained. There are no assets of

---

[1] Debtor's husband will continue to assert and defend against whatever claims he has in the litigation.

4

The Magnolia Group Inc. because those properties have been foreclosed.

12. The Trustee intends on entering into a Settlement Agreement with ABLP Properties and ABLP REIT LLC. A true and correct copy of the Settlement Agreement is filed concurrently with this Motion as Exhibit "E". The main points of the Settlement Agreement are:

    a. Payment of $30,000 to this Chapter 7 estate.

    b. A stipulated judgment in favor of ABLP Properties and ABLP REIT LLC; a true and correct copy of which is filed concurrently herewith as Exhibit "F".

    c. A UCC foreclosure on the personal property owned by Magnolia Park.

    d. ABLP Properties and ABLP REIT LLC shall have judgments against the Debtor, Magnolia Group and Magnolia Park but will waive any claim against the Chapter 7 estate.

13. By this Motion, the Trustee also requests that the Court authorize the Trustee to exercise the necessary process to step into the sole shareholder status of Magnolia Park and The Magnolia Group, Inc. and be authorized to execute the Settlement Agreement and Stipulated Judgment as an officer of those two corporations. The Trustee has determined that neither Magnolia Group or Magnolia Park have assets that are available to their creditors, other than the Superior Court litigation identified herein. In connection with the execution of the Settlement Agreement and Stipulated Judgment, the Trustee will call a special shareholder meeting and vote to wind up and dissolve the entities and file certificates of dissolution in Nevada and Delaware.

14. Jurisdiction exists under 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. § 1408. The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. § 157(a) and United States District Court, Eastern District of

California General Orders 182 and 223.   This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A)(N)&(O).  This is a Motion brought pursuant to 11 U.S.C. §363(b) and Bankruptcy Rule 9019.  This is a contested matter under F.R.B.P. Rule 9014 and a Motion brought pursuant to Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California, LBR Rule 9014-1.

15.   A debtor's interest in stock of a corporation is property of the estate.  *Milden vs. Joseph* (In re Millden, 111 F.3d 138, (9th Cir. 1997).  Pursuant to 11 U.S.C. Section 363(b), the Trustee may "use" property of the estate not in the ordinary course of business.

16.   While the Trustee does not anticipate any interest in the sale and use of these assets by other parties due to the complexity of litigation and the negative equity in the business entities, the $30,000 payment is subject to higher and better bid.  A successful bidder would result in buying the claims the Debtor has against  ABLP Properties, Visalia, LLC and ABLP REIT LLC. In the event of overbid, the Trustee recommends that  an interested party should comply with this procedure:

a. Provide certified funds in the amount of $30,000  plus the initial over-bid prior to the time of the sale, and no later than the close of business on March 28, 2022 to James E. Salven, 8427 N. Millbnrook Ave., #101, Fresno, CA.

b.   Proof in the form of a letter of credit, or some  other written pre-qualification for any financing that may be required to complete the purchase of the subject property  sufficient to cover the necessary overbid amount;

6

c. Proof that any successful over bidder can and will close the sale within 30 days of delivery of a certified copy of the Court's order approving the sale and execute a purchase agreement for the subject property;

d. Any successful overbid shall have the $7,500 deposit applied to the successful overbid price;

e. In the event a successful over bidder fails to close the sale within 30 days of delivery of a certified copy of the Court's order approving the sale and execute a purchase agreement for the subject property, then the Trustee shall be entitled to retain the sum of $5,000 of the certified funds

f. Overbids may be made by attending, via Courtcall the hearing telephonically by dialing 1-866-582-6878. A Courtcall reservation should be made no later than the day before hearing.

h. All overbids shall be in the minimum amount of $1,000.00.

17. As to the proposed compromise of the litigation, In determining the fairness of a settlement, its reasonableness and adequacy, the Court must consider (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Martin v. Kane* (*In re A&C Properties*), 784 F.2d 1377, 1381 (9th Cir. 1986). The Trustee's position as to the A&C Properties factors is summarized as follows:

. (a) Probability of success. The facts giving rise to the mutual complaints of the Debtor, her business entities and the ABLP litigants are complicated and span several years in time. The Trustee is faced with trying to find a qualified attorney who would be willing to take the case on

a contingency to unravel the foreclosure and obtain a monetary judgment. This factor alone makes the probability of success very remote. Even with competent contingency fee counsel, the Trustee believes that the complicated fact pattern does not create a clear path to a succe3ssful judgment.

(b) <u>Difficulties of collection</u>. The Trustee believes that were he successful, collection would not be difficult were he to prevail.

(c) <u>Difficulty of litigation</u>. The Trustee views the litigation to be difficult involving multiple witnesses, transactions and documentation to present at the time of trial.

(d) <u>Interest of the creditors</u>. The Trustee believes that the settlement serves the interests of the creditors because it obtains a sum certain for the estate without the expenditure of attorneys fees that would be paid out as administrative expenses. Because the ABLP litigants waive their claims against the Chapter 7 estate, the resulting share of funds distributed to the other general unsecured creditors increases.

18. It is the Trustee's recommendation based upon his business judgment that the requested relief in this Motion is in the best interest of the estate.

WHEREFORE, THE TRUSTEE PRAYS AS FOLLOWS:

1. That this Motion be granted;

2. That the Court authorize the sale of the Chapter 7 estate's interest in the litigation described herein for the sum of $30,000, subject to higher and better bid,

3. That the Trustee be authorized to utilize the stock in the Debtor's corporations in Magnolia Park and The Magnolia Group, Inc. to enter into the Settlement Agreement filed concurrently herewith as Exhibit "B";

4.  That the Trustee be authorized to compromise the claims of ABLP Properties, Visalia, LLC and ABLP REIT LLC. under Bankruptcy Rule 9019;

5.  That the Trustee be authorized to execute such further documents as may be necessary to complete the transactions described herein; and

6.  For such other and further relief appropriate under the circumstances of this case.

Dated: March 2 2022

D. Max Gardner, Attorney for Chapter
7 Trustee James E. Salven

9