D. MAX GARDNER, ESQ. (CSB No. 132489)
930 Truxtun Ave., Suite 203
Bakersfield, CA 93301
661-864-7373 tel.
661-864-7366 fax
dmgardner@dmaxlaw.com

Attorney for Chapter 7 Trustee James E. Salven

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>ESPERANZA HANSEN GONZALEZ<br><br>DEBTOR. | Bankruptcy Case No.: 2021-11034<br><br>Chapter 7<br><br>DC No. DMG-3<br><br>CONTINUED HEARING:<br>Date: May 25, 2022<br>Time: 1:30 p.m.<br>Place: Ctrm 11, 5th Floor<br>2500 Tulare St.<br>Fresno, CA<br>Judge: Hon. Jennifer E. Niemann |

**SUPPLEMENTAL DECLARATION OF**
**JAMES E. SALVEN IN SUPPORT OF**
**CHAPTER 7 TRUSTEE'S MOTION TO:**
**1. COMPROMISE CLAIMS AND INTEREST IN PROPERTY**
**(STATE COURT CIVIL LITIGATION);**
**2. APPROVE SALE OF ESTATE'S INTEREST IN PROPERTY; and**
**3. APPROVE CORPORATE DISSOLUTIONS**
[Bankruptcy Rule 9019]
[11 U.S.C Section 363]

/ / / /

1 SUPPLEMENTAL DECLARATION OF JAMES E. SALVEN

21571767.1/055959.0001

I, James E. Salven, declare as follows:

1. I am a resident of Fresno County, California. I make this declaration based upon my own personal knowledge and could competently testify to the matters contained herein if called upon to do so.

2. This supplemental declaration is filed in response to issues raised by the Court and the Debtor at the time of hearing on April 27, 2022.

3. First as to the opportunity to overbid, interested parties should be aware of the procedure as follows:

    a. Provide certified funds in the amount of $30,000, plus the initial over-bid prior to the time of the sale, in the total amount of not less than $31,000, and no later than the close of business on May 23, 2022, to James E. Salven, 2501 W. Shaw #122, Fresno 93711.

    b. Proof in the form of a letter of credit, or some other written pre-qualification for any financing that may be required to complete the purchase of the subject property sufficient to cover the necessary overbid amount;

    c. Proof that any successful over bidder can and will close the sale within 30 days of delivery of a certified copy of the Court's order approving the sale and execute a purchase agreement for the subject property;

    d. Any successful overbid shall have the $31,000 deposit applied to the successful overbid price;

    e. In the event a successful over bidder fails to close the sale within 30 days of delivery of a certified copy of the Court's order approving the sale and execute a

purchase agreement for the subject property, I shall be entitled to retain the sum of $5,000 of the certified funds

f. Overbids may be made by attending, via Courtcall the hearing telephonically by dialing 1-866-582-6878. A Courtcall reservation should be made no later than the day before hearing.

h. All overbids shall be in the minimum amount of $1,000.00 over the prior bid.

4. As to the issue of due diligence pertaining to the search for an attorney, I first consulted with Justin Harris as to whether he was willing to take the matter on a contingency fee basis. I also asked him if he knew of any attorneys who might be willing to take the case. Mr. Harris was not willing to pursue the matter on a contingency basis. I also contacted Irma Edmonds, a fellow Chapter 7 Trustee. I contacted her because I have observed in other cases that she has administered as a Trustee where she has employed contingency fee counsel and she was unaware of any. I also consulted with Max Gardner to determine whether he knew of any qualified contingency fee counsel. He was not aware. Additionally, we considered the following factors:

a. Absent this being a personal injury matter, we were unaware of any contingency fee attorneys who would not require the payment of costs in the event of losing the case. The estate in my estimation should not risk what funds are available (currently $20,000) to pay for litigation costs at the expense of other administrative claims and the claims of general unsecured creditors.

b. ABLB Properties had successfully completed two non-judicial foreclosures. In my experience and counsel's experience, getting those set-aside carries both a heavy evidentiary burden and is fact intensive.

3 SUPPLEMENTAL DECLARATION OF JAMES E. SALVEN

21571767.1/055959.0001

c. The Debtor has been and/or is currently under investigation by the Fresno County District Attorney for the accounting of funds taken on a pre-paid basis from potential residents. As late as yesterday, my counsel had received a telephone call from Hanford counsel in which it was represented that over $500,000 had been paid to the Debtor after her Chapter 7 case on a pre-paid basis for the Debtor or one of her entities to provide assisted living and/or elderly nursing case. In light of what would be a clear credibility problem, we have taken into fact the reality that the Debtor is one of the main witnesses in any litigation that would be undertaken on behalf of the estate.

5. I have made further inquiry into the receivership that is in place as to the entity Magnolia Park LLC. The business is operated by a licensed nursing home operator. Per, ABLP's counsel's communication to me, the receivership contemplates that it shall continue until (1) the property, business and all security is sold and the debt fully paid, (2) ABLP approves of the termination of the Receivership, and (3) the Court issues an order approving the Receiver's final report and discharging the Receiver. Id. at 11:10-14. Consistent with that provision, the Settlement Agreement provides, at Paragraph 8, that ABLP will conduct a UCC Sale to obtain ownership of the personal property. Once that occurs, and the Judgment is entered confirming that neither debtor, Magnolia Park nor Magnolia Group have any possessory right to the real or personal property, then it is ABLP's intent to have the Superior Court terminate the Receivership and transfer the operating business to an operational entity that will operate and maintain the business. If ABLP wanted to shut down the business, it could have done so months ago upon the initial appointment of the Receiver. Instead, ABLP wishes to maintain the business, but needs to eliminate the specious claims to the real and personal property by debtor, Magnolia

4 SUPPLEMENTAL DECLARATION OF JAMES E. SALVEN

21571767.1/055959.0001


Park and Magnolia Group. This is why ABLP needs the attached Judgment and to conduct a UCC Sale of the personal property.

6. Finally, filed concurrently herewith are the revised Settlement Agreement and Stipulated Judgment that fill in what were blanks in the previous documents filed with the Court.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this declaration was executed on May 11, 2022, at Fresno, California.



James E. Salven

5 SUPPLEMENTAL DECLARATION OF JAMES E. SALVEN

21571767.1/055959.0001