1  **D. MAX GARDNER, ESQ. (CSB No. 132489)**
2  **930 Truxtun Ave., Suite 203**
   **Bakersfield, CA 93301**
3  **661-864-7373 tel.**
   **661-864-7366 fax**
4  **dmgardner@dmaxlaw.com**

5
   Attorney for Chapter 7 Trustee James E. Salven
6
                    **UNITED STATES BANKRUPTCY COURT**
7                   **EASTERN DISTRICT OF CALIFORNIA**

8                                          Bankruptcy Case No.: 2021-11034
9  IN RE:                                  Chapter 7
10
   ESPERANZA HANSEN GONZALEZ               DC No. DMG-3
11
                    DEBTOR.                 Date:  June 1, 2022
12                                          Time: 1:30 p.m.
                                            Place: Ctrm 11, 5th Floor
13                                                 2500 Tulare St.
14                                                 Fresno, CA
                                            Judge: Hon. Jennifer E. Niemann
15

16

17

18                            **ORDER ON**
               **CHAPTER 7 TRUSTEE'S MOTION TO:**
19    **1. COMPROMISE CLAIMS AND INTEREST IN PROPERTY**
                 **(STATE COURT CIVIL LITIGATION);**
20     **2. APPROVE SALE OF ESTATE'S INTEREST IN PROPERTY; and**
           **3. APPROVE CORPORATE DISSOLUTIONS**
21                   [Bankruptcy Rule 9019]
                     [11 U.S.C Section 363]
22
23       The continued hearing on the Chapter 7 Trustee's Motion to 1. Compromise Claims and

24  Interest in Property (State Court Litigation) 2. Approve Sale of Estates' Interest in Property and

25  3. Approve Corporate Dissolutions (the "Motion"), came on before this Court at the above stated

26  date, time and place. Appearances were made by D. Max Gardner as the attorney for the Chapter

27
           1  ORDER

7 Trustee, James E. Salven ("Trustee"), Fennemore Dowling & Aaron by Don J. Pool as the attorney for ABLP Properties Visalia, LLC, a California limited liability company and ABLP REIT, LLC, a Delaware limited liability company (collectively, "ABLP"); Esperanza Hansen Gonzalez , *in pro per*, as the Debtor; and James E. Salven as the Chapter 7 Trustee.

The Court reviewed and considered the Motion, the declarations and exhibits in support, the supplemental declaration of James E. Salven in support of the Motion, the supplemental report of James E. Salven regarding the Motion and the representations of the Trustee, attorney for the Trustee, and attorney for ABLP; together with the, filings and representations and arguments filed by the Debtor, and her previous attorney before the order authorizing his withdrawal was entered.

Further, in review of the Motion, the Court filed civil minute orders with findings of fact and conclusions of law; the terms of which are incorporated herein.

Based on the foregoing the Court ORDERS as follows.

1. The Motion is granted.

2. The Chapter 7 Trustee is authorized to enter into the Settlement Agreement which is attached hereto as Exhibit "A" and the Stipulated Judgment, which is attached hereto as Exhibit "B".

3. The Trustee is authorized to execute such other and further documents as may be necessary to complete the transactions described in the Motion.

Dated: June 08 2022

*Jennifer E. Niemann*
Honorable Jennifer E. Niemann
United States Bankruptcy Judge

2 ORDER

21916385.1/055959.0001

EXHIBIT 'A'

## SETTLEMENT AGREEMENT

James Salven, Trustee in Bankruptcy of the Estate of Esperanza Gonzalez (the "Debtor) in Case No. 21-11034-A-7 pending in the United States Bankruptcy Court for the Eastern District of California, Fresno Division (the "Trustee"), The Magnolia Group, a Delaware corporation ("Magnolia Group"), Magnolia Park, LLC, a Nevada limited liability company ("Magnolia Park"), on the one hand, and ABLP Properties Visalia, LLC, a California limited liability company ("ABLP Properties") and ABLP REIT, LLC, a Delaware limited liability company ("ABLP REIT") (collectively, "ABLP"), on the other hand, enter into the following settlement agreement.

