D. MAX GARDNER, ESQ. (CSB No. 132489)
930 Truxtun Ave., Suite 203
Bakersfield, CA 93301
661-864-7373 tel.
661-864-7366 fax
dmgardner@dmaxlaw.com

Attorney for Chapter 7 Trustee James E. Salven

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE:<br><br>ESPERANZA HANSEN GONZALEZ<br><br>DEBTOR. | Bankruptcy Case No.: 2021-11034<br><br>Chapter 7<br><br>DC No. DMG-4<br><br>Date: August 10, 2022<br>Time: 1:30 p.m.<br>Place: Ctrm 11, 5th Floor<br>        2500 Tulare St.<br>        Fresno, CA<br>Judge: Hon. Jennifer E. Niemann |

**CHAPTER 7 TRUSTEE'S MOTION TO:**
**1. COMPROMISE CLAIMS AND INTEREST IN PROPERTY**
**(STATE COURT CIVIL LITIGATION);**
**2. APPROVE SALE OF ESTATE'S INTEREST IN PROPERTY;**
**3. APPROVE CORPORATION LIQUIDATION**
[Bankruptcy Rule 9019]
[11 U.S.C Section 363]

TO THE HONORABLE JENNIFER E. NIEMANN, UNITED STATES BANKRUPTCY JUDGE:

1. This motion pertains to the same state court litigation that was the product of a motion to compromise, sell estate's interest and approve a corporate liquidation as in the

1

motion filed in Docket Control No. DMG-3. This motion seeks to compromise, sell the estate's interest and conduct a corporate liquidation as it pertains to the defendants identified as Ted and Iris Jacobsen in the litigation described herein.

2. Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on April 23, 2021. James E. Salven is the acting Chapter 7 Trustee in this case.

3. Debtor's Schedule B, under section 19, describes two business entities in which she is the 100% shareholder. Those corporations are The Magnolia Group, Inc. a Delaware corporation, ("Magnolia Group") and Magnolia Park LLC, a Nevada Limited Liability company ("Magnolia Park"). The values are stated by the Debtor in her Schedule B as $0.00. A true and correct copy of this portion of Debtor's Schedule "B" is filed concurrently with this Motion as Exhibit "A". The Trustee, after review of the matter, agrees that Magnolia Park and Magnolia Group have no value except for the Trustee's participation in the settlement of the Superior Court litigation discussed herein.

4. Debtor's Schedule B, under Section 34, describes as follows:

"Lawsuit against Asset-Backed Lending Partners, REIT aka ABLP REIT, LLC, ABLP Properties Visalia, LLC, Jerry Sanada, Michael Minder, Bruce Sanders, Jamie Burrows, Ted Jacobson & Iris Jacobson for breach or (sic) contract, wrongful foreclosure, fraud, etc. Pending in Tulare County Superior Court as case no. VCU284145."

The value of this asset is scheduled by the Debtor in the amount of $5,000,000.00. A true and correct copy of this portion of Debtor's Schedule "B" is filed concurrently with this Motion as Exhibit "B". Both Magnolia Park and Magnolia Group are co-plaintiffs in the matter. This lawsuit was filed on September 9, 2020.

5. Debtor also filed an earlier cross-complaint against Ted and Iris Jacobson in San Luis Obispo County Superior Court on or about April 19, 2019, arising from the same set of

operative facts as those alleged in Tulare County Superior Court case no. VCU284145. The San Luis Obispo County Superior Court case is case no. 17CVP–0145. That matter alleges causes of action for breach of contract, interference with contractual relations, unjust enrichment and violation of Civil Code section 2943 among other related claims.

6. These lawsuits are not exempted by the Debtor and the Trustee does not believe the claims therein are able to be exempted by the Debtor.

7. Ted and Iris Jacobsen are scheduled as having a non-priority claim against the Debtor arising from the lawsuit in the amount of $379,890.16. A true and correct copy of these portions of Debtor's Schedule "F" is filed concurrently herewith as Exhibit "C". This claim has been discharged notwithstanding the judgment that is being entered into.

8. The settlement for which Court approval is sought involves the lawsuits identified in paragraphs 4 and 5 above. Ted and Iris Jacobson filed a complaint for breach of lease agreement, waste and treble damages in San Luis Obispo County in case no. 17CVP-0145 on June 12, 2017. They have not asserted a cross-complaint in Tulare Superior Court case no. VCU284145.

9. The business of Magnolia Group was the ownership of real property located at 2948 and 2950 East Douglas Ave., Visalia, CA, and 1331 Lewis Lane, Tulare CA. The East Douglas property was foreclosed on in November of 2019. The Lewis Lane property was foreclosed upon on June 30, 2020.

10. Magnolia Park filed a Chapter 11 case on December 19, 2019, in the United States Bankruptcy Court for the Eastern District of California, under case number 2019-15279 and the case was dismissed on September 18, 2020. The Magnolia Group, Inc. filed a Chapter 11 in the United States Bankruptcy Court, Eastern District of California December 19, 2019, and the

3

case was dismissed on July 20, 2020.

