**ESPARANZA HANSEN GONZALEZ**
43318 Millwood Road
Dunlap, California 93621
(559) 972-6686
esperanzahgonzalez@gmail.com

FILED
SEP -7 2022
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

TJOF

ESPERANZA HANSEN GONZALEZ, IN PRO PER

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF THE STATE OF CALIFORNIA

Bankruptcy Case No.: 2021-11034

Chapter 7

IN RE:

ESPERANZA HANSEN GONZALEZ

MOVANT AND

DEBTOR

DC no.DMG-4.

Date: September 14, 2022

Time: 1:30 pm

Place: Ctrm 11, 5th Floor

2500 Tulare St.

Fresno, Ca

Judge: Hon Jennifer E. Niemann

UPDATED OPPOSITION TO SALE OF STATE LITIGATION AND

MOTION TO COMPROMISE CIVIL LITIGATION AND

{Bankruptcy rule 9019} & (11 U.S.C. Section 363)

UPDATED OPPOSITION AND RESPONSE NOTICE TO SALE OF CIVIL LITIGATION AND DISSOLUTION OF TWO CORPORATIONS

(

AFFIRMED OPPOSITION TO LIQUIDATE CORPORATIONS

BANKRUPTCY RULE 9019 & 11 U.S.C. SECTION 363

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

In re

Esperanza Hansen Gonzalez, Case No. 21-11034

Debtor. DC No. DMG 4

TO ALL PARTIES IN INTEREST

NOTICE IS HERE GIVEN THAT an updated opposition has been entered into the record by debtor above in the scheduled date above.

The opposing party is the above-named debtor

Updated opposition of Motion to compromise claims and interest in property ( State Court Civil Litigation and opposition to dissolution of Corporations: Magnolia Group, Inc and Magnolia Park Assisted Living pursuant to new set facts related and relevant facts and information not available to Esperanza Hansen Gonzalez respectfully opposes the sale of the state court civil litigation and dissolutions of the above named corporations. The corporations cannot be dissolved because they made and renewed new contracts with the elderly who are to receive life care after November 15, 2021 . The purchasers of the corporations knew or should have known the liability they were buying. An order to grant the dissolution puts the elderly in immediate crisis of home and environment. In addition, the new information made available to debtor strongly suggests that there was wrong doing and breach of fiduciary duty which nullify all decisions made by trustee James E. Salvan, pursuant to 11 U.S.C. §

UPDATED OPPOSITION AND RESPONSE NOTICE TO SALE OF CIVIL LITIGATION AND DISSOLUTION OF TWO CORPORATIONS

2

324(a). 3. As shown by the attached exhibit, the Trustee has breached his fiduciary duty owed to debtor by acting collusively with counsel for a creditor. The group of emails in Exhibit A, speaks for itself. Trustee Salvan initially offered to sell the Jacobson litigation to debtor, Esperanza H. Gonzalez for $20,000.00 but failed to perfect the transaction with debtor as agreed by phone on or about June 2, 2022. Trustee had already made promises and agreements which later surfaced to light. He had made an agreement to sell the litigation from underneath debtor to the Defendants, the Jacobsons, for $5,000.00 less than debtor's original offer. Trustee Salvan nor his attorney notify debtor that the trial at the state court to take place on June 27, 2022 was not going to be allowed and instead they proceeded to an agreement that had not been perfected in favor of the Jacobsons nor could such agreement be lawful without this Court approval. Salvan's bias against debtor assisted him in aborting and vacating the trial with tactics and agreements made with the defendants to allow them to access and purchase the state court litigation and by this vehicle vacate the trial dependents knew is for them to lose.. See Exhibit C. Debtor was at no time informed by trustee or his attorney she could not proceed with the state litigation against defendants, the Jacobsons. Trustee Salvan and his attorney, Gardner elected to ignore the laws and rules found in: 11 U.S.C. § 324(a) The facts found in Exhibit A, conveys and affirm a strong bias and prejudice against debtor and contributes creditability to Exhibit B. The facts in exhibit B as described in it, depicts a correlated participation of interested parties to sell the litigation from underneath debtor to benefit their chosen parties at the exclusion of debtor. Debtor strongly believes the authenticity of exhibit B can be verified by obtaining a subpoena for communication records between Oscar, Salvan's assistant and Pool himself. Debtor adds the detrimental actions of ex- attorney, Justin D. Harris, who appears to have acted in concert by deliberately allocating $0,00 value to the two corporations in the schedules filed in this court intentionally done to "keep trustee Salvan from selling the corporations"; is what Harris offered to debtor when debtor learned what her attorney had entered and by then it was too late, the trustee had already negotiated to benefit ABLP by use of that tactic. As per attorney Harris, that was planned and agreed

