**ESPERANZA HANSEN GONZALEZ**
43318 Millwood Road
Dunlap, California 93621
(559) 972-6686
esperanzahgonzalez@gmail.com

ESPERANZA HANSEN GONZALEZ, IN PRO PER

73

```
                              FILED

                           FEB 1 4 2023

                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF CALIFORNIA
                                          +j0+
```

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF THE STATE OF CALIFORNIA

Bankruptcy Case No.: 2021-11034

Chapter 7
IN RE:

ESPERANZA HANSEN GONZALEZ

DC no.DMG-5
Date: February 15, 2023,
Time: 1:30 pm
Place: Ctrm 11, 5th Floor
2500 Tulare St.
Fresno, Ca

DEBTOR

JUDGE: Hon Jennifer E. Niemann

1) DEBTOR'S RESPONSE AND OPPOSITION TO MAX GARDNER'S REPLY
TO OPPOSITION TO APPLICATION OF SERVICE FEE

2) DEBTOR REQUESTS INDEPENDENT AUDIT AND REVIEW OF TRUSTEE
CASE FILE PURSUANT TO 28 U.S.C. § 586 FOR CAUSE.

---

**1**
RESPONSE TO MAX GARDNER'S JANUARY 25, 2023 RESPONSE TO OPPOSITION TO FEE APPICATION

1   I am Esperanza Hansen Gonzalez and resident of Tulare County. I have personal knowledge of this matter and
2   if called I can testify and hereto make the following statements under penalty of perjury. This is the declaration
3   of debtor Esperanza Hansen Gonzalez in opposition to Max Gardner service fee application to this Court
4   which is scheduled to be heard on February 15, 2023. I am in receipt of Mr. Gardner's response to my
5   opposition to his service fee application. In his response to his reply to debtor's opposition, Mr. Gardner,
6   makes a general mention of emails he received from debtor. He mentions the number of emails but offered no
7   specifics which, if specifically mentioned, would have supported debtor's opposition. The fact is that Mr.
8   Gardner has communicated with debtor through a veil of obscurity and intentional confusion. The emails
9   evidence the lack of care to the various matters that surfaced throughout the case during his acting role as
10  attorney for the Trustee, Mr. James E. Salven. The majority of above referenced emails have previously been
11  submitted to this Court by this debtor. Mr. Gardner stated incendiary and inaccurate statements during the
12  January 25, 2023 hearing of which the only possible value would be to incite negative emotions against debtor
13  from this Court and court clerks. The truth is that Mr. Gardner suffers from a chronic inability to properly
14  serve documents to the extent this Court has extended and rescheduled court hearings secondary to above
15  mentioned professional deficit throughout debtor's case. It is a fact that Mr. Gardner has violated the very
16  conditions of his employment contract as attorney for Trustee while violating debtor's rights. See Max
17  Gardner's application to represent Trustee James E. Salven. The employment specifies his duties and
18  specifically, financial advice to Trustee, was prohibited.  Mr. Salven regularly relied on Mr. Gardner for
19  Financial advice. The emails above referenced evidence that. Another inherent disqualification was a conflict
20  of interest, which he has. He refuses to acknowledge the conflict of interest but his denial is because he
21  believes in plausible deniability. Mr. Gardner did consult with debtor and her husband prior to him applying to
22  act as the Trustee's attorney in her bankruptcy chapter 7 case. The above discussed and many other issues that
23  have surfaced during the course of my chapter 7 bankruptcy case of which debtor did not know, was not aware
24  or could not have known before. This debtor was not aware of the illegal, unofficial $0 value schedules
25  standard practice on asset cases used within the Fresno – Bakersfield Bankruptcy Community. Debtor was
26  made aware post her attorney Justin Harris. The gross negligence by previous counsel, Justin Harris and the
27  gross negligence, extreme case of bias and pre-existing prejudice by assigned Trustee, Mr. Salven and his
28  attorney, Max Gardner, only leave three possible options to restore fairness,  law, and order under the legal

preset statues to debtors chapter 7 bankruptcy case. The three viable options are:

    1) Set aside application for service fees contingent upon findings of Independent audit and review of trustee's case file simultaneously with Mr. Gardner's actions in the case. Debtor be ordered to pay a $10% interest fee subject to _**NO**_ findings of gross negligence , breach of fiduciary duties or reckless conduct and moral turpitude by Mr. James E. Salven and Gardner.

    2)  This Court to order an independent audit and review of Trustee case file pursuant to 28 U.S.C. § 586 for cause.

    3) Reopen debtor's case. Debtor believes she has found an attorney to carry the court case. It was not and never has been the desire of debtor to be her own attorney. Mr. Salven and Gardner have disparaged debtor and discourage potential attorneys from taken her case.

Debtor places above requests with outmost respect to the discretion of this Court and prays requests be granted.

Respectfully submitted,

Esperanza Hansen Gonzalez

Date: February 13, 2023

**RESPONSE TO MAX GARDNER'S JANUARY 25, 2023 RESPONSE TO OPPOSITION TO FEE APPLICATION**

**ESPERANZA HANSEN GONZALEZ**
43318 Millwood Road
Dunlap, California  93621
(559) 972-6686
esperanzahgonzalez@gmail.com

ESPERANZA HANSEN GONZALEZ, IN PRO PER

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF THE STATE OF CALIFORNIA**

Bankruptcy Case No.: 2021-11034

Chapter 7
IN RE:

ESPERANZA HANSEN GONZALEZ

DC no.DMG-5
Date: February 15, 2023,
Time:  1:30 pm
Place: Ctrm 11, 5th Floor
2500 Tulare St.
Fresno, Ca

DEBTOR

JUDGE: Hon  Jennifer  E. Niemann

1) DEBTOR'S RESPONSE AND OPPOSITION TO MAX GARDNER'S REPLY
TO OPPOSITION TO APPLICATION OF SERVICE FEE

2) DEBTOR REQUESTS INDEPENDENT AUDIT AND REVIEW OF TRUSTEE
CASE FILE PURSUANT TO 28 U.S.C. § 586 FOR CAUSE.

SECTION 704(a)(2)

1
**RESPONSE TO MAX GARDNER'S JANUARY 25, 2023 RESPONSE TO OPPOSITION TO FEE APPLICATION**

I am Esperanza Hansen Gonzalez and resident of Tulare County. I have personal knowledge of this matter and if called I can testify and hereto make the following statements under penalty of perjury. The following are supporting statements and supporting documentation in support of opposition to Max Gardner application for service fees. It includes a table of contents of already existing or previously submitted documents to this Court, but will include hereto for clarity, relevancy and context.

It is debtor's long held position that her chapter 7 bankruptcy case has being administered under a veil of obscurity and confusion with a huge smoking screen door. The issues that emerged stem from a long and deeply rooted sense of "righteousness" and need to exact Mr. James E.Salven's personally held brand justice on debtors he represents. Mr. Salven's brand is supported within the Fresno and Bakersfield bankruptcy legal community. They have an unspoken standard of practice known within their trusted circle as "$0"value on asset cases. This debtor's case is an asset case. From inception, the attorney for debtor, Justin Harris, and trustee Salven, and salven's assistant, "Oscar" had a plan. The above mention was not known to debtor at that time. This debtor consulted with various attorneys in Fresno and all over California. It was two attorneys who were aware of the practices referenced above and do not participate in them, who opened debtors's eyess as to what really is happening. There were two factors adding to the already complexity of her case. 1) Harris and Hagop Bedoyan were the two attorneys active in the 2022 advisory bankruptcy court committee. Hagop Bedoyan had been her attorney after her divorce. She fired him after he tried to get her to go out with him . She then learned later of his love life and wanted nothing to do with him. Hagop Bedoyan had information of her corporations and personal finances. He strongly discouraged her from being a nurse or retaining her dream of being one and helping people. She found Mr. Harris was sounding a lot like Bedoyan and became curious. Mr. P, a bankruptcy Fresno attorney would later confirm her suspicions and he told her how the cow ate the cabbage, meaning, how some bankruptcy attorneys and trustees work. He told her not to fight the city hall because she would never win. Debtor has learned that gross negligence and breach of fiduciary duties have occurred in the administration of her chapter 7 estate by those administering and includes attorney Justin Harris. Mr. P pointed out at the time of her consult with him that Mr. Harris had huge conflicts and specifically his representation of her in the state court action and as my chapter 7bankruptcy. Since then debtor has also learned that the transactions trustee Salven and Mr. Gardner have made as the trustee of her estate in chapter 7 were not made at arm's length as required by the laws as prescribed in the Trustee Hand Book.

### _FIDUCIARY DUTIES OF CHAPTER 7 TRUSTEE/HANDBOOK_

## FINANCIAL POLICIES, PROCEDURES AND REPORTING REQUIREMENTS

CHAPTER 5 PAGES 5-1 of the handbook states the following: Section 704(a)(2) requires the trustee to be accountable for all property received. This statutory duty of accountability and the trustee's responsibilities as fiduciary of the bankruptcy estate require the trustee to establish and maintain adequate procedures for asset administration and case progress, investing and protecting estate assets and funds, and financial record keeping and reporting.

In this debtor's case, the above policies and procedures were breached and violated as established.

Mr. Salven literally has a backdoor. He is known in his community a trustee who does backdoor deals

He lists his address but when you do go drop off documents, the front door is dark and the people

there tell you he is not there but what about his true address. The assistant says very quietly, "just go

around to the back" and the back does not have a number or name posted on it. Mr. Salven then

claims he did not get the documents delivered as it happened to Mrs. Suarez.when she dropped

cashier checks. This was also the experience of this debtor. Debtor can only deduct that Mr. Salven

failed, as trustee, to properly administer the assets of her chapter 7 estate. Even of this moment of

writing, Mr. Salven egregiously and erroneously believes that debtor was given a $1,050,000. loan

by Ted and Iris Jacobson and said loan debtor did not pay and that justifies Mr. Salven's self- pointed

brand of "Rightouness" which was backed up by Mr. Gardner as Mr. Salven deceived debtor and

other bidders from properly bidding in that particular litigation interest in the state court action. Ted

and Iris were both being held as defendants and sued as individuals. Fast forward to the emails

between Mr. Salven Mrs. Suarez and Mr. Gardner, Mr. Salven was asking $9,000.00 for Jamie

Burrows and $9,000.00 for Mike Minder. This too served as a smoke screen to present to the judge

and US Trustee that he was doing his job but that was far from it. Ted and Iris only paid $15,000.00.

for both. There was $0 collected from ABLP Properties of Visalia, $0 collected from Jerry Sanada

and $0collected from Bruce Sanders. Further, the emails between Mrs. Suarez, Salven and Gardner, it

appears evident that Mr. Salven had his mind made up and the deal had been sealed as to the

Jacobsons. Pursuant to the statutory duty of accountability in section 704(a)(2), The Trustee is required to be accountable for all property received. Mr. Salven and Gardner had strategized with Harris from the start the backdoor deals were in and the law that govern them as professionals was out. How can the Trsutee account for his actions otherwise? There is no more obscurity to the blank schedules given to debtor to sign the harris and Salven filled them in. Debtor was then asked to trust. The schedules and the values to the corporations were filled by Harris and Salven as $0.00. This is consistent with the unofficial bankruptcy illegal standard of practice within their circle , just as Mr. P explained to debtor  post Justin Harris's representation. Harris was also representing debtor in the state court action, since then, debtor has learned that Harris was doing so in direct conflict of interest and most likely the reason Mr. Harris refuses to provide me with all my files and neglects to give me a copy of the contract I was supposed to sign because he says he never drafted one. Debtor does not believe any transactions of her chapter 7 estate were done at arms length thus resulting in fraud and breach of fiduciary duties with gross negligence in which the involved defendants and their attorneys all participated. My state court case was completely botched and my claims were never properly litigated. The evidence existing in each court would validate my stand. The claim for fraudulent and wrongful foreclosure is a valid one. My claim against the Jacobson's for fraudulent property lien was also a valid one and had a 99.9% chance of prevailing in the state court. The judge there, Bret Hillman, had already ruled three times against them but Mr. Salven in his infinite lack of legal or professional aptitude or  knowledge,  no disrespect to Mr. Salven, chose to ignored the over ruled demurrer against the Jacobsons and instead proceeded to exact his brand of justice against debtor thereby manifesting as he asserted once again his strong prejudice and preexisting bias. There were more egregious and premeditated actions by Salven, Harris and Gardner when they completed my schedules as they listed the lawsuit and the various individuals. The value of the litigation interest

against the Jacobsons was valued at the minimum of $5,000,000. Mr. Salven refers to the this number but misstates the values again as he references ABLP. This is a perfect example of how under qualified Mr. Salven was to administer the estate of my chapter 7. He did not have the business or legal knowledge to do so. Mr. Gardner was invited to the party and he later backed the poor fiduciary decisions Mr. Salven was making. This is consistent with a the illegal back door unsanctioned practices existing in the Fresno legal community. It evokes an image in debtor's mind. The image of hyenas on the hunt  in the Sahara Dessert during a hot summer day. They hunt and capture of a young lioness to devour but will never be satiated so no doubt they are still hunting others. The hyenas, however, are wild and not held to any professional standards or ethics or rules or laws. Mr. Gardner and Mr. Salven are and even though Mr. Gardner is proud of his 30 years, he should adhere to the laws that govern his profession and for that we need an audit and a review.