## RECITALS

1.      On September 1, 2020, Debtor, Magnolia Group, , Magnolia Park, , and others, filed a Complaint for, among other things, Breach of Contract and Wrongful Foreclosure (the "Complaint") commencing an action against ABLP Properties, ABLP REIT and other defendants in the Tulare County Superior Court, Case No. VCU284145 (the "Action").

2.      On March 29, 2021, ABLP and ABLP REIT filed their Cross-Complaint in the Action against Debtor, Magnolia Group, Magnolia Park and others (the "Cross-Complaint") for, among other things, breach of guaranty.

3.      On April 23, 2021, Debtor commenced a Chapter 7 bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code, United States Bankruptcy Court, Eastern District of California, Fresno Division (the "Bankruptcy Court"), Case No. 21-11034-A-7 (the "Petition Date"). Trustee is the duly appointed Chapter 7 Trustee of Debtor's Estate.

4.      On May 21, 2021, Debtor filed her Bankruptcy Schedules. In Schedule B, Item 19, Debtor testified she is the 100% owner of both Magnolia Group and Magnolia Park. In Schedule B, Item 34, Debtor also asserted ownership of the claims made in the Action against ABLP, ABLP REIT, Jerry Sanada ("Sanada") and Bruce Sanders ("Sanders"). After the Petition Date, and by duly authorized vote of the shareholders of Magnolia Group and Magnolia Park, Trustee became the President of Magnolia Group and Magnolia Park. Trustee was authorized to enter into this Agreement as president of those entities.

5.      On June 22, 2021, ABLP filed its Verified Complaint for (1) Unlawful Detainer Pursuant to C.C.P. § 1161a for the Property at 2948 and 2950 East Douglas Avenue, Visalia, California 93292; (2) Unlawful Detainer Pursuant to C.C.P. § 1161a for the Property at 1333 Lewis Lane, Tulare, California, 93274/1602; and (3) Appointment of Receiver (the "UD Action").

6.      On August 3, 2021, the Tulare County Superior Court entered an order consolidating the Action and the UD Action, which Order, among other things, stayed the UD Action pending the outcome of the Action.

7.      On July 26, 2021, ABLP filed that certain Complaint to Determine Dischargeability of Certain Debt, styled as <u>ABLP Properties Visalia, LLC, a Delaware limited liability company,</u>

v. Esperanza Gonzalez, United States Bankruptcy Court for the Eastern District of California, Fresno Division, Adversary Proceeding case no. 21-01031 (the "Adversary Proceeding").

       8.     The Trustee and ABLP have discussed resolution of the Action as to ABLP Properties, ABLP REIT, Sanada and Sanders, and resolution of the Cross-Complaint as to Magnolia Park and Magnolia Group, subject to Bankruptcy Court approval in Debtor's Bankruptcy Case.

## AGREEMENT

NOW, THEREFORE, for valuable consideration of the following promises and the mutual covenants and conditions contained herein, the Parties hereto, after having negotiated this settlement and Agreement at arm's length and in good faith, and intending to be legally bound, agree as follows:

**1.**    **Effective Date.**

The effective date of this Agreement shall be the date on which the last party to sign this Agreement so signs it ("Effective Date").

**2.**    **Recitals Incorporated.**

The Parties acknowledge and agree that the Recitals are true and correct in all respects. Said Recitals are incorporated into this Agreement by this reference.

**3.**    **Terms Of Settlement.**

    a.    Within three (3) days of the entry of an Order Approving this Agreement, Trustee shall execute on behalf of the parties to this Agreement those documents necessary to cause the Complaint in the Action by Debtor, Magnolia Group and Magnolia Park to be dismissed *with prejudice* as to defendants ASSET-BACKED LENDING PARTNERS REIT aka ABLP REIT, LLC, a Delaware limited liability company, ABLP PROPERTIES VISALIA, LLC, a Delaware limited liability company, JERRY SANADA, an individual, and BRUCE SANDERS, an individual, named therein. For avoidance of doubt, it is the intention of the parties to this Agreement that all claims of Debtor, Magnolia Group, and Magnolia Park in the Action against ABLP Properties, ABLP REIT, Sanada and Sanders be dismissed with prejudice, regardless of how they were named in the Action.