11. The Trustee intends on entering into a Settlement Agreement with Ted and Iris Jacobson. A true and correct copy of the Settlement Agreement is filed concurrently with this Motion as Exhibit "D". The main points of the Settlement Agreement are:

    a. Payment of $15,000 to this Chapter 7 estate.

    b. A stipulated judgment in favor of Ted and Iris Jacobson; a true and correct copy of which is filed concurrently herewith as Exhibit "E". This is a discharged and non-enforceable judgment as to the Debtor.

    c. Ted and Iris Jacobson shall have judgment against the Debtor, but will waive any claim against the Chapter 7 estate.

12. By this Motion, the Trustee also requests that the Court authorize him to maintain the necessary authority, as the sole shareholder, status of the Debtor as to Magnolia Park and The Magnolia Group, Inc. and be authorized to execute the Settlement Agreement and Stipulated Judgment as an officer of those two corporations. The Trustee has determined that neither Magnolia Group nor Magnolia Park have assets that are available to their creditors, other than the Superior Court litigation identified herein. In connection with the execution of the Settlement Agreement and Stipulated Judgment, the Trustee has called a special shareholder meeting to vote to wind up and dissolve the entities and if necessary, file certificates of dissolution in Nevada and Delaware.

13. While the Trustee does not anticipate any interest in the sale and use of these assets by other parties due to the complexity of litigation and the negative equity in the business entities, the $15,000 payment is subject to higher and better bid. It is possible the Debtor might bid, and the Trustee will accept her bid if it is the successful bid. A successful bidder would

result in buying the claims the Debtor has against Ted and Iris Jacobson. In the event of overbid, the Trustee recommends that an interested party should comply with this procedure:

    a. Provide certified funds in the amount of $15,000 plus the initial over-bid prior to the time of the sale, and no later than the close of business on August 3, 2022 to James E. Salven, 2501 W. Shaw #122, Fresno 93711.

    b. Proof in the form of a letter of credit, or some other written pre-qualification for any financing that may be required to complete the purchase of the subject property sufficient to cover the necessary overbid amount.

    c. Proof that any successful over bidder can and will close the sale within 30 days of delivery of a certified copy of the Court's order approving the sale and execute a purchase agreement for the subject property.

    d. Any successful overbid shall have the $15,000 deposit applied to the successful overbid price.

    e. In the event a successful over bidder fails to close the sale within 30 days of delivery of a certified copy of the Court's order approving the sale and execute a purchase agreement for the subject property, the Trustee shall be entitled to retain the sum of $5,000 of the certified funds

    f. Overbids may be made by attending, via Courtcall the hearing telephonically by dialing 1-866-582-6878. A Courtcall reservation should be made no later than the day before hearing.

    h. All overbids shall be in the minimum amount of $1,000.00.

16. The Trustee's position as to the A&C Properties factors is summarized as follows:

5

. (a) <u>Probability of success</u>. The facts giving rise to the complaints of the Debtor, her co-debtor Arnulfo Gonzalez, her business entities, and the Jacobsons' complaint against Debtor, are complicated and span several years in time. The Trustee is faced with trying to find a qualified attorney who would be willing to take the case on a contingency to unravel the foreclosure and obtain a monetary judgment. This factor alone makes the probability of success very remote. Even with competent contingency fee counsel, the Trustee believes that the complicated fact pattern does not create a clear path to a successful judgment.

(b) <u>Difficulties of collection</u>. The Trustee believes that if he were successful, collection would not be difficult.

(c) <u>Difficulty of litigation</u>. The Trustee views the litigation to be difficult involving multiple witnesses, transactions and documentation to present at the time of trial.

(d) <u>Interest of the creditors</u>. The Trustee believes that the settlement serves the interests of the creditors because it obtains a sum certain for the estate without the expenditure of attorneys' fees that would be paid out as administrative expenses. Because the Jacobsons waive their claims against the Chapter 7 estate, the resulting share of funds distributed to the other general unsecured creditors increases.

17. It is the Trustee's recommendation based upon his business judgment that the requested relief in this Motion is in the best interest of the estate.

WHEREFORE, THE TRUSTEE PRAYS AS FOLLOWS:

1. That this Motion be granted;

2. That the Court authorize the sale of the Chapter 7 estate's interest in the litigation described herein for the sum of $15,000, subject to higher and better bid;

6

3. That the Trustee be authorized to utilize the stock in the Debtor's corporations in Magnolia Park and The Magnolia Group, Inc. to enter into the Settlement Agreement described herein;

4. That the Trustee be authorized to compromise the claims of Ted and Iris Jacobson under Bankruptcy Rule 9019;

5. That the Trustee be authorized to execute such further documents as may be necessary to complete the transactions described herein; and

6. For such other and further relief appropriate under the circumstances of this case.

Dated: July 13 2022

D. Max Gardner, Attorney for Chapter 7 Trustee James E. Salven