UPDATED OPPOSITION AND RESPONSE NOTICE TO SALE OF CIVIL LITIGATION AND DISSOLUTION OF TWO CORPORATIONS

3

between Oscar, Salvan and Harris. These tactics facilitated the practice to send debtor empty schedules for signature by attorney Harris. Harris only stated "you need to trust me" when debtor learned the facts much, much later during the bankruptcy hearings and confronted Harris. Harris strongly discouraged debtor's attendance to the hearings. To this day Harris refuses to hand over debtor files and service agreements between debtor and attorney and in fact never gave service contracts for any of the different matters Harris litigated for debtor. Debtor believes that Harris communications and other parties spoken about in Exhibit B can shed light to what really went on in her case, absent those communications, debtor may not be able to discover just how deep the intricacies and questionable practices are. This can be remedied with an order by this Court to subpoena those records plus the records of the other interested parties. This will be left to the discretion of this Court. On the surface exhibit B suggests efforts made to induce the state court judge to rule in favor of the defendants without the true facts and appears it was the Trustee Salvan knew or should have known that the sale of the Jacobson litigation could not be perfected before the trial date of June 27, 2022 because this court had not yet approved that sale. The trustee and his attorney's lack of response to debtor's requests to be allowed to buy her litigation caused their desire level of confusion which resulted in a vacated trial which was their goal the whole time. Trustee Salvan never advised debtor she could not proceed with the trial at the state court. In fact Trustee Salvan stated to debtor on the phone on June 24, 2022, "the trial should go on as it was set" Mr. Gardner instead proceeded to botch the hearings to sell the litigation with defective noticing. His actions and botched hearings have added another layer to an already botched sale of the litigation. Mr. Gardner has burned days and resources trying to run out the clock and an effort to keep debtor from properly pursuing my litigation against the defendants, the Jacobsons. Gardner continues with his original intent and choice to this day, and that also adds credibility to the letter received from Pool's office, exhibit B. The text in exhibit B inflicted a strong emotional journey for debtor as well as a need to know and understand its contents as well as why trustee offered to sell the litigation to debtor when he never in fact intended to

UPDATED OPPOSITION AND RESPONSE NOTICE TO SALE OF CIVIL LITIGATION AND DISSOLUTION OF TWO CORPORATIONS

4

and proceeded with a motion to sell the litigation to the Jacobsons. It is evident and very clear debtor was never going to be allowed to purchase the litigation and the plan had been pre-casted in favor of the Jacobsons in the fullness of strong case of bias on trustee's part against debtor. Trustee Salvan's bias against debtor is the single reason trustee James E. Salvan should be removed from debtor Esperanza H. Gonzalez's case, pursuant to U.S.C. 11 § 324(a). authorizes a bankruptcy court, "after notice and a hearing," to "remove a trustee . . . for cause." The Code does not define cause, so bankruptcy "courts are left to make the determination on a case-by-case basis." In re Boyd, 2008 Bankr. LEXIS 2361, 2008 WL 4372948, at *3 (BAP 6th Cir.); In re Haugen Constr. Serv., Inc., 104 B.R. 233, 240 (Bankr. D.N.D. 1989). "Typical cause for removal includes incompetence, misconduct in office, conflict of interest, or other violations of fiduciary duties the trustee owes to the estate and its creditors." 2008 Bankr. LEXIS 2361, [WL] at * Here, It includes conflict of interest, misconduct, violation of fiduciary duty and even incompetence. Why did trustee agree to sell the Jacobson litigation for $5,000.00 less than debtor's offer knowing that the litigation against the defendants is worth a minimum of $5,000,000.00. Trustee failed to address the state court ruling (3 rulings) against defendants which includes the demurrer. The state court judge explicitly outlines why the Paso Robles/San Luis Obispo lawsuits are not the same thing, hence his ruling. See Exhibit D. Here, trustee Salvan ignores these facts and proceeds with his conflict of interest and abandons his duties as a trustee of debtor's estate.

For reasons and corresponding facts outlined above, debtor seeks the following orders and approvals:

1) Denial of sale of state court civil litigation in the Jacobson matter.

2) Grant order or Authorization by this Court to debtor to continue with state court civil litigation

UPDATED OPPOSITION AND RESPONSE NOTICE TO SALE OF CIVIL LITIGATION AND DISSOLUTION OF TWO CORPORATIONS

5

3). Denial of dissolution of the Magnolia Group, Inc and Magnolia Park, both the known corporations.

*Esperanza Hansen Gonzalez*

Dated September 1, 2022

ADDENDUM

I, Esperanza H. Gonzalez, debtor, declare under penalty of perjury the below named individuals were noticed and served at their respective addresses including email addresses.

James E. Salvan            via email @ jim@salven-cpa.com

P.O. Box 25970

Fresno California 93729


Office of the U.S Trustee

United States Courthouse

2500 Tulare Street, room 1401

Fresno California 93721


Don J. Pool            via email @ dpool@fennemorelaw.com

8080 N Palm Ave, Third Floor

P.O. Box 289021


D. Max Gardner, ESQ.        via email @ dmgardner@dmaxlaw.com

930 Truxtun Ave, Suite 203

Bakersfield, California 93301


UPDATED OPPOSITION AND RESPONSE NOTICE TO SALE OF CIVIL LITIGATION AND DISSOLUTION OF TWO CORPORATIONS