Respectfully submitted,

Esperanza Hansen Gonzalez

Debtor in PRO PER

Date: February 13, 2023

RESPONSE TO MAX GARDNER'S JANUARY 25, 2023 RESPONSE TO OPPOSITION TO FEE APPICATION

I am Arnulfo Gonzalez, a resident of Fresno County. I have personal knowledge of this matter and can testify hereto to if called. I make this declaration under penalty of perjury. On or about in the months of November and December 2019; we consulted with various bankruptcy attorneys. We were told that we needed that type of attorney. Mr. Max Gardner was one of the attorneys we consulted with. At the time he told us that our case was very, very complicated. He referred us to Mr. Justin Harris in Fresno. Fast forward to *Sept,* 2021, we were informed by Harris that Mr. Gardner would be representing Mr. Salven; the trustee in debtor's chapter 7. I was confused. Mr. Harris reassured debtor and me that "there was nothing to fear" Harris stated that it was Mr. Gardner who had referred us to him and that nothing could go wrong as he said, "you just need to trust me."

Date: February 09, 2023

Arnulfo Gonzalez

**RESPONSE TO MAX GARDNER'S JANUARY 25, 2023 RESPONSE TO OPPOSITION TO FEE APPICATION**

1

**D. MAX GARDNER, ESQ. (CSB No. 132489)**
930 Truxtun Ave., Suite 203
Bakersfield, CA 93301
661-864-7373 tel.
661-864-7366 fax
dmgardner@dmaxlaw.com

Attorney for Chapter 7 Trustee James E. Salven

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

Bankruptcy Case No.: 2021-11034

IN RE:

Chapter 7

ESPERANZA HANSEN GONZALEZ

DMG-1

DEBTOR.

## APPLICATION TO EMPLOY ATTORNEY FOR THE CHAPTER 7 TRUSTEE

TO THE HONORABLE JENNIFER E. NEUMANN, UNITED STATES
BANKRUPTCY JUDGE:

Chapter 7 Trustee James E. Salven ("Trustee") represents as follows:

1. Debtors filed a voluntary petition under Chapter 7 of the United States Bankruptcy
Code on April 23, 2021  James E. Salven is the acting Chapter 7 Trustee in this case.

2. Trustee applies to employ D. Max Gardner, ("Gardner") 930 Truxtun Ave., Suite 203,
Bakersfield, CA 93301, as his attorney of record during the bankruptcy proceeding herein.

3. Gardner's role and responsibility as attorney for the Trustee will be:

APPLICATION TO EMPLOY ATTORNEY FOR THE CHAPTER 7 TRUSTEE

1

a. to advise and consult with the Trustee during the administration of the estate concerning the rights, responsibilities and remedies of the Trustee with regard to the assets of the estate and the claims of creditors;

b. to assist in preparing such pleadings, motions, notices, and orders as are required for the orderly administration of this Chapter 7 case. These duties may include seeking the employment of professionals, motions to sell assets, motions to compromise claims, and if applicable, actions pertaining to the Trustee's voiding powers under 11 U.S.C. Section 547 and 548, and such other matters as may be necessary to administer the case. Specifically, it is anticipated that the Trustee may object to and/or adjust claims in the case and further sell an interest in the Debtor's assets where counsel would be of assistance.

4. The scope of Gardner's representation shall be as general bankruptcy counsel to the Trustee. Gardner shall not perform any of the following:

a. Accounting services. Gardner will not audit Debtor's financial information, render tax advice, prepare tax filings or prepare the monthly reports of operation.

b. Financial and business advice. Gardner will not render financial advice as to the Debtor's estate.

5. Trustee selected Gardner for the following reasons:

a. Gardner is familiar with bankruptcy practice and debtor-creditor law;

b. Gardner is experienced in representing debtors and trustees in proceedings filed under Chapter 7 of the United States Bankruptcy Code; and

c. Trustee believes that Gardner is qualified to act as its attorney of record.

6. Gardner has no interest adverse to the Trustee or the estate in any of the matters upon which he is to be engaged, and Trustee believes that the employment of Gardner will be in the best interest of the estate.

7. Based upon the Declaration of D. Max Gardner filed concurrently with the application, Trustee believes that Gardner does not hold or represent an interest adverse to that of

APPLICATION TO EMPLOY ATTORNEY FOR THE CHAPTER 7 TRUSTEE

2

1  the Trustee.  Trustee believes that Gardner is a disinterested person within the meaning of 11

2  U.S.C. Section 101(14) and has no connection with Debtor, Trustee, Debtor's creditors, parties

3  in interest, their attorneys and/or accountants, the United States Trustee, or any person employed

4  by the Office of the United States Trustee, or any person employed by the Office of the United

5  States Trustee except as may be set forth in the Declaration of D. Max Gardner filed

6  concurrently with this application.

7        8.  Compensation paid to Gardner will be based on his normal and usual hourly

8  billing rate as described below plus reimbursement for costs incurred by him.  Any

9  compensation paid to Gardner will be paid after application and approval by the Court.

10  Trustee is informed that the normal billing rates for persons who will provide legal

11  services to Debtor are:

12        D. Max Gardner          $310. 00 per hour

13        Legal Assistants          $75.00 per hour

14        WHEREFORE, Trustee requests that he be authorized to employ Gardner as his attorney

15  of record to render service in the areas described above with compensation to be paid as an

16  administrative expense in such amounts as the Court may hereinafter determine and allow.

17  Dated: October 21 , 2021

18                              James E. Salven, Chapter 7 Trustee

27        APPLICATION TO EMPLOY ATTORNEY FOR THE CHAPTER 7 TRUSTEE

3

1  | D. MAX GARDNER, ESQ. (CSB No. 132489)
2  | 930 Truxtun Ave., Suite 203
   | Bakersfield, CA 93301
3  | 661-864-7373 tel.
   | 661-864-7366 fax
4  | dmgardner@dmaxlaw.com

5

6  | Attorney for Chapter 7 Trustee James E. Salven

7  |                    UNITED STATES BANKRUPTCY COURT
   |                     EASTERN DISTRICT OF CALIFORNIA

8  |                                          Bankruptcy Case No.: 2021-11034

9

10 | IN RE:                                   Chapter 7

11 | ESPERANZA HANSEN GONZALEZ.               DMG-1

12 |                    DEBTOR.

13

14

15 |           DECLARATION OF D. MAX GARDNER IN SUPPORT OF APPLICATION
16 |                 TO EMPLOY ATTORNEY FOR CHAPTER 7 TRUSTEE

17

18 | I, D. Max Gardner, declare as follows:

19 | 1. I am a resident of Kern County, California. I make this declaration based upon my

20 | own personal knowledge and could competently testify to the matters contained herein if called

21 | upon to do so. I am the proposed attorney to the Chapter 7 Trustee, James E. Salven.

22 | 2. Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy

23 | Code on April 23, 2021.

24 | 3. Trustee wishes to employ me as his attorney of record during the bankruptcy

25 | proceeding herein.

26 | 3. My role and responsibility as attorney for the Trustee will be:

27 | DECLARATION OF D. MAX GARDNER IN SUPPORT OF APPLICATION TO EMPLOY ATTORNEY FOR
   |                          THE CHAPTER 7 TRUSTEE
   |                                      1

      a. to advise and consult with the Trustee during the administration of the estate concerning the rights, responsibilities and remedies of the Trustee with regard to the assets of the estate and the claims of creditors;

      b. to assist in preparing such pleadings, motions, notices, and orders as are required for the orderly administration of this Chapter 7 case. These duties may include seeking the employment of professionals, motions to sell assets, motions to compromise claims, and if applicable, actions pertaining to the Trustee's voiding powers under 11 U.S.C. Section 547 and 548, and such other matters as may be necessary to administer the case. Specifically, it is anticipated that the Trustee may object to and/or adjust claims in the case and further sell an interest in the Debtor's assets where counsel would be of assistance.

      4. The scope of my representation shall be as general bankruptcy counsel to the Trustee. I will not perform any of the following:

      a. Accounting services. I will not audit Debtor's financial information, render tax advice, prepare tax filings or prepare the monthly reports of operation.

      b. Financial and business advice. I will not render financial advice as to the Debtor's estate.

      5. I am familiar with bankruptcy practice and debtor-creditor law. I am experienced in representing debtors and trustees in proceedings filed under Chapter 7 of the United States Bankruptcy Code. I have represented debtors-in-possession in Chapter 11 cases during my career. I have extensive litigation experience in bankruptcy adversary proceedings and contested matters. I believe I am qualified to act as the Trustee's attorney of record.

      6. I have no interest adverse to the Trustee or the estate in any of the matters upon which he is to be engaged.

      7. I believe that I am a disinterested person within the meaning of 11 U.S.C. Section 101(14). I disclose the following connections with Debtor, Trustee, Debtor's creditors, parties in

DECLARATION OF D. MAX GARDNER IN SUPPORT OF APPLICATION TO EMPLOY ATTORNEY FOR THE CHAPTER 7 TRUSTEE
2

interest, their attorneys and/or accountants, the United States Trustee, or any person employed by the Office of the United States Trustee as follows:

a. This is my second case in which I would represent James E. Salven as a Chapter 7 Trustee. Previously I represented a Debtor in a Chapter 11 proceeding in which Mr. Salven was a Court-appointed restructuring officer and we worked together in administering the assets of a Chapter 11 estate and confirming a Chapter 11 plan.

b. I have attended social functions and/or have had cases involving numerous personnel employed by the Office of the U.S. Trustee including Greg Powell, Robin Tubesing, I have met Tracey Hope Davis. I have not met Justin Valencia or other trial attorney employed by the Office of the US Trustee.

c. I have had cases with Debtor's attorney, Justin Harris, over the years and have attended social functions where he is present.

8. In arriving at a determination that I am a disinterested person, as custodian of my books and records and the system in which I identify former and current clients, I utilized such system to determine that I do not hold a conflict of interest as to the debtors or their creditors.

9. Compensation paid to me will be based on my normal and usual hourly billing rate as described below plus reimbursement for costs incurred by my office. Any compensation paid to me will be paid after application and approval by the Court. My normal billing rates for persons who will provide legal services to Debtor are:

D. Max Gardner          $310. 00 per hour

Legal Assistants          $75.00 per hour

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 21, 2021, at Bakersfield, California.

D. Max Gardner

Filed 11/01/21                    Case 21-11034                          Doc 72

1  D. MAX GARDNER, ESQ. (CSB No. 132489)
2  930 Truxtun Ave., Suite 203
   Bakersfield, CA 93301
3  661-864-7373 tel.
   661-864-7366 fax
4  dmgardner@dmaxlaw.com

5  Attorney for Chapter 7 Trustee James E. Salven

6           UNITED STATES BANKRUPTCY COURT
7            EASTERN DISTRICT OF CALIFORNIA

8                                    Bankruptcy Case No.: 2021-11034
9  IN RE:                            Chapter 7
10 ESPERANZA HANSEN GONZALEZ,         DMG-1
11
12          DEBTOR.
13
14

15
16        ORDER ON APPLICATION TO EMPLOY ATTORNEY FOR THE
                       CHAPTER 7 TRUSTEE
17
          The Application to Employ Attorney for Chapter 7 Trustee ("Application") filed by the
18
   Chapter 7 Trustee James E. Salven ("Trustee") came before the Court for approval
19
          The Court, having reviewed the Application, the supporting declaration of D. Max
20
   Gardner in Support, ORDERS that the employment of D. Max Gardner is approved at Trustee's
21
   Attorney subject to 11 U.S.C. Sections 327, 329-331 and the following terms and conditions:
22
          1.  The default of the responding parties is entered.
23
          2.  No compensation or expense reimbursement is permitted except upon court
24
   order following an application under 11 U.S.C. Sections 330(a) and/or 331.
25
26
27
          ORDER ON APPLICATION TO EMPLOY ATTORNEY FOR THE CHAPTER 7 TRUSTEE

RECEIVED
October 22, 2021
CLERK, U.S BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0007029109

1          3.  D. Max Gardner's employment is authorized from the date that is 30 days

2   before D. Max Gardner filed the Motion.  The Motion having been filed on October 22, 2021,

3   employment is authorized as of September 22, 2021.

4

5  Dated: November 01 2021

6                    *Jennifer E. Niemann*

                    Honorable Jennifer E. Niemann

7                    United States Bankruptcy Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27      ORDER ON APPLICATION TO EMPLOY ATTORNEY FOR THE CHAPTER 7 TRUSTEE

                                  2

**D. MAX GARDNER, ESQ.** (CSB No. 132489)
930 Truxtun Avenue, Suite 206
Bakersfield, CA 93301
661-864-7373 tel.
661-864-7366 fax
dmgardner@dmaxlaw.com

Attorney for Chapter 7 Trustee James E. Salven

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 2021-11034 |
| ESPERANZA HANSEN GONZALEZ | Chapter 7 |
| Debtors | DC No.: DMG-2 |

## PROOF OF SERVICE

I, the undersigned, declare: I am and was at the times of the service hereunder mentioned, over the age of eighteen (18) years, and not a party to the within cause. My business address is 930 Truxtun Avenue, Suite 203, Bakersfield, CA 93301. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On November 10, 2020, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the following document(s):

1. **NOTICE OF HEARING ON MOTION TO COMPROMISE CLAIM AND INTEREST IN REAL PROPERTY;**
2. **MOTION TO COMPROMISE CLAIMS AND INTEREST IN REAL PROPERTY;**
3. **DECLARATION OF JAMES E. SALVEN IN SUPPORT OF MOTION TO COMPROMISE CLAIM AND INTEREST IN REAL PROPERTY;**

1 | In a sealed envelope, postage fully paid, addressed as follows:

2        James E. Salven                    Don J. Pool

3        PO Box 25970                    8080 N. Palm Avenue, Third Fl

       Fresno, CA 93729               Fresno, CA 93729-8902

4        Esperanza Hansen Gonzalez     Office of the U.S. Trustee

       15046 Ave 224                  United States Courthouse 2500 Tulare

5        Tulare, CA 93274               Street, Room 1401

6                                      Fresno, CA 93721

7        Justin D. Harris, Esq.

       7110 N. Fresno St. #400

8        Fresno, CA 93720

9

10

11 | [ x ]   (BY MAIL) on the date indicated below, at Bakersfield, California, by placing / / the

original or / x / a true copy thereof enclosed in a sealed envelope. I am readily familiar

12 with the firm's practice of collection and processing of documents for mailing. Under that

practice it would be deposited with United States Postal Service on that same day with

13 postage thereon fully prepaid at Bakersfield, California in the ordinary course of business.