    b.    Within three (3) days of the entry of an Order Approving this Agreement, Trustee shall execute on behalf of the parties to this Agreement that certain Stipulation for Entry of Judgment on the Cross-Complaint, attached hereto as Exhibit A and incorporated by reference herein, in favor of ABLP REIT and ABLP Properties (collectively "Cross-Complainants") and against Magnolia Park and Magnolia Group, and each of them, jointly and severally. Cross-Complainants shall thereafter be free to present such Stipulation to the State Court for Entry of Judgment on the Cross-Complaint for entry of judgment as provided therein.

    c.    Within three (3) days of the entry of an Order Approving this Agreement by the Bankruptcy Court, ABLP shall pay Trustee the sum of Thirty Thousand Dollars ($30,000.00) ("Settlement Sum").

4.      **Bankruptcy Court Approval.**

This Agreement, and the compromise set forth herein, is subject to approval of the United States Bankruptcy Court. In the event such approval is not obtained, or in the event ABLP is not the successful bidder in the Trustee's sale of the Estate's Claims, this Agreement shall be void and without effect.

5.      **Enforcement of Settlement Agreement**.

The Terms of this Settlement Agreement shall be enforceable pursuant to California Code of Civil Procedure § 664.6.

6.      **Trustee Release.**

Except for the obligations of the parties that arise from this Settlement Agreement, Trustee, on behalf of the Estate, Magnolia Group and Magnolia Park, is releasing Sanada, Sanders, ABLP Properties, ABLP REIT and their officers, employees, agents, accountants, attorneys, successors-in-interest and all others acting for, under, or in concert with them, past and present, of any and all claims, demands, causes of action, obligations, damages, loss, costs or expense, including attorneys' fees, of any kind or nature whatsoever, character, past or present, ascertained or unascertained, whether or not known, suspected or claimed, arising out of, or in connection with any of the matters or facts alleged or in the Recitals and/or the Action, except as set forth in this Agreement.

The foregoing releases in this Agreement extend to claims that Trustee, Magnolia Group and Magnolia Park do not know or suspect to exist in their favor, which, if known by them, would have materially affected their decision to enter into this Agreement. They acknowledge that they are familiar with Section 1542 of the California Civil Code, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Trustee, Magnolia Group and Magnolia Park expressly waive and relinquish any right or benefit which they have or may have under Section 1542 of the California Civil Code and under any other statute or legal principle with similar effect.

Nothing in this Agreement shall be construed to release any obligations created by this Agreement. This Release shall be effective when Trustee is in possession of the Settlement Sum in good funds.

7.      **ABLP Release.**

Except for the obligations of the parties that arise from this Settlement Agreement, ABLP waives all claims against the Trustee and the bankruptcy estate, including its Proof of Claim. Nothing in this Agreement shall be construed to release any obligations created by this

Agreement. In addition, and notwithstanding anything in this Agreement to the contrary, nothing in this Agreement shall be construed to release the claims asserted in the Adversary Proceeding, all of which are expressly reserved.

**8.      Turnover of Personal Property.**

Trustee, Magnolia Park and Magnolia Group acknowledge that ABLP previously sought to foreclose its personal property collateral in the Cross-Complaint filed in the Action, and that ABLP has expressed its intention to conduct a nonjudicial sale under the California Commercial Code ("UCC Sale") upon the approval of this Settlement Agreement by the Bankruptcy Court. Upon the conclusion of the UCC Sale, and ABLP having been the successful bidder, Trustee, Magnolia Park and Magnolia Group shall relinquish possession of the personal property to ABLP upon presentation of a Bill of Sale from the UCC Sale. Any amount bid at the UCC Sale shall be credited to the Stipulated Judgment on the Cross-Complaint.