14

15       I declare that I am employed in the office of a member of the bar of this Court at whose

16 direction the service was made.

17       Executed on November 10, 2021, at Bakersfield, California.

18

19                              /s/Kristina Spencer

                              Kristina Spencer

20

21

22

23

24

25

26

27

28



1  | D. MAX GARDNER, ESQ. (CSB No. 132489)
   | 930 Truxtun Ave., Suite 203
2  | Bakersfield, CA 93301
   | 661-864-7373 tel.
3  | 661-864-7366 fax
   | dmgardner@dmaxlaw.com
4  |
5  |
   | Attorney for Chapter 7 Trustee James E. Salven
6  |
7  |              UNITED STATES BANKRUPTCY COURT
                 EASTERN DISTRICT OF CALIFORNIA
8  |
   |                              Bankruptcy Case No.: 2021-11034
9  |
   | IN RE:                       Chapter 7
10 |
   | ESPERANZA HANSEN GONZALEZ    DC No. DMG-3
11 |
12 |        DEBTOR.
   |                              Date:  March 30, 2022
13 |                              Time: 1:30 p.m.
   |                              Place: Ctrm 11, 5th Floor
14 |                                     2500 Tulare St.
   |                                     Fresno, CA
15 |                              Judge: Hon. Jennifer E. Niemann
16 |
17 |
18 |              CHAPTER 7 TRUSTEE'S MOTION TO:
   |      1. COMPROMISE CLAIMS AND  INTEREST IN PROPERTY
19 |              (STATE COURT CIVIL LITIGATION);
   |      2. APPROVE SALE OF ESTATE'S INTEREST IN PROPERTY; and
20 |              3. APPROVE CORPORATE DISSOLUTIONS
   |                   [Bankruptcy Rule 9019]
21 |                   [11 U.S.C Section 363]
22 |
23 |    TO THE HONORABLE JENNIFER E. NIEMANN, UNITED STATES BANKRUPTCY
   | JUDGE:
24 |
25 |        /  /  /  /
26 |
27 |
   |        1

1. Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on April 23, 2021. James E. Salven is the acting Chapter 7 Trustee in this case.

2. This Motion to Compromise Claims and Interest in Property, to Approve Sale of Estate's Interest in Property and to Approve Corporate Dissolutions seeks Court approval of a settlement of State Court litigation involving the Debtor. and two of Debtor's corporations in which she is the 100% shareholder. As set forth below, a settlement agreement in which claims asserted by the Debtor will be "sold" consistent with 11 U.S.C. Section 363. The settlement agreement also provides for the payment of funds to the Chapter 7 estate to compromise claims made against the Debtor in which the Trustee seeks approval for in the form of a "9019 motion". Finally, in order to obtain the settlement payment described herein, a disposition of Debtor's two corporations are necessary. In connection with the sought-for Court approval of the settlement, the Trustee also requests an order authorizing the use of "property" consistent with the provisions of 11 U.S.C. Section 363, as discussed below. This use consists of standing in the place and stead of the Debtor's sole shareholder status, executing the settlement agreement on behalf of two corporations, and filing notices of dissolution of said corporations in their appropriate states of incorporation.

3. Debtor's Schedule B, under section 19, describes two corporations in which she is the 100% shareholder. Those corporations are The Magnolia Group, Inc. a Delaware corporation, ("Magnolia Group" )and Magnolia Park LLC, a Nevada Limited Liability company ("Magnolia Park"). The values are stated by the Debtor in her Schedule B as $0.00. A true and correct copy of this portion of Debtor's Schedule "B" is filed concurrently with this Motion as Exhibit "A". The Trustee, after review of the matter, agrees that Magnolia Park and Magnolia Group have no value except for the Trustee's participation in the settlement of the Superior Court litigation

2

1   discussed herein.

2

3       4.  Debtor's Schedule B, under Section 34, describes as follows:

4       "Lawsuit against Asset-Backed Lending Partners, REIT aka ABLP REIT, LLC, ABLP
        Properties Visalia, LLC, Jerry Sanada, Michael Minder, Bruce Sanders, Jamie Burrows,
5       Ted Jacobson, & Iris Jacobson for breach or (sic) contract, wrongful foreclosure, fraud,
        etc. Pending in Tulare County Superior Court as case no. VCU284145."
6

7   The value of this asset is scheduled by the Debtor in the amount of $5,000,000.00. A true and

8   correct copy of this portion of Debtor's Schedule "B" is filed concurrently with this Motion as

9   Exhibit "B". Both Magnolia Park and Magnolia Group are co-plaintiffs in the matter.  This

10  lawsuit was filed on September 9, 2020.

11

12      5.  The lawsuit is not exempted by the Debtor and the Trustee does not believe the claims

    therein are able to be exempted by the Debtor.
13

14      6.    ABLP Properties, Visalia, LLC is scheduled as a non-priority general unsecured

15  claim in the amount of $0.00 in Debtor's Schedule "F". ABLP REIT LLC is scheduled as having

16  a non-priority unsecured claim against the Debtor in the amount of $3,200,000. Ted and Iris

17  Jacobsen are scheduled as having a non-priority claim against the Debtor arising from the lawsuit

18  in the amount of $379,890.16.  A true and correct copy of these portions of Debtor's Schedule

19  "F" is filed concurrently herewith as Exhibit "C".

20
        7.  The Debtor's Chapter 7 counsel represents the Debtor in the above-described lawsuit.
21
    The Trustee believes that counsel for the Debtor is not disinterested and therefore cannot
22
    represent the estate in the lawsuit.  The estate does not have sufficient funds to hire and pay an
23
    attorney on an hourly basis and the Trustee cannot locate an attorney willing to represent the
24
25  estate on a contingency basis.

26      8.    The settlement for which Court approval is sought involves the Debtor's lawsuit

27

        3

1   identified in paragraph 4 above and the Cross Complaint filed against the Debtor, Magnolia

2   Group, Magnolia Park and the Debtor's husband, Arnulfo Gonzalez[1]. ABLP Properties Visalia

3   and ABLP REIT LLC have filed a cross complaint for Breach of Guaranty, Intentional

4   Misrepresentation, Negligent Misrepresentation, Violation of Business and Professions Code,

5   Unjust Enrichment, Defamation, Tresspass, Ejectment, Breach of Contract, Specific

6   Performance, Injunctive Relief, Appointment of Receiver and UCC Foreclosure.

7

8           9.   The business of Magnolia Group was the ownership of real property located at 2948

9   and 2950 East Douglas Ave., Visalia, CA, and 1331 Lewis Lane, Tulare CA. The East Douglas

10  property was foreclosed on in November of 2019. The Lewis Lane property was foreclosed upon

11  on June 30, 2020.

12          10.  Magnolia Park filed a Chapter 11 case on December 19, 2019 in the United States

13  Bankruptcy Court for the Eastern District of California, under case number 2019-15279 and the

14  case was dismissed on September 18, 2020. The Magnolia Group, Inc. filed a Chapter 11 in the

15  United States Bankruptcy Court, Eastern District of California December 19, 2019 and the case

16  was dismissed on July 20, 2020.

17

18          11.  The business operation of Magnolia Park, which consists of a nursing home, is under

19  receivership after a receiver was appointed on September 30, 2021. A true and correct copy of

20  the Notice of Entry of Order Appointing Receiver is filed concurrently herewith as Exhibit "D".

21  The effect of executing and performing under the Settlement Agreement will result in the receiver

22  conducting a UCC sale to dispose of the personal property assets in the nursing home, which are

23  assets of Magnolia Park. This would occur after judgment is obtained, There are no assets of

24

25

26  ───────────────────────
[1] Debtor's husband will continue to assert and defend against whatever claims he has in the litigation.

27

    4

The Magnolia Group Inc. because those properties have been foreclosed.

12. The Trustee intends on entering into a Settlement Agreement with ABLP Properties and ABLP REIT LLC. A true and correct copy of the Settlement Agreement is filed concurrently with this Motion as Exhibit "E". The main points of the Settlement Agreement are:

    a. Payment of $30,000 to this Chapter 7 estate.

    b. A stipulated judgment in favor of ABLP Properties and ABLP REIT LLC; a true and correct copy of which is filed concurrently herewith as Exhibit "F".

    c. A UCC foreclosure on the personal property owned by Magnolia Park.

    d. ABLP Properties and ABLP REIT LLC shall have judgments against the Debtor, Magnolia Group and Magnolia Park but will waive any claim against the Chapter 7 estate.

13. By this Motion, the Trustee also requests that the Court authorize the Trustee to exercise the necessary process to step into the sole shareholder status of Magnolia Park and The Magnolia Group, Inc. and be authorized to execute the Settlement Agreement and Stipulated Judgment as an officer of those two corporations. The Trustee has determined that neither Magnolia Group or Magnolia Park have assets that are available to their creditors, other than the Superior Court litigation identified herein. In connection with the execution of the Settlement Agreement and Stipulated Judgment, the Trustee will call a special shareholder meeting and vote to wind up and dissolve the entities and file certificates of dissolution in Nevada and Delaware.

14. Jurisdiction exists under 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. § 1408. The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. § 157(a) and United States District Court, Eastern District of

5

California General Orders 182 and 223. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A)(N)&(O). This is a Motion brought pursuant to 11 U.S.C. §363(b) and Bankruptcy Rule 9019. This is a contested matter under F.R.B.P. Rule 9014 and a Motion brought pursuant to Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California, LBR Rule 9014-1.

15.   A debtor's interest in stock of a corporation is property of the estate. *Milden vs. Joseph* (In re Millden, 111 F.3d 138, (9th Cir. 1997). Pursuant to 11 U.S.C. Section 363(b), the Trustee may "use" property of the estate not in the ordinary course of business.

16.   While the Trustee does not anticipate any interest in the sale and use of these assets by other parties due to the complexity of litigation and the negative equity in the business entities, the $30,000 payment is subject to higher and better bid. A successful bidder would result in buying the claims the Debtor has against ABLP Properties, Visalia, LLC and ABLP REIT LLC. In the event of overbid, the Trustee recommends that an interested party should comply with this procedure:

       a. Provide certified funds in the amount of $30,000 plus the initial over-bid
       prior to the time of the sale, and no later than the close of business on March 28,
       2022 to James E. Salven, 8427 N. Millbnrook Ave., #101, Fresno, CA.

       b. Proof in the form of a letter of credit, or some other written pre-qualification
       for any financing that may be required to complete the purchase of the subject
       property sufficient to cover the necessary overbid amount;

6

1　　　　c. Proof that any successful over bidder can and will close the sale within 30 days

2　　　　of delivery of a certified copy of the Court's order approving the sale and execute

3　　　　a purchase agreement for the subject property;

4　　　　d. Any successful overbid shall have the $7,500 deposit applied to the

5　　　　successful overbid price;

6

7　　　　e. In the event a successful over bidder fails to close the sale within 30 days of

8　　　　delivery of a certified copy of the Court's order approving the sale and execute a

9　　　　purchase agreement for the subject property, then the Trustee shall be entitled to

10　　　retain the sum of $5,000 of the certified funds

11　　　f. Overbids may be made by attending, via Courtcall the hearing telephonically

12　　　by dialing 1-866-582-6878. A Courtcall reservation should be made no later than

13　　　the day before hearing.

14

15　　　h. All overbids shall be in the minimum amount of $1,000.00.

16　　　　17.　As to the proposed compromise of the litigation,　In determining the fairness of a

17　settlement, its reasonableness and adequacy, the Court must consider (a) The probability of

18　success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection;

19　(c) the complexity of the litigation involved, and the expense, inconvenience and delay

20　necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their

21　reasonable views in the premises. *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381

22　(9th Cir. 1986). The Trustee's position as to the A&C Properties factors is summarized as follows:

23

24　　　. (a) Probability of success. The facts giving rise to the mutual complaints of the Debtor,

25　her business entities and the ABLP litigants are complicated and span several years in time. The

26　Trustee is faced with trying to find a qualified attorney who would be willing to take the case on

27

　　　　7

a contingency to unravel the foreclosure and obtain a monetary judgment. This factor alone makes the probability of success very remote. Even with competent contingency fee counsel, the Trustee believes that the complicated fact pattern does not create a clear path to a successful judgment.

(b) Difficulties of collection. The Trustee believes that were he successful, collection would not be difficult were he to prevail.

(c) Difficulty of litigation. The Trustee views the litigation to be difficult involving multiple witnesses, transactions and documentation to present at the time of trial.

(d) Interest of the creditors. The Trustee believes that the settlement serves the interests of the creditors because it obtains a sum certain for the estate without the expenditure of attorneys fees that would be paid out as administrative expenses. Because the ABLP litigants waive their claims against the Chapter 7 estate, the resulting share of funds distributed to the other general unsecured creditors increases.

18. It is the Trustee's recommendation based upon his business judgment that the requested relief in this Motion is in the best interest of the estate.