**9.      Substitution of Rights.**

This Agreement and the obligations imposed hereby shall be and constitute a full, complete, unconditional, and immediate substitution for any and all rights, claims, demands, causes of action and judgment which the Parties hereto may heretofore have had against each other arising out of, or in connection with any of the matters or facts alleged or in the Recitals.

**10.     Representations and Warranties.**

The Parties hereto, and each of them, represent, warrant to, and agree with each other as follows:

10.1     The Parties have each received or have had the opportunity to receive independent legal advice from attorneys of their choice with respect to the advisability of making the settlement and release provided herein, and with respect to the advisability of executing this Agreement.

10.2     Except as expressly stated in this Agreement, no Party hereto has made any statement or representation to any other Party regarding any fact relied upon by any other Party in entering into this Agreement, and each Party specifically does not rely upon any statement, representation, or promise of any other Party in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

10.3     Each Party has made such investigation of the facts pertaining to this settlement and this Agreement, and all of the matters pertaining thereto, as they deem necessary.

10.4     The terms of this Agreement are contractual, not a mere recital, and are the result of negotiation among all the Parties.

10.5     This Agreement has been carefully read by, the contents hereof are known and understood by, and it is signed freely by, each person executing this Agreement; and each person executing this Agreement in a representative capacity is empowered to do so.

10.6    This Agreement has been drafted by all of the Parties hereto, is to be construed neutrally and not against any Party hereto.

10.7    In entering into this Agreement and the settlement provided for herein, the Parties hereto, and each of them, recognize that no facts or representations are ever absolutely certain; accordingly, each side assumes the risk of any misrepresentation, concealment, or mistake, and if any Party should subsequently discover that any fact it relied upon in entering into this Agreement was untrue, or that any fact was concealed from any Party hereto, or that any understanding of the facts or of the law was incorrect, such Party shall not be entitled to set aside this Agreement by reason thereof. Each Party relies on the finality of this Agreement as a material factor inducing that Party's execution of this Agreement.

10.8    Each Party hereto agrees that such party will not take any action which would interfere with the performance of this Agreement by any of the parties hereto or which would adversely affect any of the rights provided for herein.

10.9    Each signatory hereto expressly represents and warrants that such signatory is authorized to sign on behalf of the Party he/she is representing.

## 11.    Successors and Assigns.

This Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of the respective Parties hereto, and each of them.

## 12.    Integration.

This Agreement constitutes a single, integrated written contract expressing the entire Agreement of the Parties hereto relative to the subject matter hereof. No covenants, Agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as specifically set forth in this Agreement. All prior discussion and negotiations have been and are merged and integrated into, and are superseded by, this Agreement. Moreover, this Agreement may only be modified in writing, signed by the Parties hereto and any oral modification hereof shall be ineffective until reduced to such a writing.

## 13.    Severability.

In the event that any provision of this Agreement should be held to be void, voidable or unenforceable, the remaining portions hereof shall remain in full force and effect as each provision is an independent covenant and not a condition precedent to the effectiveness of any other provision herein.

## 14.    Execution in Counterparts.

This Agreement may be executed in counterparts and each copy of this Agreement so executed shall be deemed a duplicate original of this Agreement.

## 15.    Governing Law.

This Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, and shall be deemed entered into, executed, and the place for performance shall be Fresno, California.

### 16.    Survival of Warranties and Representations.

The warranties and representations of this Agreement are deemed to survive the closing hereof.

---

**THIS SETTLEMENT AGREEMENT HAS BEEN PREPARED BY ATTORNEYS FOR ABLP. EACH OF THE PARTIES HERETO HAVE CONSULTED THEIR OWN ATTORNEYS FOR LEGAL ADVICE REGARDING THE EFFECT OF THIS AGREEMENT.**

---

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed as of the date of the last signature, as set forth below, in the capacities so indicated.