WHEREFORE, THE TRUSTEE PRAYS AS FOLLOWS:

1. That this Motion be granted;

2. That the Court authorize the sale of the Chapter 7 estate's interest in the litigation described herein for the sum of $30,000, subject to higher and better bid,

3. That the Trustee be authorized to utilize the stock in the Debtor's corporations in Magnolia Park and The Magnolia Group, Inc. to enter into the Settlement Agreement filed concurrently herewith as Exhibit "B";

8

4. That the Trustee be authorized to compromise the claims of ABLP Properties, Visalia, LLC and ABLP REIT LLC. under Bankruptcy Rule 9019;

5. That the Trustee be authorized to execute such further documents as may be necessary to complete the transactions described herein; and

6. For such other and further relief appropriate under the circumstances of this case.

Dated: March 7  2022

D. Max Gardner, Attorney for Chapter 7 Trustee James E. Salven

9

1  | **D. MAX GARDNER, ESQ. (CSB No. 132489)**
2  | **930 Truxtun Avenue, Suite 206**
   | **Bakersfield, CA 93301**
3  | **661-864-7373 tel.**
   | **661-864-7366 fax**
·4 | dmgardner@dmaxlaw.com
5  |
   | Attorney for Chapter 7 Trustee James E. Salven
6  |
7  |                 UNITED STATES BANKRUPTCY COURT
8  |                 EASTERN DISTRICT OF CALIFORNIA
9  |
10 | In re:                                    Case No. 2021-11034
11 | ESPERANZA HANSEN GONZALEZ                  Chapter 7
12 |              Debtors                       DC No.: DMG-3
13 |
14 |
15 |                       **AMENDED PROOF OF SERVICE**
16 |
17 |     I, the undersigned, declare: I am and was at the times of the service hereunder mentioned,
18 | over the age of eighteen (18) years, and not a party to the within cause. My business address is 930
19 |
20 | Truxtun Avenue, Suite 203, Bakersfield, CA 93301. I am readily familiar with this firm's practice
21 | for collection and processing of correspondence for mailing with the United States Postal
22 | Service. On March 2, 2022, I placed with this firm at the above address for deposit with the
23 | United States Postal Service a true and correct copy of the following document(s):
24 |    1. **NOTICE OF HEARING ON MOTION TO: 1. COMPROMISE CLAIMS AND**
25 |       **INTEREST IN PROPERTY (STATE COURT CIVIL LITIGATION); 2.**
   |       **APPROVE SALE OF ESTATE'S INTEREST IN PROPERTY; and 3. APPROVE**
26 |       **CORPORATE DISSOLUTIONS**
27 |
28 |

1  In a sealed envelope, postage fully paid, addressed as follows:

2                              SEE ATTACHED SERVICE LIST

3

4  [ x ]    (BY MAIL) on the date indicated below, at Bakersfield, California, by placing / / the
           original or / x / a true copy thereof enclosed in a sealed envelope.  I am readily familiar
5          with the firm's practice of collection and processing of documents for mailing.  Under that
           practice it would be deposited with United States Postal Service on that same day with
6          postage thereon fully prepaid at Bakersfield, California in the ordinary course of business.

7

8          I declare that I am employed in the office of a member of the bar of this Court at whose
9  direction the service was made.

10         Executed on March 2, 2022, at Bakersfield, California.

11

12                              _/s/Kristina Spencer____
                                Kristina Spencer
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────
                    PROOF OF SERVICE
                          2

1   **D. MAX GARDNER, ESQ. (CSB No. 132489)**
    930 Truxtun Ave., Suite 203
2   Bakersfield, CA 93301
    661-864-7373 tel.
3   661-864-7366 fax
    dmgardner@dmaxlaw.com
4

5   Attorney for Chapter 7 Trustee James E. Salven

6
                  UNITED STATES BANKRUPTCY COURT
7                EASTERN DISTRICT OF CALIFORNIA

8                                Bankruptcy Case No.: 2021-11034

9   IN RE:
                                 Chapter 7
10
    ESPERANZA HANSEN GONZALEZ       DC No. DMG-3
11

12                DEBTOR.
                               Date: March 30, 2022
13                                 Time: 1:30 p.m.
                                Place: Ctrm 11, 5th Floor
14                                          2500 Tulare St.
                                         Fresno, CA
15                                 Judge: Hon. Jennifer E. Niemann

16

17

18
               **STIPULATION AND MOTION TO CONTINUE:**
19               **CHAPTER 7 TRUSTEE'S MOTION TO:**
        **1. COMPROMISE CLAIMS AND INTEREST IN PROPERTY**
20              **(STATE COURT CIVIL LITIGATION);**
     **2. APPROVE SALE OF ESTATE'S INTEREST IN PROPERTY; and**
21          **3. APPROVE CORPORATE DISSOLUTIONS**
                    [Bankruptcy Rule 9019]
22                     [11 U.S.C Section 363]

23
       TO THE HONORABLE JENNIFER E. NIEMANN, UNITED STATES BANKRUPTCY
24   JUDGE:

25

26         / / / /

27

        1

1      The Trustee, ALBP REIT, LLC, ABLP Properties Visalia LLC, and Debtor, by and

2 through counsel, stipulate to and respectfully request that the Court order, as follows:

3     1.  The hearing on this matter shall be continued to April 27, 2022 at 1:30 pm, while the

4        parties attempt to resolve the issues in the Trustee's Motion.

5     2.  In the event the matter cannot be resolved, opposition to the motion shall be filed on

6

7        April 13, 2022. Replies to the opposition shall be filed on April 20, 2022.

8

9 Dated: March 16, 2022          ___/s/D. Max Gardner_____

10                        D. Max Gardner, Attorney for Chapter 7
                        Trustee James E. Salven

11

12

13 Dated: March 16, 2022         FENNEMORE, DOWLING & AARON

14

15                         By____/s/ Don J. Pool_____

16                         Don J. Pool, Attorneys for ABLP REIT,
                        LLC, ABLP Properties Visalia, LLC

17

18 Dated: March 16, 2022         HARRIS LAW FIRM PC

19

20                         By__/s/ Justin D. Harris_____
                        Justin D. Harris, Attorney for Debtor

21

22

23

24

25

26

27

    2

2

Justin D. Harris, #199112
Evan A. Wright, #338401
HARRIS LAW FIRM, PC
7110 N. Fresno St., Suite 400
Fresno, California 93720
Telephone (559) 272-5700
Facsimile (559) 554-9989

Attorneys for Debtor, Esperanza Hansen Gonzalez

# UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

|  |  |
|---|---|
| In re | Case No. 21-11034-A-7 |
| ESPERANZA HANSEN GONZALEZ, | Chapter 7 |
| Debtor. | DC No. DMG-3 |
|  | Date:  April 27, 2022 |
|  | Time:  1:30 p.m. |
|  | Place:  Dept. A. Courtroom 11, 5th Floor |
|  |          2500 Tulare Street, Fresno |
|  |          Hon. Jennifer E. Niemann |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO
1. COMPROMISE CLAIMS AND INTEREST IN PROPERTY (STATE COURT CIVIL
LITIGATION); 2. APPROVE SALE OF ESTATE'S INTEREST IN PROPERTY; and
3. APPROVE CORPORATE DISSOLUTIONS**

Debtor, Esperanza Hansen Gonzalez ("Debtor"), hereby requests the court take judicial

notice, pursuant to Federal Rules of Evidence 201(b) of the following described documents:

///

////

///

///

///

REQUEST FOR JUDICIAL NOTICE -OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION

1.      Request for Dismissal of Cross-Defendant Esperanza Hansen Gonzalez from the State Court action, filed and entered August 19, 2021.

Dated: April 13, 2022      **HARRIS LAW FIRM, PC**

By: _____
Justin D. Harris, Attorneys for
Debtor, Esperanza Hansen Gonzalez

2

6

1    Justin D. Harris, #199112
     Evan A. Wright, #338401
2    HARRIS LAW FIRM, PC
     7110 N. Fresno St., Suite 400
3    Fresno, California 93720
     Telephone (559) 272-5700
4    Facsimile (559) 554-9989
     E-mail: jdh@harrislawfirm.net
5
     Attorneys for Esperanza Hansen Gonzalez
6

7

8                   UNITED STATES BANKRUPTCY COURT

9            EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11   In re:                              Case No.: 21-11034

12                                        Chapter 7
     ESPERANZA HANSEN GONZALEZ,
13                                        DC No. DMG-3

14            Debtor.

15                                        Date: April 27, 2022
                                          Time: 1:30 p.m.
16                                        Place: Dept. A, 5th Floor, Courtroom 11,
17                                               2500 Tulare Street,
                                                 Fresno, California 93721
18
19                                        Judge: Hon. Jennifer E. Niemann

20

21        EXHIBIT PAGE TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
             OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO
22   1. COMPROMISE CLAIMS AND INTEREST IN PROPERTY (STATE COURT CIVIL
             LITIGATION); 2. APPROVE SALE OF ESTATE'S INTEREST
23      IN PROPERTY; and 3. APPROVE CORPORATE DISSOLUTIONS

24

25

26

27

28



EXHIBIT PAGE TO DECLARATION OF ESPERANZA HANSEN GONZALEZ IN OPPOSITION TO
                       TRUSTEE'S MOTION, ETC.

| EXHIBIT | DESCRIPTION | PAGES |
|---------|-------------|-------|
| 1 | Request for Dismissal of Cross-Defendant Esperanza Hansen Gonzalez from the State Court action, filed and entered August 19, 2021. | 3-6 |

Dated: April 13, 2022          HARRIS LAW FIRM, PC

Justin D. Harris,
Attorneys for Debtor,
Esperanza Hansen Gonzalez

2

---

EXHIBIT PAGE TO DECLARATION OF ESPERANZA HANSEN GONZALEZ IN OPPOSITION TO
TRUSTEE'S MOTION, ETC.



HARRIS LAW FIRM

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Christopher S. Hall, #203901  Alex N. Newsum, #312344<br>McCormick, Barstow, Sheppard, Wayte & Carruth LLP<br>7647 N. Fresno Street<br>Fresno, California 93720<br>TELEPHONE NO.: (559) 433-1300  FAX NO. (Optional): (559) 433-2300<br>E-MAIL ADDRESS (Optional): christopher.hall@mccormickbarstow.com<br>ATTORNEY FOR (Name): Defendants ABLP REIT, LLC; ABLP Properties Visalia; Jerry Sanado; and<br>Bruce Sanders | **FILED**<br>TULARE COUNTY SUPERIOR COURT<br>VISALIA DIVISION<br><br>AUG 19 2021<br><br>STEPHANIE CAMERON, CLERK<br>BY: _____ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE
STREET ADDRESS: 221 S. Mooney Boulevard, Room 303
MAILING ADDRESS: 221 S. Mooney Boulevard, Room 303
CITY AND ZIP CODE: Visalia, California 93291
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Esperanza Hansen Gonzalez, et al.

DEFENDANT/RESPONDENT: ABLP REIT, LLC, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: VCU284145 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☐ With prejudice  (2) ☒ Without prejudice
   b. (1) ☐ Complaint  (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):                                on (date):
      (4) ☐ Cross-complaint filed by (name):                                on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other (specify):* As to Cross-Defendant Esperanza Hansen Gonzalez from the Cross-Complaint. All parties to bear their own attorney's fees and costs.
2. (Complete in all cases except family law cases.)
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: August 18, 2021

Alex N. Newsum                                          _____ (SIGNATURE)

(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
*If dismissal requested is of specified parties only, or of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☐ Plaintiff/Petitioner  ☒ Defendant/Respondent
☐ Cross-Complainant

TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

                                          _____ (SIGNATURE)

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross-Complainant

(To be completed by clerk)
4. ☐ Dismissal entered as requested on (date):
5. ☒ Dismissal entered on (date): AUG 19 2021  as to only (name): as listed above
6. ☐ Dismissal not entered as requested for the following reasons (specify):
7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed  ☐ means to return conformed copy

Date: AUG 19 2021                          Clerk, by _____, Deputy
          **Stephanie Cameron**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Page 1 of 2<br>Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

BY FAX

EXH 1, 3 of 6

CIV-110

| PLAINTIFF/PETITIONER: Esperanza Hansen Gonzalez, et al.<br>DEFENDANT/RESPONDENT: ABLP REIT, LLC, et al. | CASE NUMBER:<br>VCU284145 |
|---|---|

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name)*:

2. The person named in item 1 is *(check one below)*:
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one)*: ☐ Yes   ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____        ▶        _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)              (SIGNATURE)

---



American LegalNet, Inc.
www.FormsWorkFlow.com

EX# 1, 4 of 6

1    **PROOF OF SERVICE**

2              Case No. VCU284145

3    STATE OF CALIFORNIA, COUNTY OF FRESNO

4         At the time of service, I was over 18 years of age and **not a party to this action.** I am
     employed in the County of Fresno, State of California. My business address is 7647 North Fresno
5    Street, Fresno, CA 93720.

6         On August 18, 2021, I served true copies of the following document(s) described as
     **REQUEST FOR DISMISSAL** on the interested parties in this action as follows:
7

               **SEE ATTACHED SERVICE LIST**
8

          **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
9    persons at the addresses listed in the Service List and placed the envelope for collection and mailing,
     following our ordinary business practices. I am readily familiar with this business's practice for
10   collecting and processing correspondence for mailing. On the same day that the correspondence is
     placed for collection and mailing, it is deposited in the ordinary course of business with the United
11   States Postal Service, in a sealed envelope with postage fully prepaid.