**IT IS SO AGREED:**

**ABLP Properties Visalia, LLC**, a California limited liability company

Date: _____

By: _____
    Jerry Sanada

Its: _____
    Manager

**ABLP REIT, LLC**, a Delaware limited liability company

Date: _____

By: _____
    Jerry Sanada

Its: _____
    President

**JAMES E. SALVEN**, Trustee in Bankruptcy of the Estate of Esperanza Gonzalez

Date: _____

By: _____

**The Magnolia Group**, Inc., a Delaware corporation

Date: _____

By: _____

Its:   President

**Magnolia Park, LLC,**  a Nevada limited
liability company

Date: _____          _____

                              By: _____

                              Its:   President

# EXHIBIT 'B'

1   McCormick, Barstow, Sheppard,
    Wayte & Carruth LLP
2   Christopher S. Hall, #203901
    *christopher.hall@mccormickbarstow.com*
3   Alex N. Newsum, #312344
    *alex.newsum@mccormickbarstow.com*
4   7647 North Fresno Street
    Fresno, California 93720
5   Telephone:     (559) 433-1300
    Facsimile:      (559) 433-2300
6
    Fennemore Dowling Aaron
7   Don J. Pool, #166468
    *dpool@fennemorelaw.com*
8   8080 N Palm Avenue
    Third Floor
9   Fresno, California 93711
    Telephone:     (559) 432-4500
10   Facsimile:      (559) 432-4590

11   Attorneys for ABLP REIT, LLC erroneously sued
    as ASSET-BACKED LENDING PARTNERS,
12   REIT aka ABLP REIT, LLC, ABLP
    PROPERTIES VISALIA, LLC, JERRY
13   SANADA and BRUCE SANDERS

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                  COUNTY OF TULARE

16

17

18   ESPERANZA HANSEN GONZALEZ, an
    individual; ARNULFO GONZALEZ, an
19   individual; THE MAGNOLIA GROUP, INC.,
    a Delaware corporation; MAGNOLIA PARK,
    a Nevada corporation,
20
             Plaintiffs,
21
22         v.

23   ASSET-BACKED LENDING PARTNERS,
    REIT aka ABLP REIT, LLC, a Delaware
24   limited liability company; ABLP
    PROPERTIES VISALIA, LLC, a Delaware
25   limited liability company; JERRY SANADA,
    an individual; MICHAEL MINDER, an
26   individual; BRUCE SANDERS, an individual;
    JAMIE BURROWS, an individual; TED
27   JACOBSON, an individual; IRIS
    JACOBSON, an individual; DOES 1
28   THROUGH 25, inclusive,

Case No. VCU284145

**STIPULATION FOR EX-PARTE APPLICATION FOR ENTRY OF JUDGMENT ON CROSS-COMPLAINT; [PROPOSED] ORDER**

Assigned for All Purposes to:
Hon. Brett Hillman

Action Filed:       September 1, 2020

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

STIPULATION FOR EX-PARTE APPLICATION FOR ENTRY OF JUDGMENT ON CROSS-COMPLAINT;
[PROPOSED] ORDER

MMEISTER/21916538.1/055959.0001

| 1 | Defendants. |
|---|---|
| 2 | |
| 3 | ABLP REIT, LLC; ABLP PROPERTIES VISALIA, LLC, |
| 4 | Cross-Complainants, |
| 5 | v. |
| 6 | ESPERANZA HANSEN GONZALEZ, an individual; ARNULFO GONZALEZ, an individual; RAUDEL GONZALEZ, an individual; THE MAGNOLIA GROUP, INC., a Delaware corporation; MAGNOLIA PARK, LLC, a Nevada Limited Liability Company; SKY CONSTRUCTION GENERAL CONTRACTORS, INC., a California corporation; and ROES 1-20, inclusive, |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | Cross-Defendants. |

## **RECITALS**

1.      ABLP REIT, LLC ("ABLP REIT") and ABLP PROPERTIES VISALIA, LLC ("ABLP Properties") filed a Verified Cross-Complaint in this action on or about March 29, 2021 seeking damages and equitable relief against Cross-Defendants ESPERANZA HANSEN GONZALEZ ("Ms. Gonzalez"), ARNULFO GONZALEZ ("Mr. Gonzalez"), THE MAGNOLIA GROUP, INC. ("Magnolia Group"), MAGNOLIA PARK, LLC ("Magnolia Park"), SKY CONSTRUCTION GENERAL CONTRACTORS, INC. ("Sky Construction"), and RAUDEL GONZALEZ ("Raudel") (Hereinafter, "Cross-Complaint").