12        I declare under penalty of perjury under the laws of the State of California that the foregoing
     is true and correct.
13

          Executed on August 18, 2021, at Fresno, California.
14

15
                              _Elizabeth Abina_
16                            Elizabeth M Abina

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

EXH 1, 5 of 6

**SERVICE LIST**

Case No. VCU284145

| | |
|---|---|
| Justin D. Harris, Esq.<br>Harris Law Firm, PC<br>7110 N. Fresno Street, Suite 400<br>Fresno, California 93720<br>Tel: (559) 272-5700<br>Fax: (559) 554-9989<br><br>jdh@harrislawfirm.net | Attorneys for Plaintiffs<br>Esperanza Hansen Gonzalez<br>Arnulfo Gonzalez<br>The Magnolia Group, Inc.<br>Magnolia Park |
| Allen G. Bowman, Esq.<br>Chase W. Martin, Esq.<br>Adamski Moroski Madden Cumberland &<br>Green LLP<br>P.O. Box 3835<br>San Luis Obispo, California 93403-3835<br>6633 Bay Laurel Place<br>Avila Beach, California 93424<br>Tel: (805) 543-0990<br>Fax: (805) 543-0980<br>cmartin@ammcglaw.com<br>abowman@ammcglaw.com | Attorneys for Defendants<br>Ted and Iris Jacobson |
| Don J. Pool<br>FENNEMORE DOWLING AARON<br>8080 N Palm Avenue<br>Third Floor<br>Fresno, California 93711<br>Telephone: (559) 432-4500<br>Facsimile: (559) 432-4590<br>dpool@fennemorelaw.com | Co-Counsel for Defendants ABLP REIT, LLC<br>erroneously sued as ASSET-BACKED<br>LENDING PARTNERS, REIT aka ABLP<br>REIT, LLC, ABLP PROPERTIES VISALIA,<br>LLC, JERRY SANADA and BRUCE<br>SANDERS |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

EXH 1, 6 of 6

*4*

1   Justin D. Harris, #199112
    Evan A. Wright, #338401
2   HARRIS LAW FIRM, PC
    7110 N. Fresno St., Suite 400
3   Fresno, California 93720
    Telephone (559) 272-5700
4   Facsimile (559) 554-9989

5   Attorneys for Debtor, Esperanza Hansen Gonzalez

6

7

8                  UNITED STATES BANKRUPTCY COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10                        FRESNO DIVISION

11                                        | Case No. 21-11034-A-7

12  In re                                 | Chapter 7

13  ESPERANZA HANSEN GONZALEZ,            | DC No. DMG-3

14         Debtor.

15                                        | Date:  April 27, 2022
                                          | Time:  1:30 p.m.
16                                        | Place: Dept. A, Courtroom 11, 5th Floor
                                          |        2500 Tulare Street, Fresno
17                                        |        Hon. Jennifer E. Niemann

18

19                     CERTIFICATE OF SERVICE

20         I, the undersigned, declare:

21         I am a citizen of the United States of America, am over the age of

22  eighteen (18) years, and not a party to the within action. I am an employee of HARRIS

23  LAW FIRM, PC, and my business address is 7110 N. Fresno St., Suite 400 Fresno,

24  California 93720.

25         On April 13, 2022, I caused to be served the following documents:

26

27         OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO
           1. COMPROMISE CLAIMS AND INTEREST IN PROPERTY
                       (STATE COURT CIVIL LITIGATION);
28         2. APPROVE SALE OF ESTATE'S INTEREST IN PROPERTY; and
                   3. APPROVE CORPORATE DISSOLUTIONS

                                    1

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO 1. COMPROMISE CLAIMS AND INTEREST IN PROPERTY (STATE COURT CIVIL LITIGATION); 2. APPROVE SALE OF ESTATE'S INTEREST IN PROPERTY; and 3. APPROVE CORPORATE DISSOLUTION**

and

**EXHIBIT PAGE TO  REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO 1. COMPROMISE CLAIMS AND INTEREST IN PROPERTY (STATE COURT CIVIL LITIGATION); 2. APPROVE SALE OF ESTATE'S INTEREST IN PROPERTY; and 3. APPROVE CORPORATE DISSOLUTION**

on the parties involved addressed as follows:

<u>See Attached List</u>

I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Fresno, California. I am readily familiar with the business practice for collection and processing of mail in this office; and that in the ordinary course of business said document would be deposited with the U.S. Postal Service in Fresno, California on that same day.  I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this certificate was executed on April 13, 2022, at Fresno, California.

Katharine Dittmar

2

CERTIFICATE OF SERVICE -OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION

Label Matrix for local noticing
0972-1
Case 21-11034
Eastern District of California
Fresno
Wed Apr 13 16:03:41 PDT 2022

ABLP Properties Visalia, LLC
FENNEMORE DOWLING AARON
8080 N Palm Ave 3rd Fl
PO Box 28902
Fresno, CA 93729-8902

Baird Auctions & Appraisals
1328 N Sierra Vista Ave #B
Fresno, CA 93703-4700

Christopher S Hall Esq
McCormick Barstow et al
7647 N Fresno St
Fresno CA 93720-2578

Elan Financial Service
Cb Disputes
Saint Louis MO 63166

Esperanza Ransen Gonzalez
15046 Ave 224
Tulare, CA 93274-9132

Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

New Res-Shellpoint Mtg
55 Beattie Place
Greenville SC 29601-2165

Don J. Pool
8080 N. Palm Ave., Third Floor
Fresno, CA 93711-5797

Ron and Vickie Mullins
c/o Paul F. Ready
1254 Marsh St
San Luis Obispo CA 93401-3326

ABLP Properties Visalia LLC
3390 Auto Mall Drive
Thousand Oaks CA 91362-3657

ABLP REIT LLC
3390 Auto Mall Drive
Westlake Village CA 91362-3657

Chase W Martin Esq
Adamski Moroski et al
6633 Bay Laurel Place
Avila Beach CA 93424-3504

Credit One Bank NA
PO Box 98872
Las Vegas NV 89193-8872

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento CA 95812-2952

Griswold Lasalle Gin LLP
111 E Seventh Street
Hanford CA 93230-4641

Martin P Moroski Esq
Adamski Moroski et al
6633 Bay Laurel Place
Avila Beach CA 93424-3504

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721-1326

Paul F. Ready
1254 Marsh St
PO Box 1443
San Luis Obispo, CA 93406-1443

Roy Ogden Esq
656 Santa Rosa Street Suite 2B
San Luis Obispo CA 93401-4806

ABLP Properties Visalia LLC
c/o Don J. Pool
FENNEMORE DOWLING AARON, LLP
8080 N. Palm Avenue, Third Floor
Fresno, CA 93711-5797

Amy R Lovegren-Tipton Esq
Tipton Legal
5703 N West Ave Ste 103
Fresno CA 93711-2366

Chase W. Martin
P.O. Box 3835
San Luis Obispo, CA 93403-3835

Don J. Pool
FENNEMORE DOWLING AARON, LLP
8080 N. Palm Avenue, Third Floor
Fresno, CA 93711-5797

D. Max Gardner
930 Truxtun Ave., Suite 203
Bakersfield, CA 93301-4700

Martin D. Harris
7110 N. Fresno St., Suite 400
Fresno, CA 93720-2933

Mr Cooper
8950 Cypress Waters Blvd
Coppell TX 75019-4620

On Deck Capital, Inc.
12 Powder Springs Street, Suite 240
Marietta, GA 30064-7205

Ron Vicki Mullins
3695 San Marcos Road
Paso Robles CA 93446-7340

James Edward Salven
PO Box 25970
Fresno, CA 93729-5970

Shellpoint Mortgage
PO Box 619063
Dallas TX 75261-9063

Ted Iris Jacobson
8055 Cristobal Ave
Atascadero CA 93422-5163

Ted and Iris Jacobson
P.O. Box 3835
San Luis Obispo, CA 93403-3835


Tulare County Assessor
221 S Mooney Blvd
Visalia CA 93291-4593

US Bank National Association
c/o Attlesey Storm, LLP
111 Pacifica Suite 140
Irvine CA 92618-7422

Velocity Commercial Capital, LLC
Attlesey Storm, LLP
111 Pacifica Suite 140
Irvine, CA 92618-7422


John P. Ward
111 Pacifica #40
Irvine, CA 92618-3310

Wells Fargo Dealer Services
Attn Bankruptcy
1100 Corporate Center Drive
Raleigh NC 27607-5066


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Ron Mullins

(u)Vickie Mullins

End of Label Matrix
Mailable recipients    37
Bypassed recipients    2
Total                39

**4**

DON J. POOL, SBN 166468
FENNEMORE DOWLING AARON, LLP
8080 N Palm Avenue, Third Floor
Fresno, California 93711
Tel: (559) 432-4500 / Fax: (559) 432-4590
dpool@fennemorelaw.com

Attorneys for ABLP PROPERTIES VISALIA, LLC,
a Delaware limited liability company

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

****

| | |
|---|---|
| In re | Case No.: 21-11034-A-7 |
| ESPERANZA HANSEN GONZALEZ, | Chapter 7 |
| Debtor. | DC No.: DMG-3 |
| | Date: April 27, 2022 |
| | Time: 1:30 PM |
| | Place: U.S. Bankruptcy Court |
| | 2500 Tulare Street |
| | Courtroom 11, Department A |
| | Fresno, California |
| | Judge: Hon. Jennifer E. Niemann |

**REPLY TO OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO 1. COMPROMISE CLAIMS AND INTEREST IN PROPERTY (STATE COURT CIVIL LITIGATION); 2. APPROVE SALE OF ESTATE'S INTEREST IN PROPERTY; and 3. APPROVE CORPORATE DISSOLUTIONS**

    Creditor ABLP PROPERTIES VISALIA, LLC, a Delaware limited liability company ("ABLP"), hereby replies to the opposition of Esperanza Hansen Gonzalez ("Debtor") to the Chapter 7 Trustee's Motion to: (1) Compromise Claims and Interest in Property (State Court Civil Litigation); (2) Approve Sale of Estate's Interest in Property; and 3. Approve Corporate Dissolutions (the "Motion"), in the order addressed in debtor's Opposition, as follows:

FENNEMORE
DOWLING AARON, LLP
ATTORNEYS AT LAW

REPLY TO OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO COMPROMISE CLAIMS, ETC.

1

## ARGUMENT

**A.**   **No Judgment Will Be Entered Against Debtor in the State Court Action**.

After the initial Motion was filed and prior to the Opposition, counsel for ABLP confirmed to Mr. Harris that no judgment would be entered against debtor in the state court action pursuant to the Settlement Agreement, and the Trustee agreed. The Settlement Agreement should be approved subject to that provision being stricken.

**B.**   **The Judgment to be entered against the Magnolia Entities shall be $5,364,351, inclusive of attorneys' fees and receiver's fees to date.**

Debtor's argues that the Stipulation and Judgment somehow deprive debtor of due process and the Court should require that ABLP waive its monetary judgment against the Magnolia Entities. Debtor's arguments should be rejected for several reasons.

First, even assuming there is a due process requirement, the requirement would flow only to the Magnolia Entities, not debtor herself. There is no judgment to be entered against the debtor, as explained above, and the only possible entities to which due process would be owed are the Magnolia Entities. The Magnolia Entities never opposed the Motion, so they waived any due process arguments.

Second, even if debtor herself has a due process right to notice of the amount of the judgment to which the Trustee will stipulate, and it does not, ABLP has now provided that amount, $5,364,351, inclusive of attorneys' fees and receivership costs. Debtor concedes the Trustee has the power to stipulate to Judgment [Opp. at 3:11-17], and has admitted the Magnolia Entities have no assets or value in any event. Debtor does not cite any facts or legal authority that restrict the Trustee's authority to stipulate to a Judgment against valueless entities.

Finally, debtor fails to cite any authority for her demand that the Court only approve a non-monetary judgment against the Magnolia Entities. Again, since the Magnolia Entities have

FENNEMORE
DOWLING AARON
ATTORNEYS AT LAW

2

REPLY TO OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO COMPROMISE CLAIMS, ETC.

1   no assets or value, as admitted in debtor's Schedules, there is no potential "harm" to the Trustee's

2   stipulation to a monetary judgment against the Magnolia Entities, and the Settlement Agreement is

3   a reasonable exercise of his business judgment in any event. As such, debtor's arguments should

4   be rejected.

5

6       **C.**    **ABLP is Waiving Its Claim Against the Estate as a Condition of the Settlement.**

7

8           The Motion accurately states that ABLP is waiving its Claim against the Estate as a

9   condition of the Settlement Agreement. As such, the Court should approve the Settlement

10  Agreement upon condition of ABLP's waiver of its Proof of Claim.

11      **D.**    **The Adversary Proceeding Against Debtor is not the Subject of the Settlement with the Trustee.**

12

13          Debtor has attempted to conflate a settlement with the Estate and an action against

14  the debtor personally. While debtor argues the dismissal of the adversary proceeding for non-

15  dischargeability should be a condition of approval of the Settlement Agreement, the Settlement

16  Agreement is with the Trustee, as the representative of the Estate, not the debtor. The non-

17  dischargeability action is against debtor personally and has nothing to do with the Bankruptcy

18  Estate. Tellingly, debtor failed to provide any authority that In re A&C Properties, 784 F.2d. 1377

19  (9th Cir. 1986), requires the Court to consider pending adversary proceedings against the debtor

20  when determining whether to approve a proposed Compromise with the Estate. Debtor's Objection

21  is without merit.

22

23      **E.**    **The Dissolution of the Magnolia Entities Are Material Terms of the Proposed Compromise.**

24

25          Debtor objects to the proposed dissolution of the Magnolia Entities and states that

26  the Motion does not explain why the dissolution is necessary. However, the burden is not on the

27  Trustee or the parties to the settlement to explain the significance of every term or condition in it,

28  but rather the burden is on the objecting party to show why the proposed term is not within the

FENNEMORE
DOWLING AARON
ATTORNEYS AT LAW

3

REPLY TO OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO COMPROMISE CLAIMS, ETC.