2.      ABLP Properties filed a Verified Complaint for Unlawful Detainer on or about June 22, 2021 against Magnolia Group and Magnolia Park (hereinafter, "UD Complaint"). The UD Complaint sought possession of real property located at 2948 East Douglas Avenue, Visalia, California 93292 ("Douglas Property") and the real property located at 1333 Lewis Lane, Tulare, California 93274 ("Lewis Property").

3.      On April 23, 2021, Ms. Gonzalez commenced a Chapter 7 bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code, United States Bankruptcy Court, Eastern District of California, Fresno Division (the "Bankruptcy Court"), Case No. 21-11034-A-7.

STIPULATION FOR EX-PARTE APPLICATION FOR ENTRY OF JUDGMENT ON CROSS-COMPLAINT; [PROPOSED] ORDER

MMEISTER/21916538.1/055959.0001

James Salven is the duly appointed Chapter 7 Trustee of Debtor's Estate ("Trustee"). As trustee of Ms. Gonzalez' estate, Trustee stepped into Ms. Gonzalez' shoes with regard to all assets of the Debtor's Estate including, but not limited to, Ms. Gonzalez' claims in her Complaint,  Ms. Gonzalez' 100% ownership and control of Magnolia Group and Magnolia Park, and any ownership interest or possessory interest that Ms. Gonzalez may have in either the Douglas Property or the Lewis Property.

      4.     After Ms. Gonzalez filed her Petition, and by duly authorized vote of the shareholders and members of Magnolia Group and Magnolia Park, Trustee became the President of Magnolia Group and Magnolia Park and Magnolia Group and Magnolia Park authorized Trustee to enter into a Settlement Agreement as President of the entities.

      5.     On or about _____, ABLP REIT and ABLP Properties, on the one hand, and Trustee, Magnolia Group, and Magnolia Park, on the other hand, entered into that certain Settlement Agreement dated _____ (the "Settlement Agreement"). The Settlement Agreement was approved by the Bankruptcy Court on or about _____.

      6.     Pursuant to the Settlement Agreement, the parties Stipulated to Entry of Judgment as set forth herein. Trustee, as duly appointed Chapter 7 Trustee of the Bankruptcy Estate of Ms. Gonzalez, President of Magnolia Group, and President of Magnolia Park further agree that neither Ms. Gonzalez, Magnolia Group nor Magnolia Park are currently in possession, or have any possessory interest, in either the Douglas Property or the Lewis Property.

      7.     Further, the parties hereto agree that this Stipulation for Entry of Judgment shall be enforceable pursuant to C.C.P. §664.6.

      8.     Pursuant to the Settlement Agreement, the parties Stipulate to Entry of Judgment as follows:

## STIPULATION FOR ENTRY OF JUDGMENT

      A.     Judgment shall be entered on the Cross-Complaint in favor of ABLP REIT against Magnolia Group, and Magnolia Park, jointly and severally, in the sum of $5,364,351, inclusive of attorneys' fees, costs and receiver fees and costs.

      B.     Magnolia Group agrees and Judgment shall reflect that Magnolia Group has no

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

STIPULATION FOR EX-PARTE APPLICATION FOR ENTRY OF JUDGMENT ON CROSS-COMPLAINT;
[PROPOSED] ORDER
MMEISTER/21916538.1/055959.0001

3

1    ownership interest or possessory interest in either the Douglas Property or the Lewis

2    Property.

3         C.      Magnolia Park agrees and Judgment shall reflect that Magnolia Park has no

4    ownership interest or possessory interest in either the Douglas Property or the Lewis

5    Property.

6         D.      Trustee, as duly appointed Chapter 7 Trustee of the Bankruptcy Estate of Ms.

7    Gonzalez, agrees and Judgment shall reflect that Ms. Gonzalez has no ownership interest or

8    possessory interest in either the Douglas Property or the Lewis Property.