1    Trustee's reasoned business judgment. Here, debtor fails miserably. Debtor's objection is stated as,

2    "…they _may_ have value to the Debtor in the form of tax attributes." Opp. at 4:20, emphasis added.

3    Debtor provided no facts, opinion or authority to support her bare assertion. In fact, debtor does not

4    even argue that the entities will have some value – only that they "may" have some value. Given

5    the lack of evidence in support of debtor's objection to this material term of the proposed

6

7    Compromise, debtor's argument should be rejected.

8          F.    **Unless Debtor Qualified to Overbid, She Should Be Precluded from Overbidding at the Hearing.**

9

10         The Motion requests that the Court order a potential overbidder to pre-qualify to bid

11   in a number of different ways. See Motion at 6-7. Debtor's Opposition does not indicate she

12   qualified or intends to qualify to overbid prior to the hearing on the Motion. ABLP submits that

13   debtor's failure to qualify to overbid by the time of her Opposition disqualifies her from

14   overbidding at the hearing. ABLP does not want to waste the Court's time, as well as that of the

15   parties, conducting an auction, only to find out the Chapter 7 debtor does not have the funds to

16   close the sale of the Claims. Accordingly, debtor should be precluded from overbidding at the

17

18   hearing.

19                              II

20                         **CONCLUSION**

21         The Court should grant the Motion to Compromise, as modified above, reject the

22   debtor's attempt to overbid without qualifying, and grant such other and further relief as the Court

23   may deem just and proper.

24   Dated: April 20, 2022          FENNEMORE DOWLING AARON

25

26                       BY:   _/s/ Don J. Pool_
                               Don J. Pool, Attorneys for ABLP
27                             PROPERTIES VISALIA, LLC, a
                               Delaware limited liability company
28

FENNEMORE
DOWLING AARON
ATTORNEYS AT LAW

4

REPLY TO OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO COMPROMISE CLAIMS, ETC.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

```
In re                          )  Case No. 21-11034 - A - 7
Esperanza Hansen Gonzalez,     )  Docket Control No. DMG-3
               Debtor.         )  Document No. 81
                               )  Date: 04/27/2022
                               )  Time: 1:30 PM
_____  )  Dept: A
```

**Order**

For the reasons stated on the record,

IT IS ORDERED that the Motion to Compromise Controversy is CONTINUED to May 25, 2022, at 1:30 p.m. in Department A, Courtroom 11, Fifth Floor, U.S. Courthouse, 2500 Tulare Street, Fresno, California.

IT IS FURTHER ORDERED that the trustee shall file and serve any supplemental pleadings not later than May 11, 2022.

IT IS FURTHER ORDERED that the debtor may file and serve any response not later than May 18, 2022

IT IS FURTHER ORDERED that any party wishing to overbid must qualify not later than close of business on May 23, 2022.

Dated:  April 28 2022

*Jennifer E. Niemann*
Honorable Jennifer E. Niemann
United States Bankruptcy Judge

[81] - Motion/Application to Approve Corporate Dissolutions [DMG-3] Filed by Trustee James Edward Salven (pdes) [81] - Motion/Application to Compromise Controversy/Approve Settlement Agreement with ABLP Properties, Visalia LLC and ABLP RMPT LLC [DMG-3] Filed by Trustee James Edward Salven (pdes) [81] - Motion/Application to Sell [DMG-3] Filed by Trustee James Edward Salven (pdes)

# Instructions to Clerk of Court
## Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC.

Esperanza Hansen Gonzalez
15046 Ave 224
Tulare CA 93274

James Edward Salven
PO Box 25970
Fresno CA 93729

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721

D. Max Gardner
930 Truxtun Ave., Suite 203
Bakersfield CA 93301

Don J. Pool
8080 N. Palm Ave., Third Floor
Fresno CA 93711

(4)

# Addendum

FILED

MAY 31 2022

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

Case # 21-11034

I, Esperanza Hansen Gonzalez, declare that on May 31st, 2022 I was reviewing the email from Mr. Gardner and a supplemental response for the hearing in June 1st, 2022 in Judge Jennifer Niemman's Court room. My emails to the involved parties are enclosed hereto.

The fact is that there is no proof of service to what they are claiming as a summary judgment and my worst fear as that they know I am self represented and purposefully sneaked in such legal maneuvers without my knowledge which will now have grounds for appeal.

In addition I do not see the response this Court requested as to the value of the business which further proves that there are great Inconstancies and discrepancies. To allow all the attorneys who are now compromised as well as the trustee, will be a great injustice.

I am enclosing the emails hereto.

I do so under penalty of perjury.

Esperanza Hansen Gonzalez.

May 31, 2022

## Re: Service of documents

From: "esperanza 2" <esperanza2@magnoliapark.net>
Date: 05/31/2022 06:27PM
To: dmgardner@dmaxlaw.com, trusteejsalven@gmail.com, dpool@fennemorelaw.com, alex.newsum@mccormickbarstow.com
Cc: jamessalven@gmail.com, jdh@harrislawfirm.net

Good Morning!

Hope you all had a great restful Memorial Day weekend.

This email is to serve all interested parties. Buy now we can all talk truth without eating the turkey.

So lets begin.

On or about the month of September, October and November there were several hearings in front of judge Hillman in the state court action. One hearing in particular (dates enclosed off my time line) was a hearing to which Mr. Pool and Alex Newsum were enthralled discussing in great detail, Justin Harris, my then lawyer, had not arrived yet. The discussion between Newsum and Pool left me no questions or doubts. I heard every word of the plans and strategy. I had a musk on so neither perceived it was I they were desiring to tear apart. At the end of the conversation and just before going into the court room, Newsum, exclaimed " And who will loan Mrs. Gonzalez the $30,000. Our only real hope is to get our friends and receivership in place. There is no way we want to go to trial or re-convey the two properties back to her" Mr. Pool replied " and we won't" Never knowing that he was also representing Ted and Iris Jacobson and Justin Harris, the Trustee and Max Gardner were part of this plan and strategy. Then suddenly the Trustee was asking for $30,000.00. Here again, there was no due diligence on the part of the trustee. Harris continue to insist that all was well because of the back door he and Salven keep. What I do not understand is why is there back doors? And how many people have been dealt in this manner, particularly immigrants like me and others who do not have the faculty to speak enough English to defend themselves from hyenas? Short of a random legal audit, no one will ever know.

Fast forward to recent events with the last taking place on May 25th, 2022 in front of Judge Neimann, the same song and verse came out of Mr. Pool's mouth. Mr. Pool, you stated in part " my clients do not want to go to trial" I am in the process of getting a transcript of those same words you spoke in the bankruptcy court. This way Mr. Pool will not claim validity or lack of thereof.

By now you know that your methods and secrets are out. I am confident that ex employees at one of the law firms will have more facts to contribute, especially if her confidentiality as an employee was violated.

I am reviewing my rights and the pertaining laws that apply.

Mr. Max Gardner, are you the attorney for the trustee for his entire case load? Or were you brought in magically by Justin Harris.( Harris made no secret that you are close friends as well as you were briefed on my matters)
How did you get my case?

Mr. Gardner, if you are the trustee for the rest of the Salven's case  load, then I can accept you being in the case. If not I plan to move to disqualify you.

The same question and principle for Newsum and Hall. In their firm they have an attorney who represented me before. He is acquainted with my personal matters as well as my business. I fired him back then. I sense lack of integrity.

I believe the above facts give rise for disqualification of one of you or all. In addition, sanctions may apply.

Mr. Gardner, Please respond as to my questions. Are you in fact representing MR. Salven for his entire case load or is my case the only one.
Thank you.

Have an awesome day Srs.

Esperanza H Gonzalez.

Mon, 23 May 2022 13:20:14 -0400, "esperanza 2" <esperanza2@magnoliapark.net> wrote:

Good Morning,

Hope you all had a great weekend.

This morning I wish to recap the events last week. .

Alex Newsum filed an Ex-parte in front of judge Hillman to which he was hesitant to sign. And in fact he himself scratched the paragraph 3. A transcript is being requested but not sure one will be obtained before court on the 25th with judge Niemann).

### Re: Supplemental Report on Motion to Compromise; Gonzalez; case no. 2021-11034

From: "esperanza 2" <esperanza2@magnoliapark.net>
Date: 05/31/2022 06:47PM
To:     dmgardner@dmaxlaw.com

Alex,

This document talks about summary judgement. I was never served with those documents and have no knowledge when it occurred or my constitutional ability to respond or defend myself.

Also, during your deposition of James Irving on May 12, 2022, he was not only answering leading questions from you and to you. You may recall he said his computer crashed and he had no emails. I think this is highly coincidental. In his deposition you conducted the last week of March 2022, and he too answered many leading questions to which he confirmed that the information or flow of information, was directly from James to him and then to the rest.

Since there is a question of validity, I propose to the Honorable judge Jennifer Nieman, my retired CIA IT friend, her IT person and yours, review the emails, retrieve James Irving computer tower and also Mike Minder, Mullons, and Jacobson. Lets not forget Bruce Sanders and Joseph Sanada. I am told that the meta data is there in the computer tower even if it crashed as James Irving claims.

Absent James's computer tower and isolation of his meta data,, with all due respect, I do not think we have the truth. A forensic study of the computers of ABLP representatives and James Irving and Dan Triana
and the Minders, all of them is in order.

And Alex, please send proof that I was served on the Summary judgement. I believe there is a great defect in that.

Thank you.

esperanza H. Gonzalez.

On Tue, 31 May 2022 17:59:04 +0000, Max Gardner <dmgardner@dmaxlaw.com> wrote:

**D. Max Gardner, Attorney at Law**

930 Truxtun Ave., Suite 203

Bakersfield, CA 93301>

Telephone: (661) 864-7373

Facsimile: (661) 661-864-7366

E-mail: dmgardner@dmaxlaw.com

*CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) may be privileged and confidential, attorney-client communications and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and/or contact the sender at dmgardner@dmaxlaw.com or via telephone at 661-888-4335. Thank you.*

4

1  DON J. POOL, SBN 166468
2  FENNEMORE DOWLING AARON, LLP
   8080 N Palm Avenue, Third Floor
3  Fresno, California 93711
   Tel: (559) 432-4500 / Fax: (559) 432-4590
4  dpool@fennemorelaw.com

5  Attorneys for ABLP PROPERTIES VISALIA, LLC,
   a Delaware limited liability company
6

7

8                    UNITED STATES BANKRUPTCY COURT

9            EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

10                                   ****

11

12  | In re | Case No.: 21-11034-A-7 |
13  | ESPERANZA HANSEN GONZALEZ, | Chapter 7 |
14  | Debtor. | DC No.: DMG-3 |
15  | | |
16  | | Date:     April 27, 2022 |
    | | Time:     1:30 PM |
17  | | Place:    U.S. Bankruptcy Court |
    | |           2500 Tulare Street |
18  | |           Courtroom 11, Department A |
    | |           Fresno, California |
19  | | Judge:    Hon. Jennifer E. Niemann |

20       **REPLY TO OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO 1.
21   COMPROMISE CLAIMS AND INTEREST IN PROPERTY (STATE COURT CIVIL
     LITIGATION); 2. APPROVE SALE OF ESTATE'S INTEREST IN PROPERTY; and
22                    3. APPROVE CORPORATE DISSOLUTIONS**

23            Creditor ABLP PROPERTIES VISALIA, LLC, a Delaware limited liability

24  company ("ABLP"), hereby replies to the opposition of Esperanza Hansen Gonzalez ("Debtor") to

25  the Chapter 7 Trustee's Motion to: (1) Compromise Claims and Interest in Property (State Court

26  Civil Litigation); (2) Approve Sale of Estate's Interest in Property; and 3. Approve Corporate

27  Dissolutions (the "Motion"), in the order addressed in debtor's Opposition, as follows:

28

FENNEMORE
DOWLING AARON, LLP
ATTORNEYS AT LAW

REPLY TO OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO COMPROMISE CLAIMS, ETC.

## I

## **ARGUMENT**

A.　**No Judgment Will Be Entered Against Debtor in the State Court Action**.

After the initial Motion was filed and prior to the Opposition, counsel for ABLP confirmed to Mr. Harris that no judgment would be entered against debtor in the state court action pursuant to the Settlement Agreement, and the Trustee agreed. The Settlement Agreement should be approved subject to that provision being stricken.

B.　**The Judgment to be entered against the Magnolia Entities shall be $5,364,351, inclusive of attorneys' fees and receiver's fees to date.**

Debtor's argues that the Stipulation and Judgment somehow deprive debtor of due process and the Court should require that ABLP waive its monetary judgment against the Magnolia Entities. Debtor's arguments should be rejected for several reasons.

First, even assuming there is a due process requirement, the requirement would flow only to the Magnolia Entities, not debtor herself. There is no judgment to be entered against the debtor, as explained above, and the only possible entities to which due process would be owed are the Magnolia Entities. The Magnolia Entities never opposed the Motion, so they waived any due process arguments.

Second, even if debtor herself has a due process right to notice of the amount of the judgment to which the Trustee will stipulate, and it does not, ABLP has now provided that amount, $5,364,351, inclusive of attorneys' fees and receivership costs. Debtor concedes the Trustee has the power to stipulate to Judgment [Opp. at 3:11-17], and has admitted the Magnolia Entities have no assets or value in any event. Debtor does not cite any facts or legal authority that restrict the Trustee's authority to stipulate to a Judgment against valueless entities.

Finally, debtor fails to cite any authority for her demand that the Court only approve a non-monetary judgment against the Magnolia Entities. Again, since the Magnolia Entities have

FENNEMORE
DOWLING AARON
ATTORNEYS AT LAW

1   no assets or value, as admitted in debtor's Schedules, there is no potential "harm" to the Trustee's

2   stipulation to a monetary judgment against the Magnolia Entities, and the Settlement Agreement is

3   a reasonable exercise of his business judgment in any event. As such, debtor's arguments should

4   be rejected.

5

6       **C.**    **ABLP is Waiving Its Claim Against the Estate as a Condition of the Settlement.**

7           The Motion accurately states that ABLP is waiving its Claim against the Estate as a

8   condition of the Settlement Agreement. As such, the Court should approve the Settlement

9   Agreement upon condition of ABLP's waiver of its Proof of Claim.

10

11      **D.**    **The Adversary Proceeding Against Debtor is not the Subject of the Settlement with the Trustee.**

12          Debtor has attempted to conflate a settlement with the Estate and an action against

13  the debtor personally. While debtor argues the dismissal of the adversary proceeding for non-

14  dischargeability should be a condition of approval of the Settlement Agreement, the Settlement

15  Agreement is with the Trustee, as the representative of the Estate, not the debtor. The non-

16  dischargeability action is against debtor personally and has nothing to do with the Bankruptcy

17  Estate. Tellingly, debtor failed to provide any authority that In re A&C Properties, 784 F.2d. 1377

18  (9th Cir. 1986), requires the Court to consider pending adversary proceedings against the debtor

19  when determining whether to approve a proposed Compromise with the Estate. Debtor's Objection

20  is without merit.

21

22      **E.**    **The Dissolution of the Magnolia Entities Are Material Terms of the Proposed Compromise.**

23          Debtor objects to the proposed dissolution of the Magnolia Entities and states that

24  the Motion does not explain why the dissolution is necessary. However, the burden is not on the

25  Trustee or the parties to the settlement to explain the significance of every term or condition in it,

26  but rather the burden is on the objecting party to show why the proposed term is not within the

FENNEMORE
DOWLING AARON
ATTORNEYS AT LAW

3

REPLY TO OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO COMPROMISE CLAIMS, ETC.

1  Trustee's reasoned business judgment. Here, debtor fails miserably. Debtor's objection is stated as,

2  "…they _may_ have value to the Debtor in the form of tax attributes." Opp. at 4:20, emphasis added.

3  Debtor provided no facts, opinion or authority to support her bare assertion. In fact, debtor does not

4  even argue that the entities will have some value – only that they "may" have some value. Given

5
   the lack of evidence in support of debtor's objection to this material term of the proposed
6
   Compromise, debtor's argument should be rejected.
7

8      **F.**    **Unless Debtor Qualified to Overbid, She Should Be Precluded from Overbidding at the Hearing.**

9

10     The Motion requests that the Court order a potential overbidder to pre-qualify to bid

11 in a number of different ways. See Motion at 6-7. Debtor's Opposition does not indicate she

12 qualified or intends to qualify to overbid prior to the hearing on the Motion. ABLP submits that

13 debtor's failure to qualify to overbid by the time of her Opposition disqualifies her from

14 overbidding at the hearing. ABLP does not want to waste the Court's time, as well as that of the

15
   parties, conducting an auction, only to find out the Chapter 7 debtor does not have the funds to
16
   close the sale of the Claims. Accordingly, debtor should be precluded from overbidding at the
17
   hearing.
18

19             II

20         **CONCLUSION**

21     The Court should grant the Motion to Compromise, as modified above, reject the

22 debtor's attempt to overbid without qualifying, and grant such other and further relief as the Court

23 may deem just and proper.

24 Dated: April 20, 2022        FENNEMORE DOWLING AARON
25

26         BY:   _/s/ Don J. Pool_
27            Don J. Pool, Attorneys for ABLP
              PROPERTIES VISALIA, LLC, a
28            Delaware limited liability company

FENNEMORE
DOWLING AARON
ATTORNEYS AT LAW

                       4

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                ) Case No. 21-11034 - A - 7
Esperanza Hansen Gonzalez,           ) Docket Control No. DMG-3
            Debtor.                  ) Document No. 81
                                     ) Date: 04/27/2022
                                     ) Time: 1:30 PM
_____      ) Dept: A

Order

For the reasons stated on the record,

IT IS ORDERED that the Motion to Compromise Controversy is CONTINUED
to May 25, 2022, at 1:30 p.m. in Department A, Courtroom 11, Fifth
Floor, U.S. Courthouse, 2500 Tulare Street, Fresno, California.

IT IS FURTHER ORDERED that the trustee shall file and serve any
supplemental pleadings not later than May 11, 2022.

IT IS FURTHER ORDERED that the debtor may file and serve any response
not later than May 18, 2022

IT IS FURTHER ORDERED that any party wishing to overbid must qualify
not later than close of business on May 23, 2022.

Dated: April 28 2022

                                    _Jennifer E. Niemann_
                                    Honorable Jennifer E. Niemann
                                    United States Bankruptcy Judge

[81] - Motion/Application to Approve Corporate Dissolutions [DMG-3] Filed by Trustee James Edward
Salven (pdes) [81] - Motion/Application to Compromise Controversy/Approve Settlement Agreement
with ABLP Properties, Visalia LLC and ABL? REIT LLC [DMG-3] Filed by Trustee James Edward Salven
(pdes) [81] - Motion/Application to Sell [DMG-3] Filed by Trustee James Edward Salven (pdes)

## Instructions to Clerk of Court
### Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC.

Esperanza Hansen Gonzalez
15046 Ave 224
Tulare CA 93274

James Edward Salven
PO Box 25970
Fresno CA 93729

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721

D. Max Gardner
930 Truxtun Ave., Suite 203
Bakersfield CA 93301

Don J. Pool
8080 N. Palm Ave., Third Floor
Fresno CA 93711

# Addendum

FILED

MAY 31 2022

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

Case # 21-11034

I, Esperanza Hansen Gonzalez, declare that on May 31st, 2022 I was reviewing the email from Mr. Gardner and a supplemental response for the hearing in June 1st, 2022 in Judge Jennifer Niemman's Court room.  My emails to the involved parties are enclosed hereto.

The fact is that there is no proof of service to what they are claiming as a summary judgment and my worst fear as that they know I am self represented and purposefully sneaked in such legal maneuvers without my knowledge which will now have grounds for appeal.

In addition I do not see the response this Court requested as to the value of the business which further proves that there are great inconstancies and discrepancies. To allow all the attorneys who are now compromised as well as the trustee, will be a great injustice.

I am enclosing the emails hereto.

I do so under penalty of perjury.

Esperanza Hansen Gonzalez

May 3, 2022

**Re: Service of documents**

From: "esperanza 2" <esperanza2@magnoliapark.net>
Date: 05/31/2022 06:27PM
To:   dmgardner@dmaxlaw.com, trusteejsalven@gmail.com, dpool@fennemorelaw.com, alex.newsum@mccormickbarstow.com
Cc:   jamessalven@gmail.com, jdh@harrislawfirm.net

Good Morning!

Hope you all had a great restful Memorial Day weekend.

This email is to serve all interested parties. Buy now we can all talk truth without eating the turkey.

So lets begin.

On or about the month of September, October and November there were several hearings in front of judge Hillman in the state court action. One hearing in particular (dates enclosed off " my time line) was a hearing to which Mr. Pool and Alex Newsum were enthralled discussing in great detail, Justin Harris, my then lawyer, had not arrived yet. The discussion between Newsum and Pool left me no questions or doubts. I heard every word of the plans and strategy. I had a musk on so neither perceived it was I they were desiring to tear apart. At the end of the conversation and just before going into the court room, Newsum, exclaimed " And who will loan Mrs. Gonzalez the $30,000. Our only real hope is to get our friends and receivership in place. There is no way we want to go to trial or re-convey the two properties back to her" Mr. Pool replied " and we won't" Never knowing that he was also representing Ted and Iris Jacobson and Justin Harris, the Trustee and Max Gardner were part of this plan and strategy. Then suddenly the Trustee was asking for $30,000.00. Here again, there was no due diligence on the part of the trustee. Harris continue to insist that all was well because of the back door he and Salven keep. What I do not understand Is why is there back doors? And how many people have been dealt in this manner, particularly immigrants like me and others who do not have the faculty to speak enough English to defend themselves from hyenas? Short of a random legal audit, no one will ever know.

Fast forward to recent events with the last taking place on May 25th, 2022 in front of Judge Neimann, the same song and verse came out of Mr. Pool's mouth. Mr. Pool, you stated in part " my clients do not want to go to trial" I am in the process of getting a transcript of those same words you spoke in the bankruptcy court. This way Mr. Pool will not claim validity or lack of thereof.

By now you know that your methods and secrets are out. I am confident that ex employees at one of the law firms will have more facts to contribute, especially if her confidentiality as an employee was violated.

I am reviewing my rights and the pertaining laws that apply.

Mr. Max Gardner, are you the attorney for the trustee for his entire case load? Or were you brought in magically by Justin Harris.( Harris made no secret that you are close friends as well as you were briefed on my matters) How did you get my case?

Mr. Gardner, if you are the trustee for the rest of the Salven's case load, then I can accept you being in the case. If not I plan to move to disqualify you.

The same question and principle for Newsum and Hall. In their firm they have an attorney who represented me before. He is acquainted with my personal matters as well as my business. I fired him back then. I sense lack of integrity.

I believe the above facts give rise for disqualification of one of you or all. In addition, sanctions may apply.

Mr. Gardner, Please respond as to my questions. Are you in fact representing MR. Salven for his entire case load or is my case the only one. Thank you.

Have an awesome day Srs.

Esperanza H Gonzalez.


Mon, 23 May 2022 13:20:14 -0400, "esperanza 2" <esperanza2@magnoliapark.net> wrote:

Good Morning,

Hope you all had a great weekend.

This morning I wish to recap the events last week.

Alex Newsum filed an Ex-parte in front of judge Hillman to which he was hesitant to sign. And in fact he himself scratched the paragraph 3. A transcript is being requested but not sure one will be obtained before court on the 25th with judge Niemann.

**Re: Supplemental Report on Motion to Compromise; Gonzalez; case no. 2021-11034**

From: "esperanza 2" <esperanza2@magnoliapark.net>
Date: 05/31/2022 06:47PM
To: dmgardner@dmaxlaw.com

Alex,

This document talks about summary judgement. I was never served with those documents and have no knowledge when it occurred or my constitutional ability to respond or defend myself.

Also, during your deposition of James Irving on May 12, 2022, he was not only answering leading questions from you and to you. You may recall he said his computer crashed and he had no emails. I think this is highly coincidental. In his deposition you conducted the last week of March 2022, and he too answered many leading questions to which he confirmed that the information or flow of information, was directly from James to him and then to the rest.

Since there is a question of validity, I propose to the Honorable judge Jennifer Nieman, my retired CIA IT friend, her IT person and yours, review the emails, retrieve James Irving computer tower and also Mike Minder, Mullons, and Jacobson. Lets not forget Bruce Sanders and Joseph Sanada. I am told that the meta data is there in the computer tower even if it crashed as James Irving claims.

Absent James's computer tower and isolation of his meta data,, with all due respect. I do not think we have the truth. A forensic study of the computers of ABLP representatives and James Irving and Dan Triana and the Minders, all of them is in order.

And Alex, please send proof that I was served on the Summary judgement. I believe there is a great defect in that.

Thank you.

esperanza H. Gonzalez.

On Tue, 31 May 2022 17:59:04 +0000, Max Gardner <dmgardner@dmaxlaw.com> wrote:

**D. Max Gardner, Attorney at Law**

930 Truxtun Ave., Suite 203

Bakersfield, CA 93301>

Telephone: (661) 864-7373

Facsimile: (661) 661-864-7366

E-mail: dmgardner@dmaxlaw.com

*CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) may be privileged and confidential, attorney-client communications and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and/or contact the sender at dmgardner@dmaxlaw.com or via telephone at 661-888-4335. Thank you.*

At the hearing was Mr. Pool who insisted judge Niemann was signing the motion to sell the corporations. This is my recollection or meaning of what I perceived happened but the transcript will best clarify. From what Pool said, one can only deduct that the sale already happened. I ask why is that? My documents are not being accepted for service but some of the parties. The confidence of Newsum of me not filing anything with the court is overwhelming.

Please accept this as service to you all.

Thank you.
Esperanza H. Gonzalez.



**esperanza hgonzalez**
**<esperanzahgonzalez@gmail.com>**

Wed, Feb 8, 11:49 AM (6 days ago)

to **Justin**, DMG

Dear Mr. Harris and Mr. Gardner,

I just read your response in support of the payment of your service fees. I must clarify before the court date of February 15, 2023. I also want to be clear that an attorney does not represent me. I retained Mrs. Silveira to analyze the case and explain what happened. She did her best and conversed with both of you in the process. I learned that you misrepresented various falsehoods, and she felt that the case was very complicated and advanced from what I gathered, you had successfully discouraged her from even thinking of representing me in court. She made her recommendations known to me as well as her findings. You can see why I am directing myself to you both.

Mr. Harris, Just before you knew Mr. Gardner was going to be employed to represent the trustee, you called us into your office to tell us not to be afraid because Mr. Gardner already knew us, and it was, in fact, him who referred us to you. You said you both went back years and knew each other well, which is it. Please see Mr. Gardner's denial of what you reassured us before he accepted his appointment to represent the trustee, Mr. Salven. You said it was you and Mr. Gardner's idea since he was already familiar with the case.

Did I miss anything?

Please feel free to correct anything I might have misunderstood.

Thank you.



**esperanza hgonzalez**
**<esperanzahgonzalez@gmail.com>**

Wed, Feb 8, 11:54 AM (6 days ago)

to **Justin**, DMG

Also, Mr. Harris, I noticed that I did not discuss the dealings with the cartels and your trips to Mexico you told us about on several occasions. I never asked you which cartel you have been working with. In his writing, Mr. Gardner appears not to know. From the times you discussed your dealings, we understood you are very proud of it. For us, we never want to be near it or associated with it and so I never asked you or wanted to know who they are.

In the documents Mr. Gardner served me, he claims he does "not know" Thank you, both.



**esperanza hgonzalez <esperanzahgonzalez@gmail.com>** Mon, Jan 23, 5:57 PM

to Max

Mr. Gardner,

My attorney consultant has advised me to look up the court calendar in Fresno for the 25th. I have not received any notice but I would like you to provide me with what the hearing is about.

Thank you.



**Max Gardner** Tue, Jan 24, 9:11 AM

to **Jim**, me


Ms. Gonzalez:
This will confirm our conversation of this morning where I advised that:

1. The Trustee has abandoned the Bankruptcy estate's interest in the two Magnolia business interests. I am attaching a copy of the notice for your use and reference. I have enclosed a copy of the notice for your use and reference.

2. The Trustee did not settle with Jerry Sonata and Bruce Sanders. We did not sign a dismissal in your lawsuit against them. With the abandonment of the Magnolia entities, you and the Magnolia entities still have claims against them in the state court proceedings.

Sincerely,
Max Gardner

**D. Max Gardner, Attorney at Law**

930 Truxtun Ave., Suite 203

Bakersfield, CA 93301

Telephone: (661) 864-7373

Facsimile: (661) 661-864-7366E-mail: dmgardner@dmaxlaw.com



**esperanza hgonzalez <esperanzahgonzalez@gmail.com>** Jan 24, 2023, 9:29 AM

to Max

Thank you.

I do not see Jamie Burrows and Michael Minder in this email. You stated in our conversation that those two were also not excluded and that you had abandoned those names. If there is legal documentation or a court filing you need to do via the court system Please indicate. I do not have any documentation that those individuals have been left out of any trustee settlement. Please clarify for me.

Thank you.



**Max Gardner** Jan 24, 2023, 9:40 AM

to me

Esperranza:

I am getting my names mixed up. You are correct. Burrows and Minder were NOT DISMISSED. IT was SANDERS AND SONATA that were dismissed. Here is a copy of the dismissal. I'm sorry for mixing the names up. It is not my intention to mislead.

Max Gardner



**esperanza hgonzalez <esperanzahgonzalez@gmail.com>** Tue, Jan 24, 10:05 AM

to Max

If you dismissed Sanders and Sonata, where is the payment for their part, each was $5,000.00. I will oppose your fees because I have grounds and there is a clear breach in fiduciary duties. Either that or this letter here is a 100% true as it talks about you. I am sharing it in confidence as well sending it to my defense attorney in case someone kills me after you and the others get a copy. Killing me is the only way to keep me quiet. But I am sharing everything with my defense attorney.

Also,

I was not given the 28 days notice or not even the 14 days you stated on the phone. . I recommend amending the Bruce Sanders and Jerry Sanada. The only reason not to? will be that Salven did get "other money," and he needs to level with you.

I hope to hear you will amend the jerry sonada and bruce Sanders. When I release this to the newspapers, I would like clear and correct facts and records. The people who chose to level with me will not be spoken of and those names will be kept confidential.



**esperanza hgonzalez <esperanzahgonzalez@gmail.com>** Jan 24, 2023, 10:13 AM

to Max

And Don't forget >>>> some emails reflect offers to buy Jerry Sonada and Bruce Sanders. Salven wanted 5K for each. This fact can be dissected by a powerful attorney who I now have, thanks to Silveira. He thinks that there was injury done to me by Salvan and now you. You can't deny that Salvan has great prejudice against me. Your professional advice only gave him the green light to sift out my property and make money he was able to keep. Fraud money. Please ask him to level with you. Here, the cat was delivered to me an now is out of the bag.

**esperanza hgonzalez**
**<esperanzahgonzalez@gmail.com>**          Tue, Jan 24, 10:39 AM

to Max

Mr. Gardner, Where is the record that Magnolia Park LLC, is abandoned? Did you and Salven gift that to ABLP and Crooks? Or did Salven sold it behind doors to them? What happened to that entity and what is its status. There was money laundering by the receiver and its management. What is the status. You did not include them in your abandonment.



**esperanza hgonzalez <esperanzahgonzalez@gmail.com>** Jan 24, 2023, 11:01 AM

to Max

See You in Court tomorrow.



**esperanza hgonzalez <esperanzahgonzalez@gmail.com>** Thu, Jan 26, 12:45 PM

to Max

Good Morning Mr. Gardner!

I am writing to memorialize yesterday's events, and while what I heard and perceived during the hearing is fresh in my mind.
You made some remarks that made me feel that I was traveling on a train of nepotism, but yesterday was happening in real time. In particular, when you insisted you did serve me and brought in your wife, who and where she works, and how many years you have worked in this system. You made evident that you do not have any issue trafficking 'influence' to bring about the results you so desire from whoever is in front of you. Yesterday's hearing was for the benefit of judge Niemann. Another remark you made was asserting that her clerk, Bethany, was mentioned in the documents. Clearly, you should have read which attorneys are involved, as mentioned there. McCormick did ask favors in the Visalia court. Again, you need o ask Newsum and Harrs. I saw your bath faith claim in the court yesterday as your best effort to gaslight the judge and her clerks. Not good, Mr. Gardner. You did not convey in me any reason to trust your word. I found out who Beth is in the court in Visalia. I will not say where you can locate her. Your wife can do it quickly since you made me aware of your influence and who next to you shares it.

It is abundantly clear to me that there is a bad case of nepotism within your ecosystem which has no boundaries and will never be satiated. Sleepy Joe is an example of how need 50 years in the system forms adverse side effects and, in turn, believes his out-of-control level of nepotism is his birthright at the expense of others. I believe you suffer from the same syndrome or condition. If you have been in the business for 30 years, I mean you an old enough to be my father. Would you do stuff like that to her? A new way of making sausage needs to be considered in your line of work. Sleepy Joe says untrue things but he has told himself are true.

It is very disheartening to experience aberrant behavior and lifelong harm from those who are to be protectors. Yesterday you pointed out that, as you reminded the judge, you are an officer of the court. I do not have a deep understanding but the little that I do understand, officers of the court are to be transparent and not lie in boldface to the judge. You have represented to judge Niemn many lies you bought from those with financial influence. You portrayed my husband and me as convicted criminals go back and listen to your own words, as I am sure there are some of those somewhere. What possessed you to deceive the judge and me if you take your job seriously? I mean, sleepy joe takes classified documents very seriously, but his actions say a very different story.

It was brought to my attention, besides what I myself have noted, that you have emailed other people attacking my character. With Ms. Silveira you advanced lies. You have made truth in your mind and dared to deny that you had done that when I asked you about it during our am

phone conversation Jan 24, 2023. Your slandering and libeling me is not at all acceptable. Two witnesses should be sufficient in any court. Please cease and desist from attacking my name and character. Your efforts and those of Mr. Salven should be focused on doing the proper due diligence in carrying out your duties in my chapter 7 bankruptcy and any other person you are charged with those duties for. Again, nepotism comes to mind here, too, only a different shade of it.

These are the memories and points of substance I wanted to discuss today. Your service of other documents you submitted to the court for payment remains absent from me. I need you to send me those documents, please. After I review with my new attorney consultant, I will write back.

Thank you, and have a great day.

Sincerely Esperanza Hansen Gonzalez.



**Max Gardner** Thu, Jan 26, 2:11 PM

    to **silveiralaw@earthlink.net, susan@silveiralawoffices.com**, me

    Ms. Gonzalez:

    In the below email dated today from you to me, you state the following:

    *Your service of other documents you submitted to the court for payment remains absent from me. I need you to send me those documents, please. **After I review with my new attorney consultant, I will write back.***

    (Emphasis added)

    Based on your statement that you are represented by an attorney, **I will no longer respond to your emails. I request that you do not contact me directly any further.** Enclosed are courtesy copies of my application for the payment of fees and the supporting documents that were mailed to your address of record with the Court. Please be advised that when I file any further documentation with the Court, my office will again serve you by first class U.S. mail at your address of record on the docket as I am

required to do. Please consult with your attorney to obtain advice as to how to receive other forms of service or how to receive service at an address besides your address of record. You can also contact the Court. If your attorney wants to receive service, your attorney should file a notice with the Court and make sure that I receive notice. **Please provide this correspondence to your new attorney.** Because I have received representations from Susan Silveira that she represents you and you have mentioned her again in this latest exchange of emails, I am copying her on this email as well.

**im salven-cpa.com**          Fri, Jan 27, 10:34 AM

to me, Max, silveiralaw@earthlink.net

Ms. Gonzalez:

Please be advised that Mr. Gardner's employment application can be found on the case docket at items 65-67 and the employment order was signed, by the Judge, and lodged at Doc 72.

I do not believe I have ever said you needed an attorney; however, I am sure I suggested it might be in your best interest to have someone knowledgeable in bankruptcy to represent your interests.

Review of the docket indicates that you are still representing yourself, which is perfectly permissible but may not be in your best interest, which is/has been acknowledged by both myself and estate counsel.

It appears that this email is directed to Mr. Gardner and I will let him respond, accordingly. I only sent this to enable you to find the employment authorization of Mr. Gardner.

Sincerely,

Jim Salven, Trustee



**esperanza hgonzalez <esperanzahgonzalez@gmail.com>** Fri, Jan 27, 10:41 AM

to jim, Max

Thank you.

I will look it up. Mr. Harris refused to send me my records. It would be included in there.

Also, if you review your emails and texts, it will show what you wrote to me via texts and emails. I appreciate your information.

Take care.



**esperanza hgonzalez <esperanzahgonzalez@gmail.com>** Fri, Jan 27, 1:42 PM

to jim, Max

Also, Mr. Salven, I recall you stating to the judge and in your declaration that you were anxious to dissolve the corporations. What changed your mind if I may know?

Thank you.



**jim salven-cpa.com** Fri, Jan 27, 2:06 PM

to me, Max

Mainly, wanted you to be able to pursue remaining litigation-if you chose too to do so.

Sent from my iPhone

On Jan 27, 2023, at 1:43 PM, esperanza hgonzalez <esperanzahgonzalez@gmail.com> wrote:

**esperanza hgonzalez <esperanzahgonzalez@gmail.com>** Jan 28, 2023, 9:52 AM

to jim, Max

Thank you, Mr. Salven, for your response.

The root cause and first domino is the lawsuit against Ted and Iris Jacobson. I am afraid you and your attorney botched my ability to pursue anything. You were both provided information in my case at the state court regarding the Jacobsons. The information relayed to you gave me the standing to let me pursue it, but you and your attorney refused to abandon it. The judge, in that case, had already ruled against Ted and Iris Jacobson in the overruled demurrer, which you have copies of. There are only two possibilities here. Your prejudice against me or you already had made a back door deal with them. Mr. P explained that this is an " unofficial standard practice" in your world. Then we have the games you played with me and another bidder, Mrs. Suarez. If you did not do "back door deals" with the Jacobsons, then you would have been transparent with dealing with Mrs. Suarez. In her complaint, Mrs. Suarez expresses her experience with you. Your conduct with her is very similar to what you had with me. I spoke and tried to negotiate with you and Mr. Gardner in good faith, trusting the system still.

You tell me which is it, a heavy-duty level of prejudice against me or "back door deals" Mr. P, said you have both qualities, and he added, " Jim Salven constantly reneges against debtors because Salven says debtors are dead weight to society and is their damn fault because they do not pay their bills." Mr. P, stated, " Jim is a die-hard liberal, and you are a minority businesswoman and a conservative." " I am telling you, don't fight with the city; you will not win" From my pee wee little brain and scant knowledge, I have learned that neither contention is lawful. That you are exacting 'justice" and justifying your law against debtors is not justified. Your position, the law states as a trustee for my chapter 7 BK , is to be neutral. You stepped in my shoes, and as such, you would have done according to the law, but you are grossly negligent in discharging your duties under well-established laws and statutes. Those statues do not allow for "back door dealings", or does it?

Take the case of the Jacobsons. The lawsuit was valued at a minimum of 5 million. I gave you proof that made it evident that the chances of prevailing in my favor were 99.9%. I informed you and Mr. Gardner that I had found an attorney in Visalia willing to take the case. You ignored the yellow lights and busted through the red ones. Why? I asked both of you to abandon the lawsuit concerning the Jacobson defendants, but you refused after refusing my offer of $20.000. 00. Then you bold-faced lied to the judge. That was because, as we now have learned, you were severely compromised; you had already sold it to them. I know it is counterproductive, but only a little once you study it under the law, in light, and with a bit of time.

Why are you not "angry" about what the Jacobsons and ABLP did? I had financing lined up to pay the loan back, but Ted and ABLP did not want to be paid; no, they wanted my property. To do that, it became necessary for you and Gardner to attack my character and mislead the court with fabricated lies. What was your research? And how did Mr. Gardner legally guide you?

There is plenty of evidence that you both were grossly negligent in discharging your duties in my chapter 7 BK.

There are significant grounds for asking the BK Court to reopen my case; however, you and Gardner must be sanctioned and removed from my case before that can happen. I am confident that the case you all fabricated with the help of the Tulare and San Luis Obispo County DA, will also be investigated, and evidence will show the back-dated reports to help you establish your agenda in front of two judges in two different courts and counties.

Take care.

Esperanza