9    Dated: _____, 2022            McCORMICK, BARSTOW, SHEPPARD,
                                          WAYTE & CARRUTH LLP

10

11

12                             By: _____
                                     Christopher S. Hall

13                                       Alex N. Newsum
                         Attorneys for ABLP REIT, LLC erroneously sued as

14                        ASSET-BACKED LENDING PARTNERS, REIT aka
                       ABLP REIT, LLC, ABLP PROPERTIES VISALIA,

15                        LLC, JERRY SANADA and BRUCE SANDERS

16

17

18    Dated: _____, 2022            **THE MAGNOLIA GROUP, INC.**, a Delaware
                                         corporation

19

20                             By: _____

21                        **JAMES E. SALVEN**, Trustee in Bankruptcy of the
                     Estate of Esperanza Gonzales, President of the Magnolia

22                                    Group, Inc.

23

24

25    Dated: _____, 2022            **MAGNOLIA PARK, LLC**, a Nevada Limited Liability
                                         Company

26

27                             By: _____

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

STIPULATION FOR EX-PARTE APPLICATION FOR ENTRY OF JUDGMENT ON CROSS-COMPLAINT;
[PROPOSED] ORDER

MMEISTER/21916538.1/055959.0001

1

2

**JAMES E. SALVEN**, Trustee in Bankruptcy of the
Estate of Esperanza Gonzales, President of Magnolia
Park, LLC

3

Dated: _____, 2022          **ESPERANZA HANSEN GONZALEZ,** an individual

4

5

By: _____

6

**JAMES E. SALVEN**, Trustee in Bankruptcy of the
Estate of Esperanza Gonzales

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

STIPULATION FOR EX-PARTE APPLICATION FOR ENTRY OF JUDGMENT ON CROSS-COMPLAINT;
[PROPOSED] ORDER

MMEISTER/21916538.1/055959.0001

## ORDER

2       GOOD CAUSE APPEARING AND BASED UPON THE STIPULATION OF THE

3  PARTIES, THE COURT HEREBY ORDERS AS FOLLOWS:

4       A.     Judgment shall be entered on the Cross-Complaint in favor of ABLP REIT, LLC

5  against THE MAGNOLIA GROUP, INC. and MAGNOLIA PARK, LLC, jointly and severally, in

6  the sum of $5,364,351, inclusive of attorneys' fees, costs and receiver fees and costs.

7       B.    By this judicial declaration it is hereby adjudicated, ordered and decreed that THE

8  MAGNOLIA GROUP, INC. has no ownership interest or possessory interest in either the real

9  property located at 2948 East Douglas Avenue, Visalia, California 93292 or the real property located

10  at 1333 Lewis Lane, Tulare, California 93274.

11      C.    By this judicial declaration it is hereby adjudicated, ordered and decreed that

12  MAGNOLIA PARK, LLC has no ownership interest or possessory interest in either the real property

13  located at 2948 East Douglas Avenue, Visalia, California 93292 or the real property located at 1333

14  Lewis Lane, Tulare, California 93274.

15      D.    By this judicial declaration it is hereby adjudicated, ordered and decreed that

16  ESPERANZA GONZALEZ has no ownership interest or possessory interest in either the real

17  property located at 2948 East Douglas Avenue, Visalia, California 93292 or the real property located

18  at 1333 Lewis Lane, Tulare, California 93274.

19      E.    Provided that ABLP REIT, LLC has submitted a JUD-100 judicial council form with

20  this application, the Clerk of the Court may hand write the amounts listed in this order into paragraph

21  6 of the JUD-100 form to finalize the judgment for signature by the Court to be signed and entered

22  concurrently with this order.

23      **IT IS SO ORDERED.**

25  Dated: _____, 2022

26

27                         Hon. Bret Hillman
                             Judge, Tulare County Superior Court

28  039604-000000 8180140.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

STIPULATION FOR EX-PARTE APPLICATION FOR ENTRY OF JUDGMENT ON CROSS-COMPLAINT;
[PROPOSED] ORDER

MMEISTER/21916538.1/055959